IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ICU MEDICAL, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C. A. No. 07-468-JJF |
| | § | |
| RYMED TECHNOLOGIES, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |
| | § | |

**DEFENDANT RYMED TECHNOLOGIES, INC.'S OPENING BRIEF IN SUPPORT OF
ITS MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

October 11, 2007

THE BAYARD FIRM

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware  19899-5130
rkirk@bayardfirm.com
(302) 655-5000
Counsel for Defendant,
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry Bunsow, Esquire
K.T. Cherian, Esquire
Scott Wales, Esquire
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
(415) 848-4900

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF PROCEEDINGS ...................................................................1

II.     SUMMARY OF ARGUMENT ......................................................................................2

III.    STATEMENT OF FACTS ...........................................................................................3

        A.      The Parties ......................................................................................................3

        B.      ICU's Claim In This Case.................................................................................4

        C.      Prior Litigation of the Patents in Suit .............................................................4

        D.      Pending Related Case in the Central District of California ...........................5

        E.      Location of Relevant Witnesses.......................................................................6

        F.      The Parties' Connections to the Central District of California.......................7

        G.      RyMed's Lack of Connection to Delaware ......................................................8

IV.     ARGUMENT................................................................................................................8

        A.      Legal Standards................................................................................................8

        B.      Transfer Is Warranted Under the Statutory Requirements Of
                28 U.S.C. 1404(a). ...........................................................................................9

                1.      Private Interests Favor Transfer to the Central
                        District Of California. ...........................................................................11

                        a.      The Parties' Choice of Forum................................................11

                        b.      The Locus of the Claims Favor Transfer ...............................12

                        c.      The Convenience of the Parties Favors
                                Transfer ...................................................................................12

                        d.      The Convenience of the Witnesses Favors
                                Transfer ...................................................................................13

                        e.      Ease of Access to Sources of Proof Favors
                                Transfer ...................................................................................14

                2.      Public Interests Favor Transfer to The Central
                        District of California ...........................................................................15

                        a.      Judicial Economy Favors Transfer to the
                                Central District of California .................................................15

                        b.      Delaware Court Congestion Favors Transfer .........................16

# TABLE OF AUTHORITIES

## CASES

*Affymetrix, Inc. v. Synteni, Inc.*,
  28 F. Supp. 2d 192 (D. Del. 1998)............................................................ passim

*Brunswick Corporation v. Precor Incorporated*,
  No. 00-691-GMS, 2000 WL 1876477 (D. Del. 2000).................................. 10, 12, 13, 16

*Cashedge, Inc. v. Yodlee, Inc.*,
  No. Civ.A.06-170-JJF, 2006 WL 2038504 (D. Del. 2006) ........................ passim

*Continental Casualty Co. v. American Home Assurance Co.*,
  61 F. Supp. 2d 128 (D. Del. 1999)............................................................ 9, 14

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.*,
  No. Civ. A.02-1335-GMS, 2002 WL 31414136 (D. Del. 2002) ................ 13, 17

*Jumara v. State Farm Insurance Company*,
  55 F. 3d 873, 879 (3rd Cir. 1995)............................................................ 8, 9, 11, 15

*Nilssen v. Osram Sylvania, Inc.*, No. Civ.A.00-695-JJF, 2001 WL 34368395
  (D. Del. 2001) ........................................................................................ 11, 14, 16

*Pall Corporation v. Bentley Laboratories, Inc.*,
  523 F. Supp. 450 (D. Del. 1981).............................................................. 13

*Piper Aircraft Co. v. Reyno*,
  454 U.S. 235 (1981), *reh'g denied*, 455 U.S. 928 (1982)........................ 8

*SAS of Puerto Rico, Inc. v. Puerto Rico Telephone Company*,
  833 F. Supp. 450 (D. Del. 1993).............................................................. 13

*SmithKline Corp. v. Sterling Drug, Inc.*,
  406 F. Supp. 52 (D. Del. 1975)................................................................ 10, 11, 15

*Solomon v. Continental American Life Ins. Co.*,
  472 F.2d 1043 (3rd Cir. 1973) ................................................................ 16

*Van Dusen v. Barrack*,
  276 U.S. 612 (1964)................................................................................ 8

## STATUTES

28 U.S.C. § 1391(c) .................................................................................. 8, 9

28 U.S.C. § 1400(b) .................................................................................. 8

28 U.S.C. § 1404(a) .................................................................................. 2, 7, 9, 16

c.    California Retains an Interest In Adjudicating Local Disputes In Local Fora ................................................................. 17

V.    CONCLUSION ....................................................................................................................... 18

## TABLE OF AUTHORITIES

### CASES

*Affymetrix, Inc. v. Synteni, Inc.,*
    28 F. Supp. 2d 192 (D. Del. 1998)............................................................................ passim

*Brunswick Corporation v. Precor Incorporated,*
    No. 00-691-GMS, 2000 WL 1876477 (D. Del. 2000)................................... 10, 12, 13, 16

*Cashedge, Inc. v. Yodlee, Inc.,*
    No. Civ.A.06-170-JJF, 2006 WL 2038504 (D. Del. 2006) ....................................... passim

*Continental Casualty Co. v. American Home Assurance Co.,*
    61 F. Supp. 2d 128 (D. Del. 1999).................................................................................. 9, 14

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.,*
    No. Civ. A.02-1335-GMS, 2002 WL 31414136 (D. Del. 2002) ............................... 13, 17

*Jumara v. State Farm Insurance Company,*
    55 F. 3d 873, 879 (3rd Cir. 1995) .................................................................... 8, 9, 11, 15

*Nilssen v. Osram Sylvania, Inc.,* No. Civ.A.00-695-JJF, 2001 WL 34368395
    (D. Del. 2001) ................................................................................................... 11, 14, 16

*Pall Corporation v. Bentley Laboratories, Inc.,*
    523 F. Supp. 450 (D. Del. 1981)........................................................................................ 13

*Piper Aircraft Co. v. Reyno,*
    454 U.S. 235 (1981), *reh'g denied,* 455 U.S. 928 (1982)................................................... 8

*SAS of Puerto Rico, Inc. v. Puerto Rico Telephone Company,*
    833 F. Supp. 450 (D. Del. 1993)........................................................................................ 13

*SmithKline Corp. v. Sterling Drug, Inc.,*
    406 F. Supp. 52 (D. Del. 1975)......................................................................... 10, 11, 15

*Solomon v. Continental American Life Ins. Co.,*
    472 F.2d 1043 (3rd Cir. 1973) .......................................................................................... 16

*Van Dusen v. Barrack,*
    276 U.S. 612 (1964).............................................................................................................. 8

### STATUTES

28 U.S.C. § 1391(c) ................................................................................................................ 9

28 U.S.C. § 1400(b) ................................................................................................................ 9

28 U.S.C. § 1404(a) ................................................................................................... 2, 8, 9, 18

672931-1

## I.    NATURE AND STAGE OF PROCEEDINGS

On July 27, 2007, Plaintiff ICU Medical, Inc. ("ICU") chose to sue RyMed Technologies, Inc. ("RyMed") in the District of Delaware for alleged infringement of four ICU patents.  In doing so, ICU conveniently ignored the fact that three of those patents were previously litigated by ICU in its home district, the Central District of California.  Specifically, Judge Mariana Pfaelzer of the Central District of California has already construed claims and issued summary judgment orders on validity and/or infringement of three of the four patents at issue in a prior case brought by ICU Medical against Alaris Medical Systems, *ICU Medical, Inc. v. Alaris Medical Systems, Inc.*, Case No. CV-04-00689 (C.D. Cal.).[1]  In the interest of judicial economy, this case should be transferred to the Central District of California so that it may proceed before Judge Pfaelzer.

Moreover, the location of ICU's principal place of business, RyMed's manufacturing facilities, key witnesses, and relevant documents and events also weigh heavily in support of transfer to the Central District of California as well.  Instead of filing this case in the Central District of California, however, ICU chose an inconvenient and unrelated forum for this action.  Neither party maintains a place of business in Delaware.  Indeed, ICU's principal place of business is in the Central District of California.  ICU's patented technology was conceived, reduced to practice, and developed as a commercial product in those facilities in California.  Third party witnesses with relevant knowledge germane to issues of inventorship, conception of the claimed inventions, and prosecution of the asserted patents, reside within the Central District of California.  None of these witnesses is subject to the subpoena power of the District of Delaware.

---

[1] The fourth patent here is from the same patent family as the three litigated before Judge Pfaelzer.

Further, RyMed's three manufacturing facilities for components of the alleging infringing product are located in the Central District of California. RyMed sells the accused product through distributors located in California to six hospitals located in California. RyMed has no distributors in Delaware, nor does it sell its products to hospitals in Delaware.

Finally, RyMed has recently filed an action against ICU in the Central District of California for: (1) declaratory judgment that the four patents asserted by ICU in this Delaware action are not infringed by RyMed's current product or its soon to be released new product; (2) declaratory judgment that the four patents are invalid; (3) federal trademark infringement; (4) California state false advertising; and (5) unfair competition claims (which must be adjudicated under California state law). Judicial economy favors litigating the claims in the California action and in the present case together in the most convenient forum—the Central District of California.

In short, the geographical center of this lawsuit is the Central District of California. The private interest factors (the convenience of the parties and the witnesses) and public interest factors (practical considerations, judicial economy, and speedier resolution of the dispute), as well as 28 U.S.C. § 1404, warrant transfer of venue in this case to the *most* convenient forum: the Central District of California, where this case could have, and should have, been filed.

## II.    SUMMARY OF ARGUMENT

1.    Transfer of this case to the Central District of California is warranted under 28 U.S.C. § 1404(a) because venue could have been brought in that district, and that district is the most convenient forum for the parties and the witnesses.

2.    The private interest factors to be considered in forum transfer motions (the convenience of the parties and the witnesses) favor transfer to the Central District of California because that forum will be more convenient for both parties, as well as for the witnesses residing within the subpoena power of the Central District, such as the sole identified inventor, the

2

attorneys who prosecuted by the patents before the U.S. Patent and Trademark Office, and other non-party witnesses with relevant information regarding inventorship and conception of the inventions.

      3.    The public interest factors to be considered in forum transfer motions (practical considerations, judicial economy, and speedier resolution of the dispute) favor transfer to the Central District of California. Judge Pfaelzer of the Central District of California has already invested substantial judicial resources in understanding the patented technology at issue here, in construing the patents, and in analyzing and issuing orders with respect to validity and infringement of the patents. Moreover, a case is currently pending between the parties in the Central District of California involving the same parties and patents, a federal trademark infringement claim, as well as state claims arising from events which occurred in the Central District of California, which must be adjudicated under California state law. Judicial economy is best served by having one court hear all related disputes between these two parties relating to the same technology.

## III.    STATEMENT OF FACTS

### A.    The Parties

      Plaintiff ICU Medical, Inc. ("ICU") is a Delaware corporation with its principal place of business in San Clemente, California in the Central District of California. Complaint, ¶ 1. As such, ICU has transacted business in the Central District of California, contracted to supply goods or services in that district, and has otherwise purposefully availed itself of the privileges and benefits of the laws of the State of California.

      RyMed Technologies, Inc. ("RyMed") is a Delaware corporation with its principal place of business in Franklin, Tennessee. Complaint, ¶ 2.

672931-1

### B.    ICU's Claim In This Case

ICU filed this action against RyMed on July 27, 2007, alleging that RyMed's development, manufacture, importation, sale, and/or offer for sale of its products, including but not limited to its InVision-Plus valve, infringes claims of four patents currently owned by ICU: U.S. patents 5,685,866 ("the '866 patent")[2], 5,873,862 ("the '862 patent"), 5,928,204 ("the '204 patent"), and 6,572,592 ("the '592 patent"). Complaint, ¶¶ 7-10, 12, 16, 20, and 24. RyMed has not yet filed an answer to that complaint.[3]

### C.    Prior Litigation of the Patents in Suit

The patented and accused technologies at issue all relate to a minimum fluid displacement needleless connector that interfaces with vascular access device and/or catheter. These same patented technologies—indeed, the same four patents—have been litigated extensively in California within the past few years.

In 2004, ICU sued Alaris Medical Systems ("Alaris") for infringement of three of the four patents in suit here (the '866, the '862, and the '592 patents). Claims of those patents have now been litigated before Judge Pfaelzer of the Central District of California. *ICU Medical, Inc. v. Alaris Medical Systems, Inc.*, Case No. CV-04-00689-MRP. On July 17, 2006, Judge Pfaelzer issued an order construing several claim terms from the '866, the '862, and the '592 patents likely to be important to this pending Delaware action, including: (1) "spike"; (2) "preslit orifice"/ "seal being preslit"; (3) "compressed state/position"/ "decompressed state/position"; (4)

---

[2] ICU's complaint incorrectly identifies U.S. patent 5,865,866 (entitled "Method for controlling stresses in a formed glass sheet") as a patent issued on November 11, 1997 to ICU. Complaint, ¶ 7. The complaint appears to contain a typographical error, as ICU owns U.S. patent 5,685,866, issued November 11, 1997. For the purposes of this motion only, RyMed will assume that ICU is asserting claims of U.S. patent 5,685,866 (entitled "Medical Valve and method of use") against RyMed, and will refer to this patent as the '866 patent.

[3] The parties have stipulated to an extension of time until October 17, 2007 for RyMed's response to ICU's complaint. D.I. 5; D.I. 7.

"fills essentially completely"; and (5) "bearing against said wall structure near said opening to seal said opening." Ex. A.[4]  Shortly thereafter, Judge Pfaelzer granted summary judgment of noninfringement of certain claims and invalidated several claims of the '592 patent. Ex. B; Ex. C. Judge Pfaelzer issued final judgment in favor of Alaris on September 21, 2007. Ex. D.

Judge Pfaelzer remains actively involved in patent cases involving the technology of this case. On September 4, 2007, Judge Pfaelzer granted alleged infringer ICU summary judgment of non-infringement of U.S. patent 5,730,418, a patent claiming similar technology as the patents in suit (*i.e.*, a minimum fluid displacement needleless connector that interfaces with a vascular access device and/or catheter). *Medegen MMS, Inc. v. ICU Medical, Inc.*, Case No. SA CV-06-619-MRP-AN (CDCA); Ex. E.[5]

**D.    Pending Related Case in the Central District of California**

The same technology and the same patents (the '866, the '862, the '592, and the '204 patents) asserted in this Delaware action are currently the subject of pending related litigation filed by RyMed on October 10, 2007 against ICU in ICU's home district, the Central District of California. Ex. H.[6]  Although RyMed presently offers for sale only one product alleged to infringe in ICU's Delaware Complaint (the InVision-Plus® NEUTRAL® I.V. Connector System), RyMed has developed another product (the InVision-Plus® NEUTRAL® with Modified Boot) and has taken concrete steps to offer it for sale in January 2008.  Ryan Decl., ¶ 9.  RyMed's

---

[4] Unless otherwise noted, exhibits refer to exhibits to the Declaration of Katharine L. Altemus In Support of RyMed Technologies, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) ("Altemus Decl.").

[5] In 2001, ICU asserted and litigated the remaining patent in this Delaware action (the '204 patent) against B. Braun Medical in the Northern District of California before Judge Charles R. Breyer. *ICU Medical, Inc. v. B. Braun Medical, Inc.*, Case No. C01-3202-CRB (N.D. Cal.). Judge Breyer issued an order construing claim terms of the '204 patent on November 27, 2002. Ex. F.  This case settled during trial, and was dismissed on April 20, 2005. Ex. G.

[6] RyMed concurrently filed a Notice of Related Cases and Notice of Pendency of Other Actions or Proceedings with the Central District of California, notifying the Court of this action in Delaware.  Ex. I.

Central District of California complaint seeks declaratory judgment that the four patents in suit

here are invalid and not infringed by the soon to be released Modified Boot product as well as

RyMed's current InVision Plus® product. *Id.*

RyMed's Central District of California complaint additionally seeks damages for federal

and state trademark infringement, Lanham Act violations, federal and state unfair competition,

tortious interference with contract, and tortious interference with prospective economic

advantage. Ex. H. Each of these counts is grounded in events occurring in the Central District

of California. Specifically, RyMed's trademark allegations are based on ICU's infringement of

RyMed's NEUTRAL® trademark through ICU's use of the mark on ICU product literature and

advertisements distributed in many states (including California). Ex. H, ¶¶ 13-16, 80-119. ICU

has also actively misled consumers by distributing misleading product literature designed to

suggest the document originated from RyMed. Ex. H, ¶¶ 17-20, 120-130. These activities,

presumably initiated in ICU's Central District headquarters, are likely to deceive customers

wishing to purchase RyMed's products, by falsely suggesting that ICU's products are connected

with or related to RyMed's products.

### E.    Location of Relevant Witnesses

RyMed knows of no relevant witnesses to this action who reside in Delaware. On

information and belief, however, several witnesses with relevant, discoverable information in

this litigation do reside within the Central District of California. For example, the named

inventor of the four patents at issue, George A. Lopez, appears to reside in Corona del Mar,

California. Several other individuals, not employed by either party, who are believed to have

relevant information regarding inventorship of the patents at issue and conception of the claimed

inventions, reside within the Central District of California, including Marshall Kerr (Oceanside,

CA), Dave Arnold (Mission Viejo, CA) and Dan Hyun (Brea, CA). Additionally, attorneys from

672931-1

Knobbe Martens Olson & Bear LLP who prosecuted the patents in suit, are located within the Central District of California and are likely to have information regarding prosecution of the patents, inventorship and conception. None of these witnesses resides within the subpoena power of the District Court of Delaware, and none can be guaranteed to appear at trial. All of these witnesses, however, are within the subpoena power of the court for the Central District of California.

F.    **The Parties' Connections to the Central District of California**

ICU is headquartered in San Clemente, within the Central District of California. The overwhelming majority of the events leading to this suit and the related pending action in the Central District of California occurred in the Central District. Because the sole inventor of the asserted patents worked, and continues to work at ICU's San Clemente facility, the documents and evidence related to the validity of those patents are located in that District. In addition, witnesses to the conception and reduction to practice of the patented technologies, including current and former employees of ICU, resided, and likely still reside in the Central District of California.

RyMed likewise has significant ties to California. First, RyMed manufactures components of its products at three facilities within the Central District of California: Accellent Endoscopy (Upland, CA), A.C. Hoffman (Riverside, CA), and Hi-Tech Rubber (Anaheim, CA). Ryan Decl., ¶ 3. Second, RyMed sells the allegedly infringing product through a distributor located within the Central District of California, Medical Specialties Distributors (City of Industry, CA). Ryan Decl., ¶ 4. The allegedly infringing product is sold to six hospitals in California: Doctors Hospital (Modesto), Good Samaritan Hospital (San Jose), Mills Peninsula Hospital (Burlingame), Veterans Affairs Medical Center (San Francisco), Feather River Hospital (Paradise), and Sutter Roseville Medical Center (Roseville). Ryan Decl., ¶ 5.

7

### G.    RyMed's Lack of Connection to Delaware

RyMed is incorporated in Delaware.  However, RyMed does not maintain any facilities or employ any personnel in Delaware.  Ryan Decl., ¶ 8.  RyMed neither manufactures nor sells products to hospitals in Delaware.  Ryan Decl., ¶ 6.  RyMed does not conduct any research or development in Delaware.  Ryan Decl., ¶ 7.  RyMed stores no relevant files, records, or other documents in Delaware, and does not maintain any storage facilities in Delaware.  Ryan Decl., ¶ 8.  Finally, RyMed keeps no business mail drops, bank accounts, or telephone numbers in Delaware.  Ryan Decl., ¶ 8.

## IV.    ARGUMENT

### A.    Legal Standards

28 U.S.C. § 1404(a) authorizes a district court to transfer a civil action:

> [f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a); *Jumara v. State Farm Insurance Co.*, 55 F. 3d 873, 879 (3d Cir. 1995).  Section 1404(a) was designed to allow easy change of venue within the unified federal system.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 (1981), *reh'g denied*, 455 U.S. 928 (1982).  The purpose of the transfer provision is "to prevent the waste of time, energy, and money and to protect litigants, witnesses, and the public against unnecessary inconvenience and expense."  *Van Dusen v. Barrack*, 276 U.S. 612, 616 (1964) (internal citations omitted).  The Court should grant this motion if: (i) venue is proper in the Central District of California; and (ii) "the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum."  *Jumara*, 55 F.3d at 879.

Section 1404(a) allows a district court to transfer an action to any forum where the action properly could have been brought.  "Any civil action for patent infringement may be brought in

the judicial district where the defendant resides[.]"  28 U.S.C. § 1400(b); *see* 28 U.S.C. § 1391(c)

("For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to

reside in any judicial district in which it is subject to personal jurisdiction at the time the action is

commenced.").

The Court normally grants deference to the plaintiff's choice of forum, and consequently,

the movant bears the burden of showing that the balance of interests favors transferring venue.

*Continental Casualty Co. v. American Home Assurance Co.*, 61 F. Supp. 2d 128, 131 (D. Del.

1999); *Jumara*, 55 F.3d at 878.  Courts apply a flexible standard, applying broad discretion on a

case-by-case basis during its examination of "all relevant factors to determine whether, on

balance, the litigation would more conveniently proceed and the interests of justice [would] be

better served by a transfer to a different forum."  *Affymetrix, Inc. v. Synteni, Inc.*, 28 F. Supp. 2d

192, 196-197 (D. Del. 1998) (internal citation omitted).

The decision whether to transfer venue turns on an analysis weighing two sets of factors:

(1) private factors affecting the convenience of the litigants; and (2) public interest factors

affecting the convenience of the forum.  *Jumara*, 55 F. 3d at 879; *Cashedge, Inc. v. Yodlee, Inc.*,

No. Civ.A.06-170-JJF, 2006 WL 2038504, at * 1 (D. Del. 2006), Ex. J.

**B.      Transfer Is Warranted Under the Statutory Requirements of 28 U.S.C. §**
**        1404(a).**

A court may transfer venue if (1) the case could have been filed initially in the proposed

transferee forum, and (2) the transfer promotes the convenience of the parties and the interests of

justice.  28 U.S.C. § 1404(a).

With respect to the first condition, for purposes of venue, "a defendant that is a

corporation shall be deemed to reside in any judicial district in which it is subject to personal

jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c).  RyMed manufactures

9

and sells its products in the Central District of California. Ryan Decl., ¶ 3, 4. The headquarters of ICU are located in Irvine, California. Complaint, ¶ 1. Venue, then, is indisputably proper in the Central District of California. This action could have, and should have, been brought in that district.

With respect to the second condition, as detailed below, transfer of this case to the Central District of California would promote the convenience of the parties and the interests of justice. A related case involving the same parties, the same patents, and similar technology is already pending in the Central District of California. Ex. H; Ex. I; *see also Cashedge,* 2006 WL 2038504, at *2 (D. Del. 2006) (quoting *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477, at * 3 (D. Del. 2000)) ("Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court'").

Furthermore, Judge Pfaelzer of the Central District of California has already invested considerable effort during the recently concluded *Alaris* litigation to analyze and construe three of the patents asserted in this Delaware action. This Court recognizes "the strong public policy favoring the litigation of related claims before the same tribunal." *SmithKline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 55 (D. Del. 1975). Here, justice is best served by having the one judicial officer already knowledgeable about the technology, Judge Pfaelzer, try both the pending Central District of California case and Delaware District case, thereby maximizing judicial economy and eliminating potentially conflicting rulings.

Finally, transfer of this case to the Central District of California is substantially more convenient to the parties. The parties, the third party witnesses, the underlying events of conception and inventorship of the asserted patents, and development of the allegedly infringing product are all connected to the Central District of California. None have connections to Delaware. *See Cashedge,* 2006 WL 2038504, at *2.

10

    **1.**    **Private Interests Favor Transfer to the Central District of California.**

As part of the analysis to determine whether to transfer venue under section 1404(a), the

Court weighs several private interest factors:

> (1) the plaintiff's forum preference as evidenced by his or her original
> choice, (2) the defendant's preference, (3) whether the claim arose
> elsewhere, (4) the convenience of the parties due to their relative physical
> and financial condition, (5) the convenience of the expected witnesses, but
> only so far as  the witnesses may be unavailable for trial in a certain
> forum, and (6) the location of books and records, to the extent that these
> books and records could not be produced in a certain forum.

*Jumara*, 55 F.3d at 879; *Cashedge,*  2006 WL 2038504, at *2; *Nilssen v. Osram Sylvania, Inc.,*

No. Civ.A.00-695-JJF, 2001 WL 34368395, at *1 (D. Del. 2001).

These factors weigh substantially in favor of transferring to the Central District of

California, the center of gravity in this action.

    **a.**    **The Parties' Choice of Forum**

"While an adverse party has the right to designate the forum of its choice, that choice

must still be measured by the standards of section 1404(a) should it appear that plaintiff's choice

is inappropriate on grounds of convenience to parties and witnesses or in the 'interests of

justice.'" *SmithKline*, 406 F. Supp. at 56 (applying this rationale to transfer of venue for an

appeal of the Board's decision in a patent interference). "Where the forum selected by [a]

plaintiff is connected with neither the plaintiff nor . . . the subject matter of the lawsuit, meeting

the burden of showing sufficient inconvenience to tip the 'balance' of convenience 'strongly in

favor of [the] defendant' will ordinarily be less difficult." *Affymetrix,* 28 F. Supp. 2d at 198-99.

Here, the convenience to parties and witnesses and the interests of justice in transferring

this action to the Central District of California far outweigh ICU's mere preference for the

District of Delaware.  RyMed's connection to Delaware is merely its incorporation within the

state.  ICU's connections to Delaware also appear to be limited to its incorporation, as ICU's

founder and the sole inventor of the patents in suit, Dr. George Lopez, resides within the Central

District of California, and ICU itself is headquartered in that district. Ex. K; Complaint, ¶ 1.

The Central District of California, on the other hand, reflects (1) the locus of the events leading

to this dispute, (2) the locus of the evidence and witnesses necessary to resolve this dispute, (3)

the judicial expertise (Judge Pfaelzer) in the particular patents at issue, and (4) a pending case

involving the same parties and similar or related issues. Accordingly, ICU's forum choice

should be accorded little weight.

### b.    The Locus of the Claims Favor Transfer

"[T]he transfer of a case will generally be regarded as less inconvenient to a plaintiff if

the plaintiff has not chosen . . . a forum where the alleged wrongful activity occurred."

*Brunswick*, 2000 WL 1876477, at *2 (refusing to give much deference to plaintiff's chosen

forum where the design and manufacture of the patented and accused infringing products

occurred outside of Delaware). Here, the majority of the activity related to ICU's claims has

occurred in the Central District of California. *See supra* at 6-7. The sole inventor of the patents

in suit, Dr. Lopez, founded ICU within the Central District of California. Ex. K. His research

and development activities leading to the patents in suit presumably occurred at ICU's facilities

in that same District. RyMed manufactures and distributes its accused product in that same

district. Ryan Decl., ¶¶ 4, 5.

### c.    The Convenience of the Parties Favors Transfer

Physically, Delaware is equally inconvenient for each of the parties. As in

*Affymetrix*,

> [Neither] of the parties maintain any facilities or employ any personnel in
> Delaware. They manufacture none of their products (accused or otherwise) and
> conduct none of their research or development here. Moreover, they maintain no
> warehouses or other storage facilities in Delaware. Additionally, they store no
> relevant files, records, or other documents in the District. Finally, none of them
> keeps any mail drops, bank accounts, or telephone numbers in Delaware.

12

*Affymetrix,* 28 F. Supp. 2d at 194.  The parties' lack of connection with the District of

Delaware makes Delaware an inconvenient forum for both parties, as both parties will be

forced to expend time and expense deposing witnesses outside the chosen forum, and

preparing for trial at a location distant from the locus of witnesses and other sources of

evidence.  These activities will be easier for each party if the suit is grounded in the

geographical center of the dispute: the Central District of California.

ICU will presumably justify its choice of forum because both parties are

incorporated in Delaware.  If however, as shown herein, "an alternative forum would be

more convenient and would better serve the interests of justice because that forum, and

only that forum, has substantial connections with the litigation, incorporation in Delaware

alone will not necessarily prevent transfer." *SAS of Puerto Rico, Inc. v. Puerto Rico Tel.

Co.*, 833 F. Supp. 450, 453 (D. Del. 1993); *see also Brunswick*, 2000 WL 1876477, at *2

(transferring action despite the fact that both parties were incorporated in Delaware);

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.,* No. Civ.A.02-1335-GMS, 2002 WL

31414136, *1 (D. Del. 2002) (transferring action despite the fact that both parties were

incorporated in Delaware); *Pall Corp. v. Bentley Labs., Inc.*, 523 F. Supp. 450, 452  (D.

Del. 1981) (transferring action despite the plaintiff being incorporated in Delaware).

### d.    The Convenience of the Witnesses Favors Transfer

The presence of several key witnesses in the Central District of California, and the

convenience to those witnesses in appearing for trial where they reside, strongly weighs

in favor of transferring venue to that district.

> The convenience of the witnesses is the most important factor in venue transfer
> analysis.  The convenience of a witness is only relevant, however, 'to the extent
> that the witness may actually be unavailable for trial in one of the fora.'  A party
> need not allege that a witness definitely will be unavailable for trial; rather, it is
> sufficient for purposes of venue transfer analysis if the witness is not subject to a

13

court's subpoena power. However, witnesses employed by the parties are not considered by a court conducting venue transfer analysis because the parties are obligated to procure the presence of their own employees at trial.

*Nilssen*, 2001 WL 34368395, at *2-3 (internal citations omitted); *see also Cashedge,* 2006 WL 2038504, at *2.

RyMed knows of no relevant witnesses to this action who reside in Delaware. Several witnesses with relevant, discoverable information to this action, including as discussed above: the two prosecuting attorneys; and Messrs. Arnold, Hyun, and Kerr, reside within the Central District of California. The convenience of these witnesses clearly favors trying this case in the Central District of California. Each of these witnesses is within the subpoena power of the Court for the Central District of California and are not subject to subpoena in Delaware.[7]

### e.    Ease of Access to Sources of Proof Favors Transfer

Because ICU maintains its principal place of business in the Central District of California, and the sole inventor of the patents in suit worked and still works at that location, relevant documents (*e.g.*, lab notebooks, engineering design information, etc.), and design prototypes are likely stored in California. Likewise, because the events leading to the non-patent claims of RyMed's Central District of California Complaint are grounded in events that occurred at ICU's headquarters in California, individuals with relevant information regarding ICU's alleged trademark violations and unfair competition are likely based at its Southern California facility. Access to these sources of proof will be easier logistically and less expensive if both related actions are litigated together in the Central District of California.

---

[7] *See Continental Casualty*, 61 F. Supp. 2d at 132, citing to *Penwalt Corp. v. Purex Industries, Inc.*, 659 F. Supp. 287, 291 (D. Del. 1986) ("It is desirable to hold trial at a place where the personal attendance of witnesses through the use of subpoena power can be reasonably assured.").

### 2.    Public Interests Favor Transfer to the Central District of California

Public interest factors to be weighed in a determination of whether to transfer venue include:

> (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.

*Jumara*, 55 F.3d at 879-80.  The public interest factors strongly support transfer of venue to the Central District of California.[8]

### a.    Judicial Economy Favors Transfer to the Central District of California

Practical considerations make litigation of this case in the Central District of California less expensive, more expeditious, and easier than continuing this suit in the District of Delaware. First, the patents at issue in this suit have already been the subject of substantial litigation before Judge Pfaelzer in the Central District of California, including claim construction and rulings relating to the validity and infringement of the patents.  Indeed,

> "the extreme factual complexity of the underlying issues in [a] patent case implicates an additional reason . . . to justify transfer of this case, namely that 'only one judge need be 'educated' with regard to the intricacies of the patents involved.'"

*SmithKline Corp.*, 406 F. Supp. at 56.  Transfer of this action to the Central District of California, where it presumably will be assigned to Judge Pfaelzer, maximizes judicial efficiency and minimizes expenses to the parties.[9]

---

[8] RyMed does not dispute that ICU or RyMed can satisfy an adverse judgment, so the enforceability of the judgment (factor 1) should not weigh in the transfer analysis.  Likewise, no public policy considerations (factor 5) weigh in favor of, or against, transfer, and since this is not a diversity case, factor 6 does not apply.

[9] On October 10, 2007, RyMed filed its Complaint (Ex. H) in the Central District of California.  RyMed concurrently filed a Notice of Related Cases and Notice of Pendency of Other Actions or Proceedings with the Central District of California, notifying the Court of this action in Delaware.  Ex. I.

672931-1

Second, the patented technology at issue within this suit is the same technology at issue in RyMed's declaratory judgment action currently pending in the Central District of California. Ex. H.  "If related cases are pending in the district to which transfer is sought, such fact weights in favor of the transfer." *Nilssen*, 2001 WL 34368395, at *4.  "Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court.'"  *Cashedge,* 2006 WL 2038504, at *2 (quoting *Brunswick*, 2000 WL 1876477, at *3). Consolidating these two actions within one forum will reduce the parties' costs and allow for simultaneous scheduling of potentially duplicative events in the two litigations if they were allowed to proceed in separate forums.

In short, the Central District of California, and Judge Pfaelzer in particular, having already expended considerable judicial effort to understand both this technology and the patents protecting this technology, are well situated to maximize judicial economy by presiding over this action.

### b.      Comparative Time to Resolution Favors Transfer

In addition, the relative congestion of dockets in respective potential fora and the speed at which litigation occurs in potential venues is a rational and legitimate concern in evaluating whether to transfer venue. *Affymetrix,* 28 F. Supp.2d at 206.  The most recently available federal judicial caseload statistics from the Administrative Office of the United States Courts indicate that transfer of this case to the Central District of California would serve the interests of justice by achieving a speedier resolution of the disputes between ICU and RyMed. *Cf. id.* (citing *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir. 1973) for the appropriateness of using judicial statistical data to evaluate whether transfer would serve the interests of justice).  The Central District of California appears to dispose of filed cases faster (median time in months from filing to disposition is 8.7 months) than Delaware (median time in

16

months from filing to disposition is 17.9 months). Ex. L. Likewise, cases advance to trial more

rapidly in the Central District of California (median time from filing to trial is 19.7 months) than

in Delaware (median time from filing to trial is 30.0 months). *Id.*

c.    **California Retains an Interest in Adjudicating Local Disputes in Local Fora**

In the case currently pending in the Central District of California, RyMed pleads several

causes of action to which California state law must be applied, including trademark

infringement, tortious interference, and unfair competition. Many of the circumstances and

events underlying these causes of action occurred in the Central District of California, and

California retains an interest in deciding local controversies in California courts. Conversely,

patent disputes themselves are national or international concerns, so Delaware has no local

interest in retaining the patent dispute currently docketed there. *IKOS Systems,* 2002 WL

31414136, at *1. Therefore, the Central District of California's interest in adjudicating its local

disputes favors transfer of the related Delaware case to the Central District of California.

## V.    CONCLUSION

Judge Pfaelzer's familiarity with the patents at issue in this action, the currently pending

suit between the parties in the Central District of California, the convenience of the parties and

witnesses, and judicial economy strongly tip the balance in favor of transfer to the Central

District of California.  The Court should therefore transfer this action to that forum pursuant to

28 U.S.C. § 1404(a).

October 11, 2007                                        THE BAYARD FIRM

                                                        /s/ Richard D. Kirk(rk0922)
                                                        Richard D. Kirk
                                                        Stephen B. Brauerman
                                                        222 Delaware Avenue, Suite 900
                                                        Wilmington, Delaware  19899-5130
                                                        rkirk@bayardfirm.com
                                                         (302) 655-5000
                                                        Counsel for Defendant,
                                                        RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry Bunsow, Esquire
K.T. Cherian, Esquire
Scott Wales, Esquire
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
(415) 848-4900

672931-1

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on October 11, 2007, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Richard L. Horwitz, Esquire
Kenneth L. Dorsney, Esquire
Potter, Anderson & Corroon, LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on October 11, 2007, copies of the

foregoing document were sent by email and hand to the above local counsel and by email

and first class mail to the following non-registered participant:

James Pooley, Esquire
Marc Peters, Esquire
Kimberly Van Voorhis, Esquire
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA  94304

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

666484-1