## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| ICU MEDICAL, INC., | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 07-468-JJF |
|  | ) | |
| RYMED TECHNOLOGIES, INC., | ) | |
|  | ) | |
| Defendant. | ) | |

**DEFENDANT RYMED TECHNOLOGIES, INC.'S REPLY IN SUPPORT OF ITS MOTION
TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)**

        Richard D. Kirk
        Stephen B. Brauerman
        THE BAYARD FIRM
        222 Delaware Avenue, Suite 900
        P.O. Box 25130
        Wilmington, DE 19899-5130
        rkirk@bayardfirm.com
        (302) 655-5000

        Attorneys for Defendant
        RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry C. Bunsow
K.T. Cherian
Scott Wales
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA 94105
(415) 848-4900

674913-1

**TABLE OF CONTENTS**

I. THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA BECAUSE THAT FORUM IS MORE CONVENIENT FOR RYMED, ICU, AND POTENTIAL WITNESSES. ............................................................................... 2

II. THE PUBLIC INTEREST FACTORS STRONGLY FAVOR TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA BECAUSE THERE IS BOTH PRIOR AND PENDING LITIGATION IN THAT FORUM INVOLVING THE PATENTS AT ISSUE IN THIS CASE. ............................................................................................................................ 6

    A. The Central District of California's Extensive Prior Analysis of the Patents Favors Transfer. ............................................................................... 6

    B. It Would Be Inefficient To Litigate This Dispute Separately From the Comprehensive Dispute Between the Parties Currently Pending in the Central District of California. ............................... 8

III. CONCLUSION. .................................................................................................... 10

## TABLE OF AUTHORITIES

**CASES**

*Bank of America v. S.I.P. Assets, LLC*,
  Case No. CIVA 07-159 GMS, 2007 WL 2698192, at *3 (D. Del. Sept.
  11, 2007) ..................................................................................................................... 10

*Brunswick Corp. v. Precor Inc.*,
  No. 00-691-GMS, 2000 WL 1876477, at * 2 (D. Del. Dec. 12, 2000) .................................. 3

*Cashedge, Inc. v. Yodlee, Inc.*,
  No. Civ.A.06-170-JJF, 2006 WL 2038504, at * 2 (D. Del. July 19,
  2006) ........................................................................................................................... 10

*ICU Med., Inc. v. Alaris Med. Sys., Inc.*,
  Case No. CV-04-00689-MRP (C.D. Cal.) ............................................................................ 8

*IKOS Systems, Inc. v. Cadence Design Systems, Inc.*,
  No. Civ. A.02-1335-GMS, 2002 WL 31414136 (D. Del. 2002) ........................................... 3

*In re Volkswagen of America, Inc.*,
  Case No. 07-40058, 2007 WL 3088142 (5th Cir. Oct. 24, 2007) ..................................... 6, 7

*Jumara v. State Farm Ins. Co.*,
  55 F. 3d 873, 879 (3d Cir. 1995) .......................................................................................... 4

*MedImmune, Inc. v. Genentech, Inc.*,
  127 S. Ct. 764, 771 (1997) .................................................................................................... 9

*RyMed Tech., Inc. v. ICU Med., Inc.*,
  Case No. SACV07-1199 DOC MLGx (C.D. Cal.) ............................................................... 9

*SanDisk Corp. v. STMicroelectronics, Inc.*,
  480 F.3d 1372, 1381 (Fed. Cir. 2007) ................................................................................... 9

*SAS of Puerto Rico, Inc. v. Puerto Rico Telephone Company*,
  833 F. Supp. 450 (D. Del. 1993) ........................................................................................... 3

*Sherwood Med. Co. v. IVAC Med. Sys., Inc.*,
  Civil Action No. 96-305 MMS, 1996 WL 700261 (D. Del. Nov. 25,
  1996) ................................................................................................................................. 3, 5

*SmithKline Corp. v. Sterling Drug, Inc.*,
  406 F. Supp. 52, 56 (D. Del. 1975) ....................................................................................... 7

*Zoetics, Inc. v. Yahoo!, Inc.*, Case No. Civ.A. 06-108-JJF, 2006 WL 1876912,
  at *5 (D. Del. July 6, 2006) .................................................................................................. 5

**STATUTES**

28 U.S.C. § 1404(a)..................................................................................................................2, 3

In its Opposition to Defendant RyMed Technologies, Inc.'s ("RyMed's") Motion to Transfer, Plaintiff ICU Medical, Inc. ("ICU") attempts to confuse the issues before the Court and create disputes where they do not exist. ICU does so in an effort to disguise its own forum shopping — the filing of this case across the country from its home district in the Central District of California which has already analyzed and issued rulings on claim construction, invalidity and noninfringement for the patents ICU now asserts against RyMed.

The real issue before the Court is simple: whether based on the largely undisputed facts before the Court, it is more convenient for the parties, and whether the interests of justice would be better served, if this action were litigated in Delaware or in the Central District of California.

On the Delaware side of the ledger, the facts demonstrate that:

- Both parties are incorporated in Delaware; and
- ICU filed this action in Delaware.

On the California side of the ledger are the following facts:

- ICU's alleged inventions occurred in the Central District of California;
- ICU's principal place of business is in the Central District of California; neither party has a significant place of business in Delaware;
- RyMed has manufacturing facilities in the Central District of California, but none in Delaware;
- RyMed sells its products in California through a distributor located in the Central District of California, but has no distributors in Delaware;
- ICU's listed inventor resides in the Central District of California;
- Key third-party witnesses, including the attorneys who prosecuted the patents, are subject to trial subpoena only in the Central District of California; there are no identified witnesses in Delaware;
- ICU's documents and many of RyMed's manufacturing and distribution documents

674913-1

- are located in the Central District of California, whereas no relevant documents of either party are located in Delaware;

- The Central District of California has already issued rulings relating to construction, non-infringement, and invalidity of three of the four patents at issue;

- The Central District of California, and particularly Judge Pfaelzer, is thoroughly familiar with the technology at issue in this case; and

- Another, comprehensive case is currently pending between the parties in the Central District of California, asserting claims of non-infringement of ICU's patents with respect to two RyMed products — not just the one challenged in this case — and charging ICU with additional breaches of the Lanham Act, contractual interference and unfair competition.

Weighing these undisputed facts, it is clearly more convenient and in the interests of justice if this action were transferred to the Central District of California and litigated there along with the pending case brought by RyMed. Accordingly, the Court should transfer this action to the Central District of California under 28 U.S.C. § 1404(a).

## I. THE PRIVATE INTEREST FACTORS STRONGLY FAVOR TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA BECAUSE THAT FORUM IS MORE CONVENIENT FOR RYMED, ICU, AND POTENTIAL WITNESSES.

ICU raises many issues, relating to where RyMed is subject to litigation and whether RyMed intended its products to be sold in Delaware, which have nothing to do with the matter before the Court. ICU Medical Inc.'s Opposition to RyMed's Motion to Transfer Venue ("Opposition Brief"), D.I. 16, at 3-5. RyMed does not dispute that this Court may exercise personal jurisdiction over it and that venue is proper in this forum because RyMed is incorporated in Delaware and sells its products nationwide.

As RyMed pointed out in its Opening Brief, however, incorporation in Delaware is not enough to prevent transfer under 28 U.S.C. § 1404(a) when, as here, an alternate forum, the Central District of California, is more convenient and would better serve the interests of justice. *See* Defendant RyMed Technologies, Inc.'s Opening Brief in Support of Its Motion to Transfer Venue

2

674913-1

Pursuant to 28 U.S.C. § 1404(a) ("Opening Brief"), D.I. 11, at 13; *see also SAS of Puerto Rico, Inc. v. Puerto Rico Tel. Co.*, 833 F. Supp. 450, 453 (D. Del. 1993); *Brunswick Corp. v. Precor Inc.*, No. 00-691-GMS, 2000 WL 1876477, at * 2 (D. Del. Dec. 12, 2000); *IKOS Sys., Inc. v. Cadence Design Sys., Inc.,* No. Civ.A.02-1335-GMS, 2002 WL 31414136, at *1 (D. Del. Oct. 21, 2002) (transferring action despite the fact that both parties were incorporated in Delaware); *Sherwood Med. Co. v. IVAC Med. Sys., Inc.*, Civil Action No. 96-305 MMS, 1996 WL 700261 (D. Del. Nov. 25, 1996) (transferring case, despite the fact that both parties were incorporated in Delaware, where the plaintiff developed and invented the patents in the transferee district and the key witnesses resided there).

Five of the six private interest factors courts consider when determining whether to grant a motion to transfer under Section 1404(a) weigh heavily in favor of transferring this action to the Central District of California.[1]  *See Jumara v. State Farm Ins. Co.*, 55 F. 3d 873, 879 (3d Cir. 1995).  ICU obviously prefers to litigate this dispute in Delaware, away from its home district in the Central District of California.  But the Central District of California is where the claims predominantly arise — certainly as compared with Delaware.  Thus, the four patents were invented in the Central District of California.  RyMed manufactures its allegedly infringing product in the Central District of California and sells it in California through a distributor located in the Central District.  By contrast, RyMed has no manufacturing facilities or distributors in Delaware.

ICU makes the surprising claim that "Delaware is also significantly more convenient than" the Central District of California.  Opposition Brief at 7.[2]  In doing so, ICU ignores the fact that its

---

[1] Those six private interest factors are:

> (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses may be unavailable for trial in a certain forum, and (6) the location of books and records, to the extent that these books and records could not be produced in a certain forum.  *See Jumara*, 55 F.3d at 879.

[2] ICU's assertion that its location within the Central District of California is irrelevant to the Court's analysis is contrary to both the plain language of 28 U.S.C. § 1404(a), which explicitly allows provides for a transfer "[f]or the convenience of the parties[,]" as well as established Third Circuit case law.  *See* Opposition Brief at 5-6 n.9; *see also Jumara*, 55 F.3d at 879.

3

own headquarters and principal place of business are in the Central District of California — not Delaware — and that the sole listed inventor of the patents at issue works in the Central District of California. It further ignores the fact that RyMed manufactures and distributes its products from the Central District of California, and has no such corresponding activities in Delaware. *See* Ryan Decl. ¶ 3.[3] Finally, primary counsel for both RyMed and ICU are located in California. The convenience of the parties heavily weighs in favor of litigation in the Central District of California.

ICU offers two irrelevant arguments in response. First, it suggests that Delaware is more convenient for RyMed because Delaware is closer to RyMed's home state of Tennessee than is California. Opposition Brief at 6. This argument might have some bearing if one of the parties were moving to transfer the case to Tennessee; the argument has no bearing on the issue before the Court of whether Delaware or California is the more convenient forum. It also ignores RyMed's substantial business activities in California, and virtual lack of activity in Delaware.

Second, besides the fact of incorporation, the biggest connection ICU can point to between RyMed and Delaware is that RyMed has a distributor in Salisbury, Maryland. Opposition Brief at 4. RyMed has never contended that it did not sell its products nationally and that some product may make its way into Delaware. But ICU's repeated harping that while RyMed has no distributors in Delaware, it does have one in Maryland (*see id.* at 1, 4, 15), proves RyMed's *lack* of meaningful business activity in Delaware.

As far as the convenience of the expected witnesses, ICU has not identified even one witness who resides in Delaware. By contrast, there is no dispute that the inventor, George Lopez, and the two attorneys who prosecuted the patents reside in the Central District of California. Three other third party witnesses residing in the Central District — Messrs. Kerr, Arnold and Hyun — have relevant information on the issues of inventorship and conception of the patents in suit.

ICU responds with the half-hearted statement that counsel "know[s] of no reason why any of ICU's patent attorneys who may be properly called as witnesses in this case cannot testify either by

---

[3] The Ryan Declaration cited to herein is the Declaration of Dana William Ryan in Support of RyMed Technologies, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), D.I. 12, which was filed on October 11, 2007.

4

deposition or if necessary at trial." Nolan-Stevaux Decl. ¶ 3.[4]  Aside from being incompetent testimony about another person's intent, this statement commits to absolutely nothing. There is only one way to guarantee that a key third party witness will testify live at trial — the person must be subject to the Court's subpoena power. Witnesses living in California will not be subject to this Court's subpoenas. *See Sherwood*, 1996 WL 700261, at *4-5 (resolving the Section 1404 motion in favor of transfer since five potential critical witnesses were not subject to the Delaware court's subpoena power, but could be subpoenaed in the transferee district).[5]  Moreover, by any analysis, it is clearly more *convenient* for witnesses to testify in their home district and state.

The Fifth Circuit recently emphasized this very point. The plaintiff argued and the district court agreed that although the proposed Texas witnesses were not within the 100-mile subpoena power of the Eastern District of Texas, the fact that they still could be compelled to testify at trial (subject to reasonable compensation) allowed the court to discount the witness inconvenience factor in a Section 1404 analysis. *See In re Volkswagen of America, Inc.*, Case No. 07-40058, 2007 WL 3088142 (5th Cir. Oct. 24, 2007). Reversing and ordering the case transferred, the Fifth Circuit observed that compelling witnesses to testify in another forum is still inconvenient for the witnesses and still "weighs in favor of transfer." *Id.* at *7. Similarly, even if RyMed could somehow be assured that the key third party witnesses residing in California would testify at trial in Delaware several years hence, it nonetheless is much more convenient for the witnesses to testify in their home district. Again, this factor weighs in favor of transfer.

As to the final private interest factor of location of books and records, even ICU admits that its documents will come primarily from its headquarters in the Central District of California. Opposition Brief at 9. It offers no evidence that any of the documents in the case will derive from

---

[4] The Nolan-Stevaux Declaration cited to herein is the Declaration of Katherine Nolan-Stevaux in Support of ICU's Opposition to RyMed's Motion to Transfer Venue, D.I. 17, which was filed on October 29, 2007.

[5] This Court recently agreed that the defendant "bears no burden to show that the witness it plans to subpoena would be 'reluctant' to testify. 'It is sufficient . . . [that] the witness is not subject to the Court's subpoena power.'" *Zoetics, Inc. v. Yahoo!, Inc.*, Case No. Civ.A. 06-108-JJF, 2006 WL 1876912, at *5 (D. Del. July 6, 2006) (citing *Nilsson*, 2001 U.S. Dist. LEXIS 25570, at *8). The transfer motion in *Zoetics* was denied because, unlike here, the other private and public interest factors weighed in favor of retaining the Delaware venue.

5

Delaware.  Of course, because RyMed does not maintain any facilities or employ any personnel in Delaware (Ryan Decl. ¶¶ 7-8), it stores no relevant documents in Delaware.  Instead, many of the documents regarding RyMed's manufacturing and distribution activities are located in the Central District of California.

ICU invites this Court to discount the factor as to the location of the records, because the documents can be electronically transferred from California to Delaware.  While this is undoubtedly so, the inconvenience analysis under Section 1404 still demonstrates that this factor favors transfer.  Again, the Fifth Circuit in the *In re Volkswagen* case considered and rejected the same argument advanced by ICU.  Just because it may be less inconvenient to transfer documents electronically rather than physically, "does not render this factor superfluous."  *In re Volkswagen*, 2007 WL 3088142, at *7.  Location of documents in the district where transfer is proposed "does weigh in favor of transfer, although its precise weight may be subject to debate."  *Id.*

In the end, the only private interest factor that supports ICU's attempt to try this case in Delaware is its decision to file this suit in Delaware.  However, "[w]hile an adverse party has the right to designate the forum of its choice, that choice must still be measured by the standards of section 1404(a) should it appear that plaintiff's choice is inappropriate on grounds of convenience to parties and witnesses or in the 'interests of justice.'"  *SmithKline Corp. v. Sterling Drug, Inc.*, 406 F. Supp. 52, 56 (D. Del. 1975).  Each of the other five private interest factors favors transferring the case to the Central District of California.  This conclusion is reinforced by the fact that the last time ICU filed suit for infringement of three of these patents, it selected its home district in California as the most convenient forum.

## II. THE PUBLIC INTEREST FACTORS STRONGLY FAVOR TRANSFER TO THE CENTRAL DISTRICT OF CALIFORNIA BECAUSE THERE IS BOTH PRIOR AND PENDING LITIGATION IN THAT FORUM INVOLVING THE PATENTS AT ISSUE IN THIS CASE.

### A. The Central District of California's Extensive Prior Analysis of the Patents Favors Transfer.

The public interest factors weigh heavily in favor of transfer to the Central District of California because a transfer would promote judicial economy, conserve this Court's valuable

6

judicial resources, and minimize litigation expenses for both RyMed and ICU.[6]  Over the past year and a half, Judge Pfaelzer of the Central District of California has issued claim construction, invalidity, and noninfringement rulings relating to three out of the four patents at issue in this action.  *See ICU Med., Inc. v. Alaris Med. Sys., Inc.*, Case No. CV-04-00689-MRP (C.D. Cal.); *see also* Opening Brief at 4-5, 15-16; Altemus Decl. Exs. A-D.[7]  Because ICU admits that the four patents share a common specification and are effectively the same patent, the Central District of California has, in essence, already presided over extensive litigation involving the disclosed inventions of *all four* patents asserted here.  Opposition Brief at 1, 14.  As such, it would be more efficient and the interests of justice would be better served if this Court transferred this action to the Central District of California, where Judge Pfaelzer is already thoroughly familiar with the technology and the patents.

ICU's attempt to minimize the prior *Alaris* case is remarkably unpersuasive.  ICU argues that there is little overlap between the issues in the *Alaris* action and this action.  Opposition Brief at 13-14.  In *Alaris*, however, Judge Pfaelzer construed three of the four patents at issue here and issued summary judgment orders relating to validity of the patents.  Judge Pfaelzer's claim construction and validity rulings required an extensive understanding of the specification of the patents and the file histories.  The claim construction and invalidity issues presented in *Alaris* undoubtedly will be relevant in this action as well.

ICU's contention that this case should not be transferred because the technology is "simple" is irrelevant.  Opposition Brief at 14.  The Court should not expend its precious judicial resources when another court has already completed this same learning curve, and indeed has considered and

---

[6] The public interest factors include:

> (1) the enforceability of the judgment, (2) practical considerations that could make the trial easy, expeditious, or inexpensive, (3) the relative administrative difficulty in the two fora resulting from court congestion, (4) the local interest in deciding local controversies at home, (5) the public policies of the fora, and (6) the familiarity of the trial judge with the applicable state law in diversity cases.  *Jumara*, 55 F.3d at 879-80.

[7] The Altemus Declaration referred to herein is the Declaration of Katharine L. Altemus in Support of RyMed Technologies, Inc.'s Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a), D.I. 13, which was filed on October 11, 2007.

7

ruled on the very same technology and patents. From the perspective of maximizing judicial efficiency, minimizing the litigation expenses of the parties, and eliminating the possibility of conflicting rulings, transfer of this action to the Central District of California is the only logical conclusion.

> **B.    It Would Be Inefficient To Litigate This Dispute Separately From the Comprehensive Dispute Between the Parties Currently Pending in the Central District of California.**

The comprehensive action currently pending between the parties in the Central District of California strongly favors transfer to that district. *See RyMed Tech., Inc. v. ICU Med., Inc.*, Case No. SACV07-1199 DOC MLGx (C.D. Cal.) (the "California Action"). Transferring this action to the Central District of California so that it may proceed alongside the California action will promote judicial economy and conserve the judicial system's resources. The California Action will resolve all of the disputes between RyMed and ICU; but the Delaware action cannot.

In the California Action, RyMed seeks declaratory judgment that the four patents in suit here are invalid and not infringed by RyMed's soon-to-be-released InVision Plus® Neutral® with Modified Boot product, in addition to RyMed's current InVision Plus® Neutral® product.[8] *See* Altemus Decl. Ex. H. RyMed additionally seeks damages for ICU's federal and state trademark infringement, Lanham Act violations, federal and state unfair competition, tortious interference with contract, and tortious interference with prospective economic advantage. *See id.* RyMed needs to have all the issues raised in the California Action promptly addressed and decided, and it properly filed suit to do so.

---

[8] ICU's contention that the Central District of California does not have subject matter jurisdiction over RyMed's claims relating to its InVision Plus® Neutral® with Modified Boot product is contrary to Supreme Court and Federal Circuit law. *See* Opposition Brief at 12. In *MedImmune, Inc. v. Genentech, Inc.*, 127 S. Ct. 764, 771 (1997), the Supreme Court held that in order for a court to have jurisdiction over a declaratory judgment action, "the dispute be definite and concrete[,]" and "the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." In *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007), the Federal Circuit further stated that "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." RyMed established in its Complaint that the Central District of California has subject matter jurisdiction over the InVision Plus® Neutral® with Modified Boot claims. *See* Altemus Decl. Ex. H ¶¶ 29-31.

ICU ignores that the issues raised in the California Action are considerably broader than raised by this Delaware case. Instead, ICU attempts to make much of the fact that RyMed filed the case in the Central District of California after the filing of this suit. The general rule that courts will favor the first-filed case, however, is overcome in a Section 1404 analysis where "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require[] otherwise." *Bank of America v. S.I.P. Assets, LLC*, Case No. CIVA 07-159 GMS, 2007 WL 2698192, at *3 (D. Del. Sept. 11, 2007).

It is significant to note that ICU's opposition papers do not propose any particular action with respect to the California Action. Apparently, ICU would have this action and the California Action move forward simultaneously, with the parties litigating both cases at the same time and this Court and the Central District of California expending judicial resources to address many of the same issues. This is not convenient for either RyMed, ICU, or the witnesses, nor is it in the interests of judicial economy. This Court has confirmed that litigating related cases concurrently is not in the interests of justice. *See Cashedge, Inc. v. Yodlee, Inc.*, No. Civ.A.06-170-JJF, 2006 WL 2038504, at * 2 (D. Del. July 19, 2006) ("Where related lawsuits exist, 'it is in the interests of justice to permit suits involving the same parties and issues to proceed before one court.'") (internal quotations and citation omitted). Therefore, because the related California Action will resolve all of the disputes between RyMed and ICU, and not just a portion, the Court should transfer this action to the Central District of California.

### III. CONCLUSION.

It would clearly be more convenient for both parties if this action were transferred to the Central District of California. The existence of both prior and pending litigation in the Central District of California involving the patents at issue in this case also demonstrates that the interests of justice would be better served if this action were transferred to that forum. Accordingly, RyMed respectfully requests that the Court grant its motion to transfer venue pursuant to 28 U.S.C. § 1404(a) and transfer this action to the Central District of California.

November 5, 2007                                THE BAYARD FIRM

/s/ Richard D. Kirk(rk0922)
Richard D. Kirk
Stephen B. Brauerman
222 Delaware Avenue, Suite 900
Wilmington, Delaware  19899-5130
rkirk@bayardfirm.com
 (302) 655-5000
Counsel for Defendant,
RYMED TECHNOLOGIES, INC.

OF COUNSEL:

Henry Bunsow, Esquire
K.T. Cherian, Esquire
Scott Wales, Esquire
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, CA  94105
(415) 848-4900