IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICU MEDICAL, INC., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 07-468-JJF |
| RYMED TECHNOLOGIES, INC. | : |
| Defendant. | : |

**MEMORANDUM ORDER**

Pending before the Court is Defendant's Motion For Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (D.I. 10). For the reasons discussed, the Motion will be denied.

**I.   BACKGROUND**

On July 27, 2007, Plaintiff ICU Medical, Inc. ("ICU") filed this patent infringement action alleging that Defendant's products related to a minimum fluid displacement needleless connector that interfaces with a vascular access device and/or catheter infringe four U.S. patents held by ICU: U.S. patents 5,685,866 ("the '866 patent"), 5,873,862 ("the '862 patent"), 5,928,204 ("the '204 patent"), and 6,572,592 ("the '592 patent"). All four patents share a single, common specification. (D.I. 16 at 1.) ICU is incorporated in Delaware, and its principal place of business is in San Clemente, California. Defendant, RyMed Technologies, Inc. ("RyMed"), is incorporated in Delaware with its principal place of business in Franklin, Tennessee.

On October 28, 2007, RyMed filed an action in the Central District of California seeking a declaratory judgment that the four patents asserted by ICU in this litigation are invalid, damages for federal and state trademark infringement, Lanham Act violations, federal and state unfair competition, tortious interference with contract, and tortious interference with prospective economic advantage (the "declaratory judgment action"). The California action was assigned to the Honorable Mariana R. Pfaelzer on December 14, 2007. (D.I. 22.)

Three of the four patents at issue in this litigation, the '866, the '862, and the '592 patent, were previously litigated by ICU in the Central District of California in a case brought by ICU against Alaris Medical Systems, <u>ICU Medical, Inc. v. Alaris Medical Systems, Inc.</u>, Case No. CV-04-00689 (C.D. Cal.). After issuing a claim construction on July 17, 2006, the Court granted summary judgment in favor of Alaris, and issued a final judgment on September 21, 2007. In 2001, ICU litigated the '204 patent against B. Braun Medical in the Northern District of California, <u>ICU Medical, Inc. v. B. Braun Medical, Inc.</u>, Case No. C01-3202-CRD (N.D. Cal.) The Court issued a claim construction on November 27, 2002, and the case settled before trial, and was dismissed on April 20, 2005. Finally, a patent claiming technology similar to the patents in suit was the subject of an recent action titled <u>Medegen MMS, Inc. v. ICU Medical, Inc.</u>, Case

2

No. SA CV-06-619-MRP-AS (C.D. Cal.). This case concluded with judgment in ICU's favor on September 4, 2007.

On October 29, 2007, RyMed filed the instant Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Central District of California. (D.I. 10).

## II. PARTIES' CONTENTIONS

By its Motion, RyMed contends transfer to the Central District of California is appropriate pursuant to 28 U.S.C. § 1404(a) and warranted by the private and public interest factors identified in Jumara v. State Farm Ins. Co., 55 F.3d 873 (3d Cir. 1995). Specifically, RyMed contends that a transfer would best serve the interests of justice and promote judicial economy, and that the convenience of the parties and witnesses will be best served by transfer.

In response, ICU contends that its choice to file in Delaware is entitled to substantial deference because it chose to litigate in Delaware for a rational and legitimate reason, and that RyMed has not met its burden to show that the factors in Jumara strongly favor transfer.

## III. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Since it is

3

undisputed that ICU could have brought the instant action in the Central District of California, the Court's task is to determine whether the factors enumerated in Section 1404(a) warrant a transfer under the circumstances.

The Third Circuit has set forth a list of factors for district courts to consider when deciding whether or not to transfer. Jumara, 55 F.3d at 879-80. These factors include six private interests: (1) the plaintiff's forum preference as evidenced by his or her original choice, (2) the defendant's preference, (3) whether the claim arose elsewhere, (4) the convenience of the parties due to their relative physical and financial condition, (5) the convenience of the expected witnesses, but only so far as the witnesses might be unavailable for trial if the trial is conducted in a certain forum, and (6) the location of books and records, to the extent that the books and records could not be produced in a certain forum. Id. at 879. The factors also include six public interests for courts to consider: (1) the enforceability of the judgment, (2) practical considerations regarding the ease, speed, or expense of trial, (3) the administrative difficulty due to court congestion, (4) the local interest in deciding local controversies in the home forum, (5) the public policies of the two fora, and (6) the trial judge's familiarity with the applicable state law in diversity cases. Id. at 879-80.

4

Ordinarily, the burden is on the movant to establish that the balance of the interests weighs strongly in favor of the requested transfer. Shutte v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). A transfer will be denied if the factors are evenly balanced or weigh only slightly in favor of the transfer. Continental Cas. Co. v. Am. Home Assurance Co., 61 F. Supp. 2d 128, 131 (D. Del. 1999).

**IV. DISCUSSION**

    A. Whether ICU's Choice Of Forum Is Entitled To "Paramount Consideration."

The Plaintiffs' choice of forum is entitled to "paramount consideration." Shutte, 431 F.2d at 25. This choice should not be lightly disturbed if there is a legitimate, rational reason to litigate away from the corporation's "home turf." Waste Distillation Tech., Inc. v. Pan Am. Res., Inc., 775 F.Supp. 759, 764 (D. Del. 1991). A corporation's decision to incorporate in a particular state is a rational and legitimate reason to choose to litigate in that state. Stratos Lightwave, Inc. v. E20 Communs., Inc., 2002 U.S. Dist. LEXIS 5653 at *7 (D. Del. 2002). The Court concludes that ICU's decision to litigate in Delaware is entitled to deference because although its principal place of business is in California, it is incorporated in Delaware. Thus, to prevail on its Motion, RyMed must prove that the public and private interest factors strongly favor transfer.

    B.    <u>Whether The Private Interest Factors Strongly Favor Transfer</u>.

Rymed contends that the convenience of the parties and witnesses, and the interests of justice outweigh ICU's "mere preference for the District of Delaware." (D.I. 11 at 11.) RyMed contends: (1) the "majority of the activity" related to ICU's claims occurred in the Central District of California; (2) the patents' sole inventor, Dr. George Lopez, resides and founded ICU in the Central District of California, and his research and development activities regarding the patents presumably occurred there; (3) neither party has substantial connections to Delaware, and no relevant witnesses reside in Delaware; (4) several witnesses in this action reside within the Central District of California, along with the prosecuting attorneys in this action; and (5) access to relevant documents and design prototypes will be easier logistically and less expensive if this action is litigated in the Central District of California.

In response, ICU contends its choice of forum should be respected, especially since both parties are Delaware corporations, and RyMed has not shown that litigating in Delaware constitutes a "unique or unusual burden on [its] operations" so that transfer is warranted. (D.I. 16 at 3, <u>quoting</u> <u>Wesley-Jessen Corp. v. Pilkington Visioncase, Inc.</u>, 157 F.R.D. 215, 218 (D.Del. 1993). Plaintiff contends that RyMed exaggerates its ties to California, since the allegedly infringing products were designed

6

at RyMed's headquarters Tennessee, and relevant witnesses and documents regarding infringement and damages are located there. ICU further contends that: (1) Delaware is equally convenient for both parties, since both parties are incorporated in Delaware, but headquartered in two different states; (2) RyMed's concerns regarding subpoena power for third party witnesses are unfounded since RyMed has presented no credible evidence that these third party witnesses would be unwilling to testify, or why their testimony would not be available by other means; and (3) because RyMed's technical and damages-related documents will primarily come from Tennessee, not California, documents will need to be transferred some distance regardless of where the case is tried, and electronic discovery "eliminates any claim of burden based on location." (D.I. 16 at 9.)

Both parties are incorporated in Delaware, and therefore, chose to be corporate citizens of Delaware for legal and other purposes.  Certainly, the parties, specifically RyMed, cannot now complain because they are involved in litigation in Delaware. Further, although RyMed's contends that the majority of the activity related to ICU's claims occurred in the Central District of California, rights determined in patent cases are national in scope.  Further, RyMed admits that its products are sold "nationwide."  (D.I. 21 at 2.)

With respect to third party witnesses located in the Central District of California,[1] the Court concludes that their convenience does weigh in favor of transfer. However, RyMed has not demonstrated that these witnesses would be unwilling to testify voluntarily or that their information is not available in another form, and accordingly, the Court concludes that this factor does not weigh strongly in favor of transfer. With respect to the location of records and other documents, and access to design prototypes, the "technological advances of recent years have significantly reduced the weight of this factor" in the Court's analysis, because they have "substantially reduc[ed] the burden of litigating in a distant forum." Affymetrix, Inc. v. Synteni, Inc., 28 F.Supp.2d 192, 205 (D.Del. 1998). Thus, even if the Court credits RyMed's contention that many of its documents regarding "manufacturing and distribution activities are located in the Central District of California," rather than in Tennessee at RyMed's headquarters (D.I. 21 at 6), this factor weighs only minimally in favor of transfer. Affymetrix, 28 F.Supp. At 205.

For these reasons, the Court concludes that RyMed has not met its burden of demonstrating that the private interest factors

---

[1] The convenience of the witnesses is only relevant to the extent they would be unavailable for trial in the forum. Jumara, 55 F.3d at 879. Current employees are presumed to be available to testify at trial.

8

weigh strongly in favor of transfer.

C.  Whether The Public Interests Strongly Favor Transfer

The Court concludes that the public interests do not weigh strongly in favor of a transfer.

RyMed contends that the practical considerations of litigating this case in the Central District of California will make the litigation less expensive, more expeditious, and easier because the patents at issue have previously been the subject of substantial litigation in the Central District of California. RyMed further contends that, since the technology at issue here is the same as the technology at issue in the declaratory judgment action, consolidating these actions will "reduce the parties' costs and allow for simultaneous scheduling of potentially duplicative events in the two litigations." (D.I. 11 at 16.)  Additionally, RyMed contends that transfer will achieve a speedier resolution of the dispute because the Central District of California disposes of filed cases more expeditiously than the District of Delaware, and cases advance to trial in less time in the Central District of California than the District of Delaware. (D.I. 11 at 16-17.)  Finally, RyMed contends that, because it pled several causes of action in the declaratory judgment action to which California state law must be applied, California retains an interest in adjudicating this dispute. (Id. at 17.)

In response, ICU contends that the later-filed declaratory judgment action does not create a compelling California interest in ICU's Delaware patent action, since, prior to RyMed's filing of its complaint in the Central District of California, no pending litigation existed between the parties in California on any of the patents at issue, and RyMed's California complaint reflects forum shopping.  ICU further contends that RyMed's attempts to "augment its California complaint with 'local flavor' by asserting unrelated trademark/unfair competition claims" reflects the lack of a legitimate California interest in this matter, since RyMed limited its counterclaims in this action to the patent issues.  ICU contends that the prior litigations regarding these patents do not support transfer since the <u>Medegen</u> litigation involved a type of product not at issue in this case, and the <u>Alaris</u> litigation did not involve RyMed's products, but "different products produced by other companies, with different theories of infringement, and of course with different damages issues."  (D.I. 16 at 14.)  Finally, ICU points out that patent cases statistics in the Central District of California indicate a much lengthier time to resolution than patent cases in Delaware.

This Court finds that any efficiencies that may be achieved by consolidating this case with RyMed's declaratory judgment action are entitled to very little consideration.  A patent infringement defendant should not be able to strengthen its case

10

for transfer by the filing of a declaratory judgment action in the forum of its choice. Mentor Graphics Corp. v. Quickturn Design Systems, Inc., 77 F.Supp.2d 505, 513 (D.Del. 1996). Further, RyMed cannot "create" a California interest by attaching state law claims to its later-filed declaratory judgment action.

Additionally, the Court finds there is no strong local interest in litigating this action in the Central District of California. The instant action is a patent infringement case and patent rights generally do not give rise to a local controversy or implicate local interests.

The Court acknowledges that the Central District of California's familiarity with the patents at issue is a factor to consider, but the Court does not find that factor to be dispositive, particularly where, as here, the technology at issue is not complex, and the balance of the factors weighs in favor of ICU's choice of forums.

Accordingly, the Court will deny RyMed's Motion For Transfer.

**ORDER**

NOW THEREFORE IT IS HEREBY ORDERED this 22 day of January, 2008, that Defendant RyMed's Motion For Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (D.I. 10) is **DENIED**.

UNITED STATES DISTRICT JUDGE

11