IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ICU MEDICAL, INC.,

    Plaintiff/Counter-Defendant,

vs.

RYMED TECHNOLOGIES, INC.,

    Defendant/Counter-Plaintiff.

C.A. No. 07-468-JJF

**DEFENDANT RYMED TECHNOLOGIES, INC.'S
MEMORANDUM IN SUPPORT OF MOTION FOR REARGUMENT
OF MEMORANDUM ORDER DENYING MOTION TO TRANSFER VENUE**

February 6, 2008

BAYARD, P.A.

Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

Counsel for Defendant
RYMED TECHNOLOGIES

OF COUNSEL:

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Scott Wales, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
(415) 848-4900

## **TABLE OF CONTENTS**

**Page**

I. NATURE AND STAGE OF PROCEEDINGS ................................................................. 1

II. SUMMARY OF THE ARGUMENT ............................................................................... 3

III. STATEMENT OF FACTS: THE ORDER DENYING THE MOTION TO TRANSFER ....................................................................................... 3

IV. ARGUMENT ................................................................................................................... 4

    1. Applicable Legal Standard ................................................................................ 4

    2. The Court May Have Misapprehended the Complexity and Resources Invested In the Asserted Patents by Judge Pfaelzer ................................................................................. 5

    3. The Order Did Not Address RyMed's Claims for Non-Infringement of Its New Product in the California Action ................................................................................... 7

    4. The Court May Have Misapprehended California's Strong Local Interest; New Facts Bolster California's Interest ............................................................................................. 8

        a. RyMed Has Pending State Law Claims in the California Action ............................................................................ 9

        b. RyMed Recently Learned of New Facts Regarding ICU's Conduct .......................................................... 9

    5. RyMed Recently Learned New Facts Regarding Witness Unwillingness to Testify in Delaware ............................................. 11

    6. ICU's Forum Shopping Should Be Discouraged .......................................... 11

V. CONCLUSION .............................................................................................................. 12

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Brambles USA, Inc. v. Blocker,*
    735 F. Supp. 1239 (D. Del. 1990) ............................................................................ 4, 5

*Brunswick Corp. v. Precor Inc.,*
    00-691-GMS, 2000 WL 1876477 (D. Del. 2000) ........................................................ 2

*Capital Records, Inc. v. Optical Recording Corp.,*
    810 F.Supp. 1350 (S.D.N.Y. 1992) ............................................................................ 12

*Carter v. Brady,*
    No. Civ. A. 99-757 JJF, 2004 WL 724953 (D. Del. Mar. 29, 2004) ............................ 5

*Cashedge, Inc. v. Yodlee, Inc.,*
    No. Civ.A.06-170-JJF, 2006 WL 2038504 (D. Del. 2006) .......................................... 2

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.,*
    42 F. Supp. 2d 385 (D. Del. 1999) ............................................................................... 5

*Dickens v. Dover City Police Dept.,*
    No. Civ. A 03-310-JJF, 2007 WL 3024093 (D. Del. Oct. 12, 2007) ............................ 4

*Harsco Corp. v. Zlotnicki,*
    779 F.2d 906 (3d Cir. 1985) ......................................................................................... 5

*Headon v. Colorado Boys Ranch,*
    No. 2:04-cv-04847-LDD, 2005 U.S. Dist. LEXIS 44141 (E.D. Penn.
    May 5, 2005) ............................................................................................................... 10

*ICU Medical, Inc. v. B. Braun Medical Inc.,*
    No. C 01-3202 CRB, 2005 WL 588341 (N.D. Cal. Mar. 14, 2005) ............................ 8

*IKOS Sys., Inc. v. Cadence Design Sys., Inc.,*
    No. Civ.A.02-1335-GMS, 2002 WL 31414136 (D. Del. 2002) .................................. 2

*In re Consolidated Parlodel Litigation,*
    22 F. Supp. 2d 320 (D.N.J. 1998) ......................................................................... 10, 11

*In re DaimlerChrysler AG Securities Lit.,*
    200 F. Supp. 2d 439 (D. Del. 2002) ............................................................................. 5

*Jones v. Pittsburgh National Corp.,*
    899 F.2d 1350 (3d Cir. 1990) ....................................................................................... 5

*Jumara v. State Farm Ins. Co.,*
    55 F.3d 873 (3d Cir. 1995) ......................................................................................... 11

*Karr v. Castle,*
    768 F. Supp. 1087 (D. Del. 1991) ................................................................................ 5

# TABLE OF AUTHORITIES

**Page(s)**

*Kos Pharms., Inc. v. Andrx Corp.*,
    369 F.3d 700 (3d Cir. 2004) ............................................................................................. 10

*Max's Seafood Café v. Quinteros*,
    176 F.3d 669 (3d Cir. 1999) ............................................................................................... 5

*New Castle County v. Hartford Accident and Indemnity Co.*,
    933 F.2d 1162 (3d Cir. 1991) ............................................................................................. 5

*Samsung Electronics Co., Ltd. v. Rambus Inc.*,
    386 F. Supp. 2d 708 (E.D. Va. 2005) ........................................................................... 2, 12

*SanDisk Corp. v. STMicroelectronics, Inc.*,
    480 F.3d 1372 (Fed. Cir. 2007) .......................................................................................... 8

*Sherwood Med. Co. v. IVAC Med. Sys., Inc.*,
    Civil Action No. 96-305 MMS, 1996 WL 700261 (D. De. 1996) ...................................... 2

*Shipley v. Orndoff*,
    No. Civ. A 04-1530-JJF, 2007 WL 3024051 (D. Del. Oct. 12, 2007) ........................... 4, 5

*Smith v. Massachusetts*,
    543 U.S. 462 (2005) ............................................................................................................ 5

*Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*,
    25 F. Supp. 2d 270 (D. Del. 1998) ...................................................................................... 5

## STATUTES

35 U.S.C. § 271 ............................................................................................................................. 8

{00734966;v1}

I.   **NATURE AND STAGE OF PROCEEDINGS**

On January 23, 2008, this Court issued a Memorandum Order denying Defendant RyMed Technologies, Inc.'s ("RyMed") Motion to Transfer Venue pursuant to 28 U.S.C. Section 1404 ("Order") [D.I. 24]. RyMed now moves for reargument of the Court's Order.

ICU Medical, Inc. ("ICU") continues to spread false information and rumors about RyMed in the marketplace and to RyMed's potential customers. RyMed learned on January 31, 2008, after the Court issued its Order denying transfer to the Central District of California and well after the parties briefed the issue, that ICU had just made specific false statements about RyMed to Fluidnet Corporation, a potential RyMed customer, in the Central District of California. ICU's upper management boasted that its strategy was to inundate RyMed with costly patent litigation until it could no longer survive. Thus, it appears that one of ICU's primary motives for litigating this action in Delaware is to increase the costs of litigation for RyMed — which it will, as compared to litigating in the Central District of California. Importantly, the Fluidnet employee who can testify as to ICU's false statements is unwilling to travel to Delaware for trial, but is within the subpoena power of the Central District of California. This new information is a key reason why this Court should reconsider its denial of RyMed's motion to transfer venue to California, as it significantly shifts the balance of private and public interest factors in favor of RyMed.

In addition, RyMed respectfully submits that the Court may have misapprehended or overlooked certain key factors in its Order. Reargument or reconsideration by the Court would shift the outcome of the Court's decision because all of these factors work in RyMed's favor to transfer the case to California. In particular, Judge Pfaelzer in the Central District of California, who would consolidate the present case with the pending action in California, devoted 17 months to analyzing the vast majority of claims currently at issue in this case. RyMed's non-infringement claim for its new modified boot valve product and other causes of action found only in the California action, which this Court did not address in its Order, lead RyMed to conclude that this Court may have misapprehended some of the arguments originally set forth.

Finally, it appears that ICU's goal in litigating this action in Delaware is to escape a judgment from the California court that it dislikes. The California court's claim construction and validity orders alone would eliminate two of the four patents boldly re-asserted by ICU in Delaware. This Court should discourage such forum shopping. *See Samsung Electronics Co., Ltd. v. Rambus Inc.*, 386 F. Supp. 2d 708, 724-25 (E.D. Va. 2005) ("The Court should not ignore the fact that a party has received an unfavorable ruling in one forum, and as a result, attempted to lay venue in a second forum.").[1]

As summarized in attached Appendix A, the public and private interest factors overwhelmingly favor transfer of this action to the Central District of California. The parties' incorporation in Delaware is insufficient to warrant keeping this litigation in Delaware. Indeed, the facts supporting transfer here are far stronger than in other actions involving Delaware corporations that were nevertheless transferred out of Delaware. *See Cashedge, Inc. v. Yodlee, Inc.*, No. Civ.A.06-170-JJF, 2006 WL 2038504 (D. Del. 2006) (case transferred despite both parties being incorporated in Delaware); *Brunswick Corp. v. Precor Inc.*, 00-691-GMS, 2000 WL 1876477, at *2 (D. Del. 2000) (same); *IKOS Sys., Inc. v. Cadence Design Sys., Inc.*, No. Civ.A.02-1335-GMS, 2002 WL 31414136, at *1 (D. Del. 2002) (same); *Sherwood Med. Co. v. IVAC Med. Sys., Inc.*, Civil Action No. 96-305 MMS, 1996 WL 700261 (D. Del. 1996) (same). Thus, for the reasons detailed below, RyMed requests that the Court grant this motion for reargument of RyMed's motion to transfer venue and then transfer this action to the Central District of California.

---

[1] In *Samsung*, the court repeatedly disapproved of Rambus' forum shopping to avoid a forum where it had previously received an adverse judgment: "It is also apparent that Rambus desperately wanted to avoid litigation in this forum after the Court's ruling in Rambus v. Infineon. On this record, Rambus' conduct is fairly characterized as anticipatory forum selection and forum manipulation." *Samsung*, 386 F. Supp. 2d at 725.

## II.   SUMMARY OF THE ARGUMENT

1. Reargument of the Court's Order denying RyMed's motion to transfer venue to the Central District of California is appropriate under Local Rule 7.1.5 in light of new facts RyMed recently learned and apparent misapprehension of key facts by the Court.

2. The Court may have misapprehended the complexity and significance of the claim construction and summary judgment analysis undertaken by the Central District of California.

3. The Court did not address RyMed's claim of non-infringement of its new product in the California action, not at issue in Delaware.

4. The Court may have overlooked or misapprehended the extent of California's interest in the suit based on pending state law claims, and new facts increase California's interest in this suit.

5. RyMed recently discovered that a key third party witness is unwilling to testify in Delaware but resides in the Central District of California.

6. The Court may have misapprehended the extent and significance of ICU's forum shopping.

## III.   STATEMENT OF FACTS: THE ORDER DENYING THE MOTION TO TRANSFER

On January 23, 2008, this Court issued a Memorandum Order denying RyMed's motion to transfer venue [D.I. 24]. The Court stated that to prevail, "RyMed must prove that the public and private interest factors strongly favor transfer." Order at 5. In considering the private interest factors, the Court noted that both parties are incorporated in Delaware. Order at 7. It found that the convenience of third party witnesses located in the Central District of California and the location of documents both favored transfer, but that these considerations were insufficient to weigh the private interest factors strongly in favor of transfer. Order at 8-9. The Court also required that RyMed demonstrate that third party witnesses located in the Central

District of California would be "unwilling to testify voluntarily or that their information is not available in another form." Order at 8.

The Court concluded that the public interest factors did not mandate transfer either. Order at 9. It stated that "any efficiencies that may be achieved by consolidating this case with RyMed's declaratory judgment action are entitled to very little consideration." Order at 10. "Further, RyMed cannot 'create' a California interest by attaching state law claims to its later-filed declaratory judgment action. Additionally, the Court finds there is no strong local interest in litigating this action in the Central District of California. The instant action is a patent infringement case and patent rights generally do not give rise to a local controversy or implicate local interests. The Court acknowledges that the Central District of California's familiarity with the patents at issue is a factor to consider, but the Court does not find that factor to be dispositive." Order at 11.

## IV. ARGUMENT

### 1. Applicable Legal Standard

Delaware Local Rule 7.1.5 provides: "A motion for reargument shall be served and filed within 10 days after the filing of the Court's opinion or decision. The motion shall briefly and distinctly state the grounds therefor. Within 10 days after service of such motion, the opposing party may serve and file a brief answer to each ground asserted in the motion. The Court will determine from the motion and answer whether reargument will be granted." *See* D. Del. L.R. 7.1.5.

A Court may grant a motion for reargument if one of three circumstances applies: (1) the Court patently misunderstood a party, (2) the Court made an error of apprehension, not reasoning, or (3) the Court made a decision outside the scope of the issues presented by the parties to the Court. *See id.*; *Shipley v. Orndoff*, No. Civ. A 04-1530-JJF, 2007 WL 3024051, at *1 (D. Del. Oct. 12, 2007); *Dickens v. Dover City Police Dept.*, No. Civ. A 03-310-JJF, 2007 WL 3024093, at *1 (D. Del. Oct. 12, 2007); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). It is up to the Court's discretion whether to grant a motion for reargument.

*Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999). Further, "reargument should never be granted if reargument would not alter the previous results reached by the Court." *Id.* (quoting *Stairmaster Sports/Medical Products, Inc. v. Groupe Procycle, Inc.*, 25 F. Supp. 2d 270, 292-93 (D. Del. 1998)).[2]

### 2. The Court May Have Misapprehended the Complexity and Resources Invested In the Asserted Patents by Judge Pfaelzer

The efficiencies to be gained by transferring this action to the Central District of California and consolidating it with the declaratory judgment action pending there are much more significant than the Court's Order indicates. The patent analysis that Judge Pfaelzer undertook in the *Alaris* litigation, encompassing claim construction proceedings and summary judgment proceedings of invalidity and noninfringement, was extraordinarily complex and time-intensive. As apparent from *the 806 entries* on the docket sheet in that case, the judge and the parties invested vast resources into it. *See* Declaration of Irene Yang ("Yang Decl."), Exhibit 1 (excerpts from docket sheet). Most of that time and resources could be bypassed by transferring

---

[2] Although motions for reargument are not explicitly provided for in the Federal Rules of Civil Procedure, this Court has recognized that Rule 59(e) is functionally equivalent to Delaware Local Rule 7.1.5. *See In re DaimlerChrysler AG Securities Lit.*, 200 F. Supp. 2d 439, 441-42 (D. Del. 2002) (citing *New Castle County v. Hartford Accident and Indemnity Co.*, 933 F.2d 1162, 1176-77 (3d Cir. 1991); *Jones v. Pittsburgh National Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990)). Additionally, a district court has inherent power to reconsider and modify interlocutory orders. *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005). Federal Rule of Civil Procedure 54(b) also implicitly recognizes the Court's inherent power, since "any order or other form of decision … is subject to revision at any time before entry of judgment…." Motions for reconsideration are made to "correct manifest errors of law or fact or to present newly discovered evidence." *Shipley*, 2007 WL 3024051, at *1 (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). A motion for reconsideration may be granted if the moving party shows: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Id.* (citing *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). New evidence must have been truly unobtainable earlier. *Dentsply*, 42 F. Supp. 2d at 422. The Court "should not hesitate to grant the motion when compelled to prevent manifest injustice or to correct clear error." *Brambles*, 735 F. Supp. at 1241. A court "should reconsider a prior decision if it overlooked facts or precedent that reasonably would have altered the result." *Carter v. Brady*, No. Civ. A. 99-757 JJF, 2004 WL 724953, at *1 (D. Del. Mar. 29, 2004) (citing *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991)).

this case to California, where much of the claim analysis work has already occurred.[3] Thus, in contrast to the analysis contained in this Court's Order, the efficiencies to be gained by sending this case to California are significant and weighty, and they heavily tilt the balance of public interest factors towards transfer.[4]

Claim construction and Markman proceedings in the *Alaris* litigation spanned April through July 2006.[5] Judge Pfaelzer also construed patent claims via summary judgment proceedings. Alaris filed a motion for partial summary judgment of noninfringement of the spike claims, which proceedings took place from September 2005 to August 2006.[6] Alaris also filed a motion for summary judgment of invalidity of the spikeless claims and noninfringement

---

[3] In a phone conference with Judge Pfaelzer on January 30, 2008, counsel for ICU told Judge Pfaelzer that it wanted to have a quick trial on its claims against RyMed. The best way to achieve this is by litigating the case before Judge Pfaelzer.

[4] As set forth below, these efficiencies also significantly affect the private interest factors as ICU is attempting to use the hammer of expensive and inefficient litigation in order to put RyMed out of business.

[5] Claim construction and Markman proceedings in the *Alaris* litigation, regarding three of the same patents at issue in this case, commenced in April 2006 when Judge Pfaelzer approved a case schedule whereby ICU was to file a 35-page opening Markman brief, including expert declarations, by May 9, 2006. Alaris was to file a 50-page opposition Markman brief, including expert declarations, by June 2, 2006. ICU's reply Markman brief and rebuttal expert declarations were due June 12, 2006. The Markman hearing was scheduled for June 21, 2006. *See* Yang Decl., Exh. 1 (excerpts from docket of *Alaris* litigation). Both public redacted versions of the briefs and expert reports were submitted. *Id.* Judge Pfaelzer held a Markman hearing spanning two days, from June 21-22, 2006. After reviewing the parties' briefing and listening to oral argument, in July 2006, Judge Pfaelzer issue a claim construction order construing the terms "spike," "preslit orifice"/"seal being preslit," "compressed state/position"/"decompressed state/position," "fills essentially completely," and "bearing against said wall structure near said opening to seal said opening." These are terms that will be at issue in this suit as well and will be dispositive with respect to a large majority of the claims of the patents at issue.

[6] Alaris first filed a motion for partial summary judgment of noninfringement of the spike claims in September 2005. In January 2006, ICU filed an opposition to Alaris' motion for partial summary judgment. In February 2006, Alaris filed a reply brief. ICU filed a motion for a surreply in March, which Judge Pfaelzer denied. She held a hearing in June 2006 on the motion for partial summary judgment of noninfringement of the spike claims. She granted Alaris partial summary judgment in July 2006 but ordered Alaris to submit proposed amended findings of fact, conclusions of law, and proposed judgment and ICU to submit objections. At the end of August 2006, Judge Pfaelzer entered the submitted findings of fact, conclusions of law, and judgment granting Alaris partial summary judgment of noninfringement of the spike claims. *See* Yang Decl., Exh. 1.

of the remainder of the claims. These two proceedings lasted from September 2006 to February 2007.[7] In all, Judge Pfaelzer and the parties in the *Alaris* litigation dedicated 17 months to analyzing three of the four patents at issue here — 17 months of litigation that could be considerably shortened now if Judge Pfaelzer oversees this suit.

Alternatively, if transfer of this case is not ordered, RyMed will need to move this Court to hold an early summary judgment motion and/or a claim construction proceeding to consider and determine the effect of Judge Pfaelzer's determinations in the *Alaris* case on ICU's patent claims asserted in this matter. In so doing, the Court would need to review hundreds of pages of Judge Pfaelzer's claim construction order, findings of fact, conclusions of law, three summary judgment orders, and order granting Alaris' motion for fees and sanctions. In addition, substantial briefing would likely be required from the parties to state their positions on the effect of the *Alaris* findings and results. Most of this briefing and judicial consideration would be unnecessary if this case were transferred to Judge Pfaelzer since she already has a full understanding of the results and import of the *Alaris* case.

### 3. The Order Did Not Address RyMed's Claims for Non-Infringement of Its New Product in the California Action

The Court's Order did not address the fact that the California suit contains claims of non-infringement by RyMed for its new modified boot valve product not at issue in the Delaware

---

[7] In September 2006, Alaris filed a summary judgment motion of invalidity of the spikeless claims as well as a motion for summary judgment of noninfringement of all remaining claims. After two months of briefing and a hearing, she required further argument and ordered the parties to submit a supplemental opposition brief and a supplemental reply brief on a particular issue, which the parties complied with in December 2006. In January 2007, Judge Pfaelzer granted Alaris' motion for summary judgment of invalidity of the spikeless claims and denied the noninfringement summary judgment motion as moot. Once again, she requested that Alaris submit an amended proposed statement of findings and judgment and that ICU submit an opposition. In February 2007, she entered a judgment of invalidity of ICU's spikeless claims. *See* Yang Decl., Exh. 1.

action.[8] ICU could not have asserted infringement by the new product in Delaware because jurisdiction requires an alleged act of infringement (making, using, offering for sell, selling or importing). 35 U.S.C. § 271. RyMed had not made or sold at the time the new product when the Delaware complaint was filed. Indeed, ICU could not have known of the new product when it filed its Complaint in Delaware.

By contrast, declaratory judgment jurisdiction exists over RyMed's cause of action for non-infringement of its modified boot valve product in the California Action. *See SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) ("Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do."); *ICU Medical, Inc. v. B. Braun Medical Inc.*, No. C 01-3202 CRB, 2005 WL 588341, at *10-11 (N.D. Cal. Mar. 14, 2005) ("Jurisdiction over the newly modified Ultrasite valve also exists because Braun had a reasonable apprehension that ICU would initiate suit because it was already litigating" another action with an older product; "It was reasonable for Braun to fear being sued for infringement if it manufactured the modified valve.... The Court has jurisdiction to consider whether the Ultrasite valve with modified piston infringes the '673 and '204 patents.") Thus, the existence of RyMed's cause of action for non-infringement of its new modified boot valve product in the California action weighs substantially in favor of transfer to the Central District of California.

### 4. The Court May Have Misapprehended California's Strong Local Interest; New Facts Bolster California's Interest

The Order implies that California does not have a strong local interest in the dispute and that RyMed is manufacturing state law claims in its California Action. Order at 11. The Court

---

[8] In addressing the patent causes of action in the California case, the Order states only that "RyMed filed an action in the Central District of California seeking a declaratory judgment that the four patents asserted by ICU in this litigation *are invalid . . .*" Order at 2.

-8-

{00734966;v1}

may have misapprehended the scope of the claims at issue in the California Complaint and the significance of RyMed limiting its Delaware counterclaims to patent issues surrounding a single product. By raising the non-infringement of a new product and asserting state law and other claims in California, where the large majority of facts supporting these allegations took place, RyMed has established that California has a significant interest in resolving the overall dispute between the parties and that Delaware has very little such interest. Further, in light of the new evidence RyMed obtained last week, an even stronger local interest now exists in California.

### a. RyMed Has Pending State Law Claims in the California Action

The pending California Action includes causes of action for common law passing off, and unfair competition and state unfair competition under California Business and Professions Code Sections 17200 and 17500. These counts are based on ICU's unauthorized use of RyMed's Trademark NEUTRAL® mark, ICU's business acts and practices that deceive the public and harm RyMed, and ICU's purposeful and intentional false or misleading statements and advertising. (California Complaint, ¶¶ 17-23; 115-130; D.I. 13, Exh. H). All of this conduct originated in the Central District of California.

The California Action also includes counts for intentional interference with contract and intentional interference with prospective business and economic advantage. The intentional interference with contract is based on a distribution agreement between RyMed and Co-Medical that ICU disrupted. The intentional interference with prospective business is based on ICU's intentional disruption and interference with RyMed's potential customer relationships. (California Complaint, ¶¶ 17-23; 131-143; D.I. 13, Exh. H). ICU's conduct originated in its corporate headquarters in the Central District of California.

### b. RyMed Recently Learned of New Facts Regarding ICU's Conduct

On January 31, 2008, well after the parties' briefing on the motion to transfer concluded and after this Court issued its Order, RyMed learned of recent statements being made by ICU in the marketplace. This evidence was truly unobtainable, as the statements were not even made until after the Order issued. On January 31, 2008, Dana Ryan, Chairman of the Board of

Directors of RyMed, spoke to a potential customer, Fluidnet Corporation.[9] Declaration of Dana William Ryan ("Ryan Decl."), ¶¶ 2-3. Brent Nibarger, Fluidnet's President, revealed that two of ICU's upper management personnel, Alison Burcar (ICU's Vice President of Marketing) and Greg Pratt (ICU's Vice President of Sales) told him earlier in the week that: (1) RyMed's InVision-Plus Septum has serious coring issues whereby green septum fragments can be seen in the luer connection fitting and make their way into the patient's bloodstream; (2) RyMed's InVision-Plus Neutral I.V. Connector System was "recalled" from Duke University and Florida Memorial Health Systems; (3) RyMed will be shut down by the FDA soon; and (4) ICU had RyMed so mired in expensive patent litigation that RyMed can't see the daylight. Ryan Decl., ¶ 3. Each of these allegations is false. Ryan Decl., ¶ 4.[10]

These statements by ICU upper management are newly discovered evidence that was unavailable when the Court issued its Order. They are highly relevant to RyMed's claims against ICU and were made by ICU in California to a potential customer in California. Moreover, these statements reveal that ICU's real motive for filing in Delaware — far away from the center of this dispute in Southern California — is to increase costs to RyMed. ICU's strategy compels a conclusion that the Central District of California is the far more convenient and economical forum for the parties' dispute.

---

[9] Fluidnet is developing new I.V. pump technology and analyzing I.V. connectors made by RyMed and ICU to use with its pumps. Ryan Decl., ¶ 3.

[10] Although ICU might argue that Mr. Ryan's testimony should be considered hearsay and therefore discounted by the Court, RyMed is simply not in the position to compel Mr. Nibarger to provide testimony under oath without the benefit of formal discovery. ICU's false statements to Mr. Nibarger would unquestionably be admissible if Mr. Nibarger could be compelled to provide live testimony at trial — something that can only occur if this case is litigated in California, not Delaware. *See Headon v. Colorado Boys Ranch*, No. 2:04-cv-04847-LDD, 2005 U.S. Dist. LEXIS 44141, *22-23 (E.D. Penn. May 5, 2005) (noting that if case is not transferred, defendant could not invoke Court's subpoena power or compel testimony from third party witnesses who reside in Colorado); *In re Consolidated Parlodel Litigation*, 22 F. Supp. 2d 320, 324 (D.N.J. 1998) (citing cases in support of statement that inability of court to compel live testimony of critical witnesses at trial supports transfer). Moreover, at this early stage in the litigation, hearsay objections should be given little weight. *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 718 (3d Cir. 2004) (admissible evidence is not required for all motions).

### 5. RyMed Recently Learned New Facts Regarding Witness Unwillingness to Testify in Delaware

The Court's Order found the convenience of parties to be ultimately unpersuasive to shift the balance of private factors strongly towards California because it wanted RyMed to prove that third party witnesses were "unwilling to testify voluntarily or that their information is not available in another form."[11]  Order at 8.  According to *Jumara v. State Farm Insurance*, the convenience of witnesses is a private interest factor "to the extent that the witnesses may actually be unavailable for trial" in Delaware.  *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *see also Consolidated Parlodel Litigation*, 22 F. Supp.2d at 324 (inability of court to compel *live* testimony of critical witnesses at trial strongly supports transfer).  Based on Mr. Nibarger's conversation with Mr. Ryan, RyMed now considers Mr. Nibarger an important third party witness to this suit.  Mr. Nibarger resides in Malibu, California — within the Central District's jurisdiction and, thus, subpoena power.  Importantly, Mr. Nibarger indicated that he is unwilling to travel to Delaware to testify in this action.  Ryan Decl., ¶ 5.

### 6. ICU's Forum Shopping Should Be Discouraged

Finally, a failure to transfer this case to California and Judge Pfaelzer will only encourage ICU's brand of forum shopping, as litigants flee from decisions or courts they dislike.  ICU is seeking to avoid the claim construction rulings on the asserted patents from Judge Pfaelzer in the Central District of California — rulings that would eliminate two of the four patents at issue here.  Yet, remarkably ICU attempts to assert these patents again — in front of a different judge.  Not coincidently, Judge Pfaelzer sanctioned ICU in the *Alaris* action for frivolously asserting patent claims it had no basis to assert.  Yang Decl. Exh. 2 (sanctions order).  ICU's forum

---

[11] *But see Consolidated Parlodel Litigation*, 22 F. Supp.2d at 324 ("The methods suggested by Plaintiff [videotaped depositions or cross-examination with records and deposition testimony] are not the equivalent of live testimony by these witnesses.") (citing *In re Eastern District Repetitive Stress Injury Litigation*, 850 F.Supp. 188, 194 (E.D.N.Y. 1994)); *Gulf Oil v. Gilbert*, 330 U.S. 501, 511 (1947) (observing that a trial where parties must try the case based on deposition testimony, not personal attendance, is unsatisfactory).

shopping strategy can only compound the amount of patent litigation present in an already congested court system, and therefore should be discouraged. *See Samsung Electronics Co., Ltd. v. Rambus Inc.*, 386 F. Supp. 2d 708 (E.D. Va. 2005) ("The Court should not ignore the fact that a party has received an unfavorable ruling in one forum, and as a result, attempted to lay venue in a second forum.... It is also apparent that Rambus desperately wanted to avoid litigation in this forum after the Court's ruling in Rambus v. Infineon. On this record, Rambus' conduct is fairly characterized as anticipatory forum selection and forum manipulation.");[12] *see also Capital Records, Inc. v. Optical Recording Corp.*, 810 F. Supp. 1350, 1354 (S.D.N.Y. 1992) (transferring earlier filed patent case to Delaware where a second action was filed, given substantial expertise developed by the Delaware court in related case).

## V.   CONCLUSION

For the aforementioned reasons, RyMed respectfully requests that this Court grant this motion for reargument and transfer this case to the Central District of California.

February 6, 2008

OF COUNSEL:

Henry C. Bunsow, Esq.
K.T. Cherian, Esq.
Scott Wales, Esq.
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Telephone: (415) 848-4900

/s/ Richard D. Kirk (rk0922)
_____
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, Delaware 19899-5130
rkirk@bayardfirm.com
(302) 655-5000

Counsel for Defendant
RYMED TECHNOLOGIES, INC.

---

[12] In *Samsung*, the court noted that "[w]hen currently pending actions raise previously litigated issues, the district in which that litigation took place is in a better position to interpret its prior opinion and deal with parties who have already appeared before that court." (internal citations omitted). *Samsung*, 386 F.Supp. 2d at 724.

-12-

{00734966;v1}

# APPENDIX A

## *JUMARA* FACTOR ANALYSIS

| **Private Interests** | Delaware (ICU) | California (RyMed) | Neutral |
|---|---|---|---|
| 1. Plaintiff's forum preference | X | | |
| 2. Defendant's forum preference | | X | |
| 3. Location of claims | | X[1] | |
| 4. Party convenience re business location and financial condition | | X[2] | |
| 5. Convenience of witnesses | | X[3] | |
| 6. Location of documents | | X[4] | |
| | | | |
| **Public Interests** | | | |
| 1. Enforceability of judgment | | | X |
| 2. Ease, speed or expense of trial | | X[5] | |
| 3. Court congestion | | | X |
| 4. Local interest in deciding local issues | | X[6] | |
| 5. Public policies of two fora | | X[7] | |
| 6. Trial judge's familiarity with state law | | X[8] | |

[1] The non-patent claims RyMed filed in the California Action and the actions on which those claims are based arose primarily in California. No claims arose in Delaware

[2] ICU is based in Southern California and RyMed maintains substantial business activities there; neither party has substantial business activities in Delaware. ICU is bringing this action in Delaware in an attempt to inundate RyMed with costly patent litigation. Litigating in California will be substantially less expensive due to the existing Markman and summary judgment decisions covering the vast majority of claims in the case.

[3] Most key witnesses are located in California; none are located in Delaware. RyMed has identified at least one witness subject to California jurisdiction who is refusing to testify in Delaware and several other witnesses whose availability to testify in Delaware is unknown.

[4] ICU's documents are located in California, as are many of RyMed's documents.

[5] Because Judge Pfaelzer spent 17 months analyzing three of the four patents currently in suit and issued Markman and summary judgment orders which will be dispositive of the vast majority of the claims in this case, the expense of trial will be decreased significantly, and the trial will be much easier and speedier, if it is held in California.

[6] California has an interest in allowing fair competition and providing redress for ICU's ongoing, California-based, wrongful interference with RyMed's business relations.

[7] The federal courts have a strong interest in preventing forum shopping. That policy is especially persuasive here where ICU first filed claims to enforce its patents in its home district in Southern California, but now seeks to litigate those same patents in Delaware to escape the Central District's adverse rulings invalidating many of the patent claims.

[8] Judge Pfaelzer will be more familiar with RyMed's unfair competition and interference claims because they are based on and arise under California state law.

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that, on February 6, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esquire
Kenneth L. Dorsney, Esquire
Potter, Anderson & Corroon, LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899

The undersigned counsel further certifies that, on February 6, 2008, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

James Pooley, Esquire
Marc Peters, Esquire
Kimberly Van Voorhis, Esquire
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA  94304

/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{00666484;v1}