**IN THE UNITED STATES DISTRICT COURT**
**FOR DISTRICT OF DELAWARE**

ICU MEDICAL, INC.,

          Plaintiff,

   v.

RYMED TECHNOLOGIES, INC.,

          Defendant.

Civil Action No. 07-468-JJF

**DECLARATION OF IRENE YANG IN SUPPORT OF DEFENDANT RYMED TECHNOLOGIES, INC.'S MOTION FOR REARGUMENT OF MEMORANDUM ORDER DENYING MOTION TO TRANSFER VENUE**

DM_US:20707590_2

I, Irene Yang, declare as follows:

1. I am an attorney in the law firm of Howrey LLP, counsel of record for RyMed Technologies, Inc. ("RyMed") in the above-captioned case. I make each of the statements below based on my own personal knowledge, and if called as a witness, I could and would testify competently to the contents of this declaration.

2. Attached hereto as Exhibit 1 is a true copy of excerpts from the History/Documents sheet in the Central District of California Action *ICU Medical, Inc. v. Alaris Medical Systems, Inc.*, Case No. 8:04-CV-00689-MRP-VBK, printed on January 30, 2008.

3. Attached hereto as Exhibit 2 is a true copy of Judge Mariana R. Pfaelzer's April 16, 2007 Order Granting in Part Defendant Alaris' Motion for Fees, Costs and Expenses Under 35 U.S.C. § 285 and Granting Defendant Alaris' Motion for Sanctions Pursuant to Fed. R. Civ. P. 11 in the Central District of California Action *ICU Medical, Inc. v. Alaris Medical Systems, Inc.*, Case No. 8:04-CV-00689-MRP-VBK.

I declare under penalty of perjury under the laws of United States of America that the foregoing is true and correct. Executed on February 5, 2008 at San Francisco, California.

Irene Yang

# EXHIBIT 1

**8:04-cv-00689-MRP-VBK** ICU Medical Inc v. Alaris Medical Systems Inc
Mariana R. Pfaelzer, presiding
Victor B. Kenton, referral
**Date filed:** 06/16/2004
**Date terminated:** 09/21/2007 **Date of last filing:** 12/19/2007

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| -- | *Filed:* <br> *Entered:* | 06/16/2004 <br> 06/21/2004 | Summons Issued |
| | *Docket Text:* 20 Day Summons Issued re Complaint [1] as to Alaris Medical Systems Inc. (tso, ) | | |
| -- | *Filed:* <br> *Entered:* | 06/16/2004 <br> 06/21/2004 | Report on Filing of Patent/Trademark Action (Initial Notification)(AO 120) |
| | *Docket Text:* REPORT ON THE FILING OF AN ACTION REGARDING PATENT (cc: form mailed to Washington, D.C.) (Opening) (tso, ) | | |
| 1 | *Filed:* <br> *Entered:* | 06/16/2004 <br> 06/21/2004 | Complaint - (Discovery) |
| | *Docket Text:* COMPLAINT against Defendants Alaris Medical Systems Inc. (Filing fee $ 150) Jury Demanded; filed by Plaintiff ICU Medical Inc.(tso, ) | | |
| 2 | *Filed:* <br> *Entered:* | 06/16/2004 <br> 06/21/2004 | Certificate of Interested Parties |
| | *Docket Text:* CERTIFICATION as to Interested Parties filed by Plaintiff ICU Medical Inc. (tso, ) | | |
| 3 | *Filed:* <br> *Entered:* | 06/18/2004 <br> 06/21/2004 | Service of Summons and Complaint Returned Executed (20 days) |
| | *Docket Text:* COPY OF PROOF OF SERVICE Executed by plaintiff ICU Medical Inc, upon Alaris Medical Systems Inc served on 6/17/2004, answer due 7/7/2004. The Summons and Complaint were served by personal service, by State statute, upon Becky Degeorge, agent for service. Due Dilligence declaration not attached. Original Summons returned. (twdb, ) | | |
| 4 | *Filed:* <br> *Entered:* <br> *Terminated:* | 06/18/2004 <br> 06/22/2004 <br> 06/24/2004 | Ex Parte Application for Order to Show Cause |
| | *Docket Text:* EX PARTE APPLICATION for Temporary Restraining Order and EX PARTE APPLICATION for Order to Show Cause why a preliminary injunction should not issue, filed by plaintiff ICU Medical Inc. Lodged Proposed temporary restraining order; proposed order to show cause. (twdb, ) | | |
| 5 | *Filed:* <br> *Entered:* | 06/18/2004 <br> 06/22/2004 | Memorandum in Support of Motion |
| | *Docket Text:* MEMORANDUM of points and authorities in Support of EX PARTE APPLICATION for Order to Show Cause and EX PARTE APPLICATION for Temporary Restraining Order [4] filed by plaintiff ICU Medical Inc. (twdb, ) | | |
| | *Filed:* <br> *Entered:* | 06/18/2004 <br> 06/22/2004 | Declaration (Motion related) |

|  | Entered: | 07/08/2005 | |
|---|---|---|---|
| 128 | *Docket Text:* ANSWER to Counterclaim [111] filed by plaintiff and counterdefendant ICU Medical Inc.(mu, ) | | |
|  | *Filed:*<br>*Entered:*<br>*Terminated:* | 09/02/2005<br>09/07/2005<br>04/13/2006 | Motion for Leave |
| 129 | *Docket Text:* NOTICE OF MOTION AND MOTION for Leave to Modify the Scheduling Order and file a Second Amended Answer and Counterclaims filed by defendant Alaris Medical Systems Inc. Motion set for hearing on 11/14/2005 at 10:00 AM before Honorable Alicemarie H. Stotler. Lodged Order. (mu, ) | | |
|  | *Filed:*<br>*Entered:* | 09/02/2005<br>09/07/2005 | Memorandum in Support of Motion |
| 130 | *Docket Text:* MEMORANDUM of Points and Authorities in Support of MOTION for Leave to Modify the Scheduling Order and file a Second Amended Answer and Counterclaims [129] filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
|  | *Filed:*<br>*Entered:* | 09/02/2005<br>09/07/2005 | Notice (Other) |
| 131 | *Docket Text:* NOTICE of Lodging of a Second Amended Answer and Counterclaims filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
|  | *Filed:*<br>*Entered:* | 09/02/2005<br>09/07/2005 | Declaration (Motion related) |
| 132 | *Docket Text:* DECLARATION of Scott P McBride in support of Memorandum of Points and Authorities in support of MOTION for Leave to Modify the Scheduling Order and file a Second Amended Answer and Counterclaims [129] filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
|  | *Filed:*<br>*Entered:*<br>*Terminated:* | 09/19/2005<br>09/22/2005<br>08/27/2006 | Motion for Sanctions |
| 133 | *Docket Text:* NOTICE OF MOTION AND MOTION for Sanctions filed by defendant, counterclaimant Alaris Medical Systems Inc(a Delaware corproation. Motion set for hearing on 11/14/2005 at 10:00 AM before Honorable Alicemarie H. Stotler. Lodged Order. (twdb, ) Modified on 9/22/2005 (twdb, ). | | |
|  | *Filed:*<br>*Entered:* | 09/19/2005<br>09/22/2005 | Memorandum in Support of Motion |
| 134 | *Docket Text:* MEMORANDUM of points and authorities in Support of MOTION for Sanctions [133] filed by defendant, counterclaimants Alaris Medical Systems Inc(. (twdb, ) Modified on 9/22/2005 (twdb, ). | | |
|  | *Filed:*<br>*Entered:* | 09/19/2005<br>09/22/2005 | Motion Related Document |
| 135 | *Docket Text:* NOTICE OF LODGING OF PROPOSED ORDER Granting defendant Alaris Medical Systems, Inc.'s MOTION for Sanctions[133] filed by defendant, counterclaimant Alaris Medical Systems Inc. (twdb, ) Modified on 9/22/2005 (twdb, ). | | |
|  | *Filed:*<br>*Entered:*<br>*Terminated:* | 09/19/2005<br>09/22/2005<br>07/17/2006 | Motion for Partial Summary Judgment |

| 136 | *Docket Text:* NOTICE OF MOTION AND MOTION for Partial Summary Judgment of Noninfringement of "Spike" Claims filed by defendant, counterclaimant Alaris Medical Systems Inc. Motion set for hearing on 11/14/2005 at 10:00 AM before Honorable Alicemarie H. Stotler. Lodged Order and statement of uncontroverted facts. (twdb, ) |
|---|---|

| 137 | *Filed:* 09/19/2005 *Entered:* 09/22/2005 | Memorandum in Support of Motion |
|---|---|---|
| | *Docket Text:* MEMORANDUM of points and authorities in Support of MOTION for Partial Summary Judgment[136] filed by defendant Alaris Medical Systems Inc. (twdb, ) | |

| 138 | *Filed:* 09/19/2005 *Entered:* 09/22/2005 | Declaration (Motion related) |
|---|---|---|
| | *Docket Text:* DECLARATION of Jonathan Wygant in support of MOTION for Partial Summary Judgment[136] filed by defendant Alaris Medical Systems Inc. (twdb, ) | |

| 139 | *Filed:* 09/19/2005 *Entered:* 09/22/2005 | Motion Related Document |
|---|---|---|
| | *Docket Text:* NOTICE OF LODGING OF PROPOSED JUDGMENT granting Allaris's MOTION for Partial Summary Judgment[136] filed by defendant Alaris Medical Systems Inc. (twdb, ) | |

| 140 | *Filed:* 09/19/2005 *Entered:* 09/22/2005 | Declaration (Motion related) |
|---|---|---|
| | *Docket Text:* DECLARATION of David D. Headrick in support of MOTION for Partial Summary Judgment[136] filed by defendant Alaris Medical Systems Inc. (twdb, ) | |

| 141 | *Filed:* 09/20/2005 *Entered:* 09/22/2005 *Terminated:* 09/21/2005 | Application to Seal |
|---|---|---|
| | *Docket Text:* APPLICATION to File Exhibit A to Declaration of Jancie F McCampbell Under Seal filed by defendant Alaris Medical Systems Inc. Lodged Proposed Order. (mu, ) | |

| 142 | *Filed:* 09/20/2005 *Entered:* 09/22/2005 | Motion Related Document |
|---|---|---|
| | *Docket Text:* NOTICE OF LODGING OF PHYSICAL EXHIBITS in support of MOTION for Partial Summary Judgment of Noninfringement of Spike Claims [136] filed by defendant Alaris Medical Systems Inc. (mu, ) | |

| 143 | *Filed:* 09/21/2005 *Entered:* 09/22/2005 | Order on Application to Seal (document) |
|---|---|---|
| | *Docket Text:* ORDER by Judge Alicemarie H. Stotler: IT IS HEREBY ORDERED that Defendant's Application [141] is GRANTED. The Clerk of the Court shall file under seal Exhibit A to the Declaration of Janice F McCampbell. (mu, ) | |

| 144 | *Filed:* 09/21/2005 *Entered:* 09/22/2005 | Declaration (Motion related) |
|---|---|---|
| | *Docket Text:* DECLARATION of Janice F McCampbell in support of Motion for Sanctions [133] and Motion for Partial Summary Judgment of Noninfringement of Spike Claims [136], filed by defendant Alaris Medical Systems Inc. (mu, ) | |

| -- | *Filed & Entered:* 09/23/2005 | Fax Number |
|---|---|---|
| | *Docket Text:* FAX number for Attorney Stephen F Sherry is 312-775-8100. (mu, ) | |

| | *Filed & Entered:* 09/23/2005 | Fax Number |
|---|---|---|

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Application to Seal |
| | *Entered:* | 01/24/2006 | |
| | *Terminated:* | 01/24/2006 | |
| 226 | *Docket Text:* APPLICATION to File ICU's Opposition to Alaris' Motion for Partial Summary Judgment of Non-Infringement and Declaration of Maureen Reitman Under Seal pursuant to Local Rule 79-5.1 filed by plaintiff and counter defendant ICU Medical Inc. Lodged Order. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Statement (Motion related) |
| 227 | *Entered:* | 01/24/2006 | |
| | *Docket Text:* STATEMENT of Genuine Issues in opposition to Motion for Summary Judgment [136] filed by plaintiff and counter defendant ICU Medical Inc. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Response in Opposition to Motion |
| | *Entered:* | 01/24/2006 | |
| 228 | *Docket Text:* OPPOSITION to Motion for Leave to Modify the Scheduling Order and file a Second Amended Answer and Counterclaims [129] filed by plaintiff and counter defendant ICU Medical Inc. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Declaration (Motion related) |
| | *Entered:* | 01/24/2006 | |
| 229 | *Docket Text:* DECLARATION of Joseph Warren in support of Opposition to Motion for Leave to Modify the Scheduling Order and file a Second Amended Answer and Counterclaims [129] filed by plaintiff and counter defendant ICU Medical Inc. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Declaration (Motion related) |
| | *Entered:* | 01/24/2006 | |
| 230 | *Docket Text:* DECLARATION of Bob Rogers in Opposition to Motion for Partial Summary Judgment of Non-Infringement of Claims [136] filed by plaintiff and counter defendant ICU Medical Inc. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Declaration (Motion related) |
| | *Entered:* | 01/24/2006 | |
| 231 | *Docket Text:* DECLARATION of Marc David Peters in Opposition to Motion for Partial Summary Judgment of Noninfringement of Claims [136] filed by plaintiff and counter defendant ICU Medical Inc. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Motion Related Document |
| | *Entered:* | 01/24/2006 | |
| 232 | *Docket Text:* NOTICE OF LODGING COMPACT DISCS IN OPPOSITION TO Motion for Partial Summary Judgment of Noninfringement [136] filed by plaintiff ICU Medical Inc. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Motion Related Document |
| | *Entered:* | 01/24/2006 | |
| 233 | *Docket Text:* OBJECTIONS TO THE DECLARATION OF JANICE F McCAMPBELL IN SUPPORT OF Motion for Rule 11 Sanctions [133] and Motion for Partial Summary Judgment of Noninfringement [136] filed by plaintiff and counter defendant ICU Medical Inc. (mu, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 01/23/2006 | Declaration (Motion related) |
| | *Entered:* | 01/24/2006 | |
| 234 | *Docket Text:* DECLARATION of S Christian Platt in support of Opposition to Motion for Rule 11 Sanctions [133] filed by plaintiff ICU Medical Inc. (mu, ) | | |

| | | |
|---|---|---|
| *Filed:* | 01/24/2006 | Stipulation and Order |
| *Entered:* | 01/25/2006 | |
| 235 | *Docket Text:* STIPULATION AND ORDER continuing hearing as to ICU MOTION to Compel Discovery from Third Party Fulwider Patton Lee and Utecht LLP [217] to 2/14/2006 at 10:00 AM; motion and joint stipulatioin : filed 1/13/06;supplemental briefs: served and filed 1/31/06 by Magistrate Judge Victor B. Kenton (lc, ) | |
| | *Filed:* | 01/24/2006 | Order |
| | *Entered:* | 01/25/2006 | |
| 236 | *Docket Text:* ORDER by Chief Judge Alicemarie H. Stotler: IT IS SO ORDERED that Plaintiff ICU Medical Inc's Application [225] is GRANTED. The Clerk of Court shall file under seal the confidential version of (1) ICU's Opposition to Alaris Medical Systems, Inc's Motion for Rule 11 Sanctions; and (2) Declaration of Alison D Burcar in Support of ICU's Opposition and Exhibits A and B attached thereto. (mu, ) | |
| | *Filed:* | 01/24/2006 | Order |
| | *Entered:* | 01/25/2006 | |
| 237 | *Docket Text:* ORDER by Chief Judge Alicemarie H. Stotler: IT IS SO ORDERED that Plaintiff ICU Medical Inc's Application [226] is GRANTED. The Clerk of Court shall file under seal the confidential verson of (1) ICU's Opposition to Alaris Medical Systems, Inc's Motion for Partial Summary Judgment on Non Infringement of Claims and (2) Declaration of Maureen Reitman in Support of ICU's Opposition including the exhibits attached thereto. (see document for complete details) (mu, ) | |
| | *Filed:* | 01/24/2006 | Response in Opposition to Motion |
| | *Entered:* | 01/25/2006 | |
| 238 | *Docket Text:* SEALED DOCUMENT - OPPOSITION to Motion for Rule 11 Sanctions [133]. (mu, ) | |
| | *Filed:* | 01/24/2006 | Declaration (Motion related) |
| | *Entered:* | 01/25/2006 | |
| 239 | *Docket Text:* SEALED DOCUMENT - DECLARATION of Alison D Burcar in support of Opposition to Motion for Rule 11 Sanctions [133]. (mu, ) | |
| | *Filed:* | 01/24/2006 | Response in Opposition to Motion |
| | *Entered:* | 01/25/2006 | |
| 240 | *Docket Text:* SEALED DOCUMENT - OPPOSITION to Motion for Partial Summary Judgment of Noninfringement of Claims 1, 3-4, 6-7, of Patent Number 5,685,866, Claims 1-2 of Patent Number 5,873,862, and Claims 11-12 and 19 of Patent Number 6,572,592 [136]. (mu, ) | |
| | *Filed:* | 01/24/2006 | Declaration (Motion related) |
| | *Entered:* | 01/25/2006 | |
| 241 | *Docket Text:* SEALED DOCUMENT - DECLARATION of Maureen Reitman in Opposition to Motion for Partial Summary Judgment of Noninfringement of Claims 1, 3-4, 6-7, of Patent Number 5,685,866, Claims 1-2 of Patent Number 5,873,862, and Claims 11-12 and 19 of Patent Number 6,572,592 [136]. (mu, ) | |
| | *Filed:* | 01/30/2006 | Response in Opposition to Motion |
| | *Entered:* | 02/02/2006 | |
| 243 | *Docket Text:* OPPOSITION to MOTION to Bifurcate the issue of willfulness from the liability issues[210] filed by plaintiff ICU Medical Inc. (esa, ) | |
| | *Filed:* | 01/30/2006 | Declaration (Motion related) |

Order. (mu, )

| | | | |
|---|---|---|---|
| 275 | *Filed:* | 02/06/2006 | Motion Related Document |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* SEALED DOCUMENT - REPLY BRIEF IN SUPPORT OF Motion for Sanctions pursuant to FRCP 11 [133]. (mu, ) Modified on 2/14/2006 (mu, ). | | |
| 276 | *Filed:* | 02/06/2006 | Motion Related Document |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* SEALED DOCUMENT - REPLY BRIEF in support of Motion for Partial Summary Judgment of Noninfringement of Spike Claims [136]. (mu, ) | | |
| 282 | *Filed:* | 02/06/2006 | Motion Related Document |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* REPLY BRIEF in support of Motion for Partial Summary Judgment of Noninfringement of Spike Claims [136] filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
| 283 | *Filed:* | 02/06/2006 | Motion Related Document |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* REPLY BRIEF in support of Motion for Sanctions pursuant to FRCP 11 [133] filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
| 284 | *Filed:* | 02/06/2006 | Declaration (Motion related) |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* DECLARATION of David D Headrick in support of Reply Brief in support of Motion for Partial Summary Judgment of Noninfringement of Spike Claims [136] and Reply Brief in support of Motion for Sanctions to FRCP 11 [133] filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
| 285 | *Filed:* | 02/06/2006 | Reply (Motion related) |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* REPLY on Motion to Bifurcate the issue of willfulness from liability issues [210] filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
| 286 | *Filed:* | 02/06/2006 | Response in Opposition to Motion |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* OBJECTIONS to the Declaration of Bob Rogers submitted by ICU in Opposition to Motion for Partial Summary Judgment [136] filed by defendant and counter claimant Alaris Medical Systems Inc. (mu, ) | | |
| 287 | *Filed:* | 02/06/2006 | Response (non-motion) |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* RESPONSE to Objections to the Declaration of Janice McCampbell [233] filed by Defendant Alaris Medical Systems Inc. (mu, ) | | |
| 288 | *Filed:* | 02/06/2006 | Declaration (Motion related) |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* REBUTTAL DECLARATION of Neil Sheehan in support of Reply to Motion for Partial Summary Judgment of Noninfringement [136] filed by defendant Alaris Medical Systems Inc. (mu, ) | | |
| 289 | *Filed:* | 02/06/2006 | Motion Related Document |
| | *Entered:* | 02/14/2006 | |
| | *Docket Text:* OBJECTIONS TO THE DECLARATION OF MAUREEN REITMAN | | |

| | | |
|---|---|---|
| | Support of re MOTION to Compel ICU's Response to Alaris's Requests for Production Nos, 9,10,11,23,27,38,39 [310] filed by Defendant Alaris Medical Systems Inc. (yl, ) | |
| **312** | *Filed:* 03/07/2006<br>*Entered:* 03/14/2006 | Motion Related Document |
| | *Docket Text:* JOINT STIPULATION FILED IN SUPPORT OF And In Opposition to Defendant's Alaris Medical Systems Inc's MOTION to Compel ICU's Response to Alaris's Requests for Production Nos, 9,10,11,23,27,38,39 [310] filed by Defendant and Plaintiff ICU Medical Inc(a Delaware corporation) and Alaris Medical Systems Inc. (yl, ) | |
| **313** | *Filed:* 03/07/2006<br>*Entered:* 03/14/2006 | Motion Related Document |
| | *Docket Text:* NOTICE OF LODGING ITS PROPOSED ORDER Granting Motion to Compel ICU's Response to Alaris's Requests for Production Nos, 9,10,11,23,27,38,39 [310] filed by Defendant Alaris Medical Systems Inc. (yl, ) | |
| **314** | *Filed:* 03/07/2006<br>*Entered:* 03/14/2006 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of DAVID D. HEADRICK IN SUPPORT AND IN OPPOSITION To Defendant Alaris Medical Systems, Inc.'s Motion to Compel ICU's Response to Alaris's Request for Production[310] filed by Defendant Alaris Medical Systems Inc. (yl, ) | |
| **315** | *Filed:* 03/07/2006<br>*Entered:* 03/14/2006 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of Marc David In Opposition to MOTION to Compel ICU's Response to Alaris's Requests for Production Nos, 9,10,11,23,27,38,39 [310] filed by Plaintiff ICU Medical Inc. (yl, ) | |
| **316** | *Filed:* 03/13/2006<br>*Entered:* 03/21/2006<br>*Terminated:* 03/20/2006 | Motion for Leave to File Document |
| | *Docket Text:* NOTICE OF MOTION AND MOTION for Leave to file Sur-Reply Briefs in response to Alaris Medical Systems Motion for Partial Summary Judgment of Non-Infringement and Motion for Sanctions Pursuant to FRCP 11 filed by plaintiff ICU Medical Inc. Motion set for hearing on 4/3/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. (jp, ) | |
| **317** | *Filed:* 03/13/2006<br>*Entered:* 03/21/2006 | Memorandum in Support of Motion |
| | *Docket Text:* MEMORANDUM OF POINTS AND AUTHORITIES in Support of ICU Medical Inc MOTION for Leave to file Sur-Reply Briefs in Opposition to Alaris Medical Systems Motion for Partial Summary Judgment of Non-Infringement and Motion for Sanctions Pursuant to FRCP 11 [316] filed by plaintiff ICU Medical Inc. (jp, ) | |
| **318** | *Filed:* 03/13/2006<br>*Entered:* 03/21/2006 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of MARC DAVID PETERS in support of MOTION for Leave to file Sur-Reply Briefs in response to Alaris Medical Systems Motion for Partial Summary Judgment of Non-Infringement and Motion for Sanctions Pursuant to FRCP 11 [316] filed by plaintiff ICU Medical Inc. (jp, ) | |
| **319** | *Filed:* 03/13/2006<br>*Entered:* 03/21/2006 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of KIMBERLY N. VAN VOORHIS in support of MOTION for | |

|  | | |
|---|---|---|
| | Leave to file Sur-Reply Briefs in response to Alaris Medical Systems Motion for Partial Summary Judgment of Non-Infringement and Motion for Sanctions Pursuant to FRCP 11 [316] filed by plaintiff ICU Medical Inc. (jp, ) | |
| 320 | *Filed:*          03/13/2006<br>*Entered:*      03/21/2006<br>*Terminated:*   02/21/2007 | Application to Seal |
| | *Docket Text:* APPLICATION to Seal Exhibits 1 and 2 to the Notice of Lodging Sur-Reply Briefs filed by plaintiff ICU Medical Inc. (jp, ) | |
| 321 | *Filed:*          03/16/2006<br>*Entered:*      03/23/2006<br>*Terminated:*   02/21/2007 | Application to Seal |
| | *Docket Text:* APPLICATION to Seal portions of proposed ICU sur-reply in opposition to Alaris's motion for partial summary judgment and Van Voorhis declaration filed by plaintiff ICU Medical Inc. Lodged proposed order. (bp, ) | |
| 328 | *Filed:*          03/16/2006<br>*Entered:*      03/29/2006<br>*Terminated:*   02/21/2007 | Application for Leave to File |
| | *Docket Text:* APPLICATION for Leave to File to seal portions of proposed ICU sur-reply in opposition to Alaris motion for summary judgment and Van Voorhis declaration filed by plaintiff, counter defendants ICU Medical Inc. Application set for hearing on 4/3/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged exhibits, sur-reply in opposition. (lc, ) | |
| -- | *Filed:*          03/20/2006<br>*Entered:*      03/30/2006 | Placed in file - not used |
| | *Docket Text:* PLACED IN FILE - NOT USED re Order ICU Medical Inc's Application to Seal Portions of the ICU Sur-Reply in Opposition to Alaris's Motion for Partial Summary Judgment and Van Voorhis Declaration submitted by plaintiff ICU Medical Inc. (rla, ) | |
| -- | *Filed:*          03/20/2006<br>*Entered:*      03/30/2006 | Placed in file - not used |
| | *Docket Text:* PLACED IN FILE - NOT USED re Order Granting ICU Medical Inc's Application to Seal Portions of the ICU Sur-Reply in Opposition to Alaris's Motion for Partial Summary Judgememt and Van Voorhis Declaration submitted by plaintiff ICU Medical Inc. (rla, ) | |
| -- | *Filed:*          03/20/2006<br>*Entered:*      03/30/2006 | Placed in file - not used |
| | *Docket Text:* PLACED IN FILE - NOT USED re Order Granting ICU Medical Inc's Application to Seal Exhibits 1 and 2 to the Notice of Lodging Sur-Reply Briefs submitted by plaintiff ICU Medical Inc. (rla, ) | |
| -- | *Filed:*          03/20/2006<br>*Entered:*      03/30/2006 | Placed in file - not used |
| | *Docket Text:* PLACED IN FILE - NOT USED re Order Granting ICU Medical Inc's Motion for Leave to File Sur-Reply Briefs in Response to Alaris Medical System's Motion for Partial Summary Judgment of Non-Infringement and Motion for Sanctions Pursuant to Fed R Civ P 11 submitted by plaintiff ICU Medical Inc. (rla, ) | |
| 322 | *Filed:*          03/20/2006<br>*Entered:*      03/24/2006 | Order |
| | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer denying ICU MOTION for Leave to file | |

| | |
|---|---|
| | Sur-Reply Briefs in response to Alaris Medical Systems Motion for Partial Summary Judgment of Non-Infringement and Motion for Sanctions[316] (lc, ) |
| **323** | *Filed:*            03/20/2006   Application to Seal<br>*Entered:*       03/26/2006<br>*Terminated:*   02/21/2007 |
| | *Docket Text:* APPLICATION to file Under Seal (1) Alaris Opposition Brief to Plaintiff ICU Motion for leave to file Sur-Reply Briefs and (2) Exhibits I, J and K to the 3/20/06 Headrick Declaration filed by Defendant Alaris Medical Systems Inc. Application set for hearing on 4/3/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged Proposed Order. (ir, ) |
| **324** | *Filed:*      03/20/2006   Motion Related Document<br>*Entered:*   03/26/2006 |
| | *Docket Text:* NOTICE OF LODGING Proposed Order granting Defendant Alaris Medical System Inc Application to file under seal (1) Alaris Opposition Brief to Plaintiff ICU Motion for leave to file Sur-Reply Briefs and (2) Exhibits I, J and K to the 3/20/06 Headrick Declaration [323] filed by Defendant Alaris Medical Systems Inc. (ir, ) |
| **325** | *Filed:*      03/20/2006   Motion Related Document<br>*Entered:*   03/26/2006 |
| | *Docket Text:* NOTICE OF LODGING (1) Alaris Opposition Brief to Plaintiff ICU Motion for leave to file Sur-Reply Briefs and (2) Exhibits I, J and K to the 3/20/06 Headrick Declaration [323] filed by Defendant Alaris Medical Systems Inc. (ir, ) |
| **--** | *Filed:*      03/21/2006   Placed in file - not used<br>*Entered:*   03/26/2006 |
| | *Docket Text:* PLACED IN FILE - NOT USED re Joint Stipulation relating to the Scheduling Order submitted by Defendant Alaris Medical Systems Inc and Plaintiff ICU Medical Inc. (ir, ) |
| **326** | *Filed & Entered:*      03/27/2006   In Chambers Order/Directive - no proceeding held |
| | *Docket Text:* MINUTES OF IN CHAMBERS ORDER by Judge Mariana R. Pfaelzer : Status Conference set for 3/29/2006 11:15 AM.Court Reporter: none. (lc, ) |
| **327** | *Filed & Entered:*      03/27/2006   In Chambers Order/Directive - no proceeding held |
| | *Docket Text:* MINUTES OF IN CHAMBERS ORDER by Judge Victor B. Kenton : The Court is in receipt of Defdant's Motion to Compel ICU's Response to Alaris's Requests for Production Nos. 9, 10, 11, 23, 27, 38, 39, calendared for April 3,2006, before Judge Pfaelzer. The motion is hereby rescheduled to Tuesday, April 25, 2006 at 10:00 a.m. before Magistrate Judge Kenton. (rh, ) |
| **329** | *Filed:*            03/27/2006   Application for Leave to File<br>*Entered:*       03/29/2006<br>*Terminated:*   03/29/2006 |
| | *Docket Text:* APPLICATION for Leave to File under seal a portion of Alaris supplemental memorandum in support of Alaris motion to compel ICU to produce ICU waived Medex opinions filed by defendant Alaris Medical Systems Inc. Application set for hearing on 4/3/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged order, sealed document. (lc, ) Modified on 3/29/2006 (lc, ). |
| **330** | *Filed:*      03/27/2006   Motion Related Document<br>*Entered:*   03/29/2006 |
| | *Docket Text:* NOTICE OF LODGING under seal of portion of alaris supplemntal memorandum in support of motion to compel ICU to produce ICU waived Medex opinions re APPLICATION |

| | Counterclaims[129] Motion set for hearing on 4/10/2006 at 10:30 AM before Judge Mariana R. Pfaelzer.(lc, ) |
|---|---|
| **344** | *Filed:* 04/07/2006   Stipulation and Order<br>*Entered:* 04/10/2006 |
| | *Docket Text:* STIPULATION AND ORDER regarding case schedule[333]: Plaintiff file 35 page markman opening brief (expert declarations may accompany brief): 5/9/06; defendant Alaris file 50 page markman opposition brief (expert declarations may accompany brief: 6/2/06; plaintiff file 15 page markman reply breif (rebuttal expert declarations may accompany brief: 6/12/06; Markman hearing (attorney argument only): 6/21/06 11:00; hearing on Alaris MOTION for Partial Summary Judgment[136] of non-infringement of spike claims and rule 11 sanctions: 6/22/06 11:00 AM; counterclaimant/plaintiff expert disclosures: 8/11/06; respondent/defendant expert disclosure: 9/8/06; coutnerclaimant/plaintiff rebuttal report fact discovery cutoff: 10/6/06; expert discovery and all discovery motion filing cutoff: 10/6/06; all dispositive motions be served and filed: 10/27/06; Final Pretrial Conference set for 1/29/2007 11:00 AM ; trial: 2/20/07, 9:30 AM by Judge Mariana R. Pfaelzer.(lc, ) |
| 345 | *Filed:* 04/07/2006   Declaration (non-motion)<br>*Entered:* 04/12/2006 |
| | *Docket Text:* DECLARATION of Kimberly N Van Voorhis in opposition re Declaration of David D Headrick regarding court direct for parties to meet and confer regarding limiting number of claims and patents [342] filed by Plaintiff ICU Medical Inc. (lc, ) |
| 346 | *Filed:* 04/07/2006   Objections - non-motion<br>*Entered:* 04/13/2006 |
| | *Docket Text:* OBJECTIONS to DECLARATION of David D Headrick regarding courts direction for parties to meet and confer regarding limiting the number of claims and patents[342] filed by Plaintiff ICU Medical Inc. (lc, ) |
| **348** | *Filed:* 04/10/2006   Motion Hearing<br>*Entered:* 04/14/2006 |
| | *Docket Text:* MINUTES OF Motion Hearing held before Judge Mariana R. Pfaelzer : RE: defendants MOTION to Bifurcate the issue of willfulness from the liability issues is granted [210]; defendants MOTION for Leave to Modify the Scheduling Order and file a Second Amended Answer and Counterclaims stands submitted[129]; number of patents and claims in this action shall be narowed; court advises counsel that it will not construe more than 10 terms;Court Reporter: Margaret Babykin. (lc, ) |
| 349 | *Filed:* 04/12/2006   Notice (Other)<br>*Entered:* 04/18/2006 |
| | *Docket Text:* NOTICE OF LODGING OF PRIVILEGED DOCUMENTS DIRECTLY SUBMITTED TO JUDGE PFAELZER CHAMBERS SOLELY FOR COURT IN CAMERA REVIEW PURSUANT TO COURT DIRECTIVE filed by defendant Alaris Medical Systems Inc. Lodged 3 notebooks (pj, ) |
| **347** | *Filed:* 04/13/2006   In Chambers Order/Directive - no proceeding held<br>*Entered:* 04/14/2006 |
| | *Docket Text:* MINUTES OF IN CHAMBERS ORDER held before Judge Mariana R. Pfaelzer: Court grants [129] defendants Motion for Leave to modify scheduling order and file second amended answer and counter claims and grants [210] defendants Motion to Bifurcate issue of willfulness from liability issues; liability and damages shal be tried by jury in first phase of case; if jury finds liability, court shall grant no more than three court days for the plaintiff to examine |

| 355 | Docket Text: OPENING BRIEF ON CLAIM CONSTRUCTION (public redacted version)FILED filed by plaintiff ICU Medical Inc. (lc, ) | | |
|---|---|---|---|
| 356 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of Kimberly N Van Voorhis in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] filed by Plaintiff ICU Medical Inc. (lc, ) | | |
| 357 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] - Exhibit B filed by Plaintiff ICU Medical Inc. (lc, ) | | |
| 358 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] - Exhibit C filed by Plaintiff ICU Medical Inc.(lc, ) | | |
| 359 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] - Exhibit D filed by Plaintiff ICU Medical Inc.(lc, ) | | |
| 360 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] - Exhibit E filed by Plaintiff ICU Medical Inc.(lc, ) | | |
| 361 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] - Exhibit F filed by Plaintiff ICU Medical Inc.(lc, ) | | |
| 362 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] - Exhibit G filed by Plaintiff ICU Medical Inc. (lc, ) | | |
| 363 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] - Exhibit H filed by Plaintiff ICU Medical Inc.(lc, ) | | |
| 364 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of Bob Rogers in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355] filed by Plaintiff ICU Medical Inc.(lc, ) | | |
| 365 | *Filed:* | 05/09/2006 | Declaration (non-motion) |
| | *Entered:* | 05/10/2006 | |
| | Docket Text: DECLARATION of S Christian Platt in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [355]-Prosecution histories-Exhibit A filed by Plaintiff ICU Medical Inc.(lc, ) | | |

| 387 | Filed: | 05/30/2006 | Motion Related Document |
| | Entered: | 06/02/2006 | |
| | Docket Text: NOTICE OF LODGING OPINIONS OF COUNSEL FOR IN CAMERA REVIEW [[371] filed by plaintiff ICU Medical Inc. Lodged sealed documents with CRD (lc, ) | | |
| 388 | Filed: | 06/02/2006 | Objections - non-motion |
| | Entered: | 06/05/2006 | |
| | Docket Text: OBJECTIONS to DECLARATION of Bob Rogers in support re OPENING BRIEF ON CLAIM CONSTRUCTION Brief [364] filed by Defendant Alaris Medical Systems Inc. (lc, ) | | |
| 389 | Filed: | 06/02/2006 | Application for Leave to File |
| | Entered: | 06/05/2006 | |
| | Terminated: | 06/05/2006 | |
| | Docket Text: APPLICATION for Leave to File to file under seal designated portions of alaris claim construction brief, exhibits 5,7,11,12,15,16,17 30 and 41 of 6/2/06 declaration of David D Headrick in support of alaris claim construction brief filed by defendant Alaris Medical Systems Inc. Application set for hearing on 6/21/2006 at 10:00 AM before Magistrate Judge Paul L. Abrams. (lc, ) Modified on 6/5/2006 (lc, ). | | |
| 390 | Filed: | 06/02/2006 | Motion Related Document |
| | Entered: | 06/05/2006 | |
| | Docket Text: NOTICE OF LODGING re proposed order on APPLICATION for Leave to File to file under seal designated portions of alaris claim construction brief, exhibits 5,7,11,12,15,16,17 30 and 41 of 6/2/06 declaration of David D Headrick [389] filed by defendant Alaris Medical Systems Inc. (lc, ) Modified on 6/5/2006 (lc, ). | | |
| 391 | Filed: | 06/02/2006 | Motion Related Document |
| | Entered: | 06/05/2006 | |
| | Docket Text: NOTICE of lodging portions of designated portions of Alaris claim construction brief, exhibits 5,7,11,12,15,16,17 30 and 41 of 6/2/06 declaration of David D Headrick[389] filed by defendant Alaris Medical Systems Inc. (lc, ) | | |
| 392 | Filed: | 06/02/2006 | Declaration (non-motion) |
| | Entered: | 06/05/2006 | |
| | Docket Text: DECLARATION of Neil J Sheehan in support of Alaris claim Construction brief filed by Defendant Alaris Medical Systems Inc. (lc, ) | | |
| 393 | Filed: | 06/02/2006 | Declaration (non-motion) |
| | Entered: | 06/05/2006 | |
| | Docket Text: DECLARATION of David D Headrick in support of Alaris claim Construction brief (volume I, Exhibits 1-20)filed by Defendant Alaris Medical Systems Inc. (lc, ) | | |
| 394 | Filed: | 06/02/2006 | Declaration (non-motion) |
| | Entered: | 06/05/2006 | |
| | Docket Text: DECLARATION of DECLARATION of David D Headrick in support of Alaris claim Construction brief (volume II, Exhibits 21-57)filed by Defendant Alaris Medical Systems Inc. (lc, ) | | |
| 395 | Filed: | 06/05/2006 | Brief (non-motion non-appeal) |
| | Entered: | 06/07/2006 | |
| | Docket Text: CLAIM CONSTRUCTION BRIEF FILED (public redated version) filed by defendant Alaris Medical Systems Inc. (lc, ) | | |

| | Entered: | 06/26/2006 | |
|---|---|---|---|
| 427 | Docket Text: ORDER by Judge Mariana R. Pfaelzer granting Alaris APPLICATION for Leave to File under seal joint stipulation, exhibits 1-7,11,13,18-19,22 and 24 to 6/8/06 Hedrick declaration and exhibits A,B, E J, L, P and S to 6/6/06 Peters Declaration[408] (lc, ) | | |
| | Filed: | 06/13/2006 | Motion Related Document |
| | Entered: | 06/26/2006 | |
| 428 | Docket Text: SEALED DOCUMENT-JOINT STIPULATION FILED IN SUPPORT OF AND IN OPPOSITION to defendant Alaris Medical System, Incs Motion to compel production of documents and communications for which claims of privilege and immunity have been waived by ICU(lc, ) | | |
| | Filed: | 06/13/2006 | Motion Related Document |
| | Entered: | 06/28/2006 | |
| 429 | Docket Text: SEALED DOCUMENT - EXHIBITS A, B, J, L, P and S to the Declaration of Marc David Peters in Support of Alaris Medical Systems, Incs MOTION to Compel Production of Documents and Communications for Which Claims of Privilege and Immunity Have Been Waived (pcl, ) Modified on 6/28/2006 (pcl, ). | | |
| | Filed: | 06/13/2006 | Motion Related Document |
| | Entered: | 06/28/2006 | |
| 430 | Docket Text: SEALED DOCUMENT - EXHIBITS 1-7, 11, 13, 18-19, 22 AND 24 to the Declaration of David D Headrick in Support of Alaris Medical Systems, Incs MOTION to Compel Production of Documents and Communications for Which Claims of Privilege and Immunity Have Been Waived. (pcl, ) | | |
| | Filed: | 06/14/2006 | Order |
| | Entered: | 06/15/2006 | |
| 413 | Docket Text: ORDER by Judge Mariana R. Pfaelzer granting Alaris MOTION for Review of to Set Aside the Magistrate Judge's 4/25/2006 Ruling Denying Alaris' Motion to Compel ICU to Produce ICU's Waived Medex Opinions in Response to Alaris Request for Production Nos. 9, 10, 11, 23, 27, 38, 39 [371]; within 5 court days of this order, ICU shall produce to Alaris the opinions of counsel produced by ICU in prior Medex ICU patent lawsuit (lc, ) Modified on 6/15/2006 (lc, ). | | |
| | Filed: | 06/14/2006 | Brief (non-motion non-appeal) |
| | Entered: | 06/22/2006 | |
| 416 | Docket Text: REPLY BRIEF ON CLAIM CONSTRUCTION -PUBLIC REDACTED VERSION filed by plaintiff ICU Medical Inc. (lc, ) | | |
| | Filed: | 06/14/2006 | Declaration (non-motion) |
| | Entered: | 06/22/2006 | |
| 417 | Docket Text: SUPPLEMENTAL DECLARATION of Kimberly N Van Voorhis in support of ICU REPLY BRIEF ON CLAIM CONSTRUCTION [416] filed by Plaintiff ICU Medical Inc. (lc, ) | | |
| | Filed: | 06/14/2006 | Declaration (non-motion) |
| | Entered: | 06/22/2006 | |
| 418 | Docket Text: DECLARATION of Bob Rogers in support of ICU REPLY BRIEF ON CLAIM CONSTRUCTION [416] filed by Plaintiff ICU Medical Inc.(lc, )(lc, ) | | |
| | Filed: | 06/14/2006 | Response (non-motion) |
| | Entered: | 06/22/2006 | |

| | CLAIM CONSTRUCTION DECLARATION (lc, ) | |
|---|---|---|
| **415** | *Filed:* 06/21/2006 *Entered:* 06/22/2006 | Markman Hearing |
| | *Docket Text:* MINUTES OF Markman Hearing held before Judge Mariana R. Pfaelzer: Court confers with counsel and counsel argue [344]; Markman Hearing is continued to 6/22/2006 at 10:00 AM;Court Reporter: Walter Ledge. (lc, ) | |
| **424** | *Filed:* 06/22/2006 *Entered:* 06/26/2006 | Markman Hearing |
| | *Docket Text:* MINUTES OF FurtherMarkman Hearing held and Motion Hearing RE: Alaris MOTION for Partial Summary Judgment on Spike claims[136] held before Judge Mariana R. Pfaelzer : hearing mon Markman, defendants for MOTION for Partial Summary Judgment on Spike claims stand submitted;Court Reporter: Walter Ledge. (lc, ) | |
| **431** | *Filed:* 06/23/2006 *Entered:* 07/03/2006 | Supplement(Motion related) |
| | *Docket Text:* SUPPLEMENTAL BRIEF in support of MOTION to Compel production of documents and communications for which claims fo privilege and immunity have been waived by ICU [404] filed by defendant Alaris Medical Systems Inc. (lc, ) | |
| **437** | *Filed:* 06/26/2006 *Entered:* 07/05/2006 | Supplement(Motion related) |
| | *Docket Text:* SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION to Compel production of documents and communications for which claims fo privilege and immunity have been waived by ICU [404] filed by plaintiff ICU Medical Inc. (lc, ) | |
| **438** | *Filed:* 06/26/2006 *Entered:* 07/05/2006 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of Diana Luo in support of supplemental memorandum in opposition to MOTION to Compel production of documents and communications for which claims fo privilege and immunity have been waived by ICU [404] filed by plaintiff ICU Medical Inc. (lc, ) | |
| **432** | *Filed:* 07/03/2006 *Entered:* 07/05/2006 *Terminated:* 07/06/2006 | Ex Parte Applicaton for Leave |
| | *Docket Text:* EX PARTE APPLICATION for Leave to to seal joint stipulation in support of and in opposition to ICU motion to compel regarding Jake St Philips deposition and certain exhibits to Van Voorhis and Harding declarations filed by plaintiff ICU Medical Inc, ICU Medical Inc(a Delaware corporation), ICU Medical Inc, ICU Medical Inc(a Delaware corporation). Ex Parte Application set for hearing on 7/24/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged order. (lc, ) | |
| **433** | *Filed:* 07/03/2006 *Entered:* 07/05/2006 | Motion Related Document |
| | *Docket Text:* NOTICE OF LODGING under seal documents regarding EX PARTE APPLICATION for Leave to to seal joint stipulation in support of and in opposition to ICU motion to compel regarding Jake St Philips deposition and certain exhibits to Van Voorhis and Harding declarations [432] filed by plaintiff ICU Medical Inc. Lodged under seal documents (joint stipulation, exhbits B, C to Harding declaration; exhbits D, E, F, G, H, I ,J ,K ,L and N to Van Voorhis declaration with CRD (lc, ) Modified on 7/5/2006 (lc, ). | |

| 446 | *Docket Text:* TRANSCRIPT filed for proceedings held on June 22, 2006. Court Reporter: Walter R Ledge. (kks ) | |
|---|---|---|
| 447 | *Filed:* | 07/07/2006 | Receipt of Reporters Transcript (G-80) |
| | *Entered:* | 07/12/2006 | |
| | *Docket Text:* RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: June 21, 2006 and June 22, 2006 Court Reporter: Walter R Ledge (kks ) | | |
| 444 | *Filed:* | 07/10/2006 | Motion Hearing |
| | *Entered:* | 07/11/2006 | |
| | *Docket Text:* MINUTES OF Motion Hearing held before Judge Mariana R. Pfaelzer : RE [404] defendant Alaris MOTION to Compel production of documents and communications for which claims fo privilege and immunity have been waived by ICU; motion taken under submission;Court Reporter: Freda Mendelsohn. (lc, ) | | |
| 450 | *Filed & Entered:* | 07/17/2006 | Order |
| | *Docket Text:* CLAIM CONTSTRUCTION ORDER as to proper construction (1) for the term spike; (2)for the term preslit orifice; (3) for the term compressed state/position; (4) for term fills essentially completely; (5) for term bearing against said wall structure near said opening to seal said opening (see file for specifics) by Judge Mariana R. Pfaelzer (lc, ) | | |
| 451 | *Filed & Entered:* | 07/17/2006 | Order |
| | *Docket Text:* ORDER granting Alaris Medical Systems Incs MOTION for Partial Summary Judgment of Noninfringement of "Spike" Claims [136]; because some points raised in the Markman hearing may not be adequately dealt with in the proposed findings of fact and conclusion of law and partial summary judgment already lodged with the Court, Alaris is ordered to submit to the Court its proposed amended findings of fact and conclusions of law and proposed judgment no later than 7/28/06; ICU shall have to and including 8/143/06 to submit its objections to the proposed amended findings, conclusions and judgment; nor further written submissions will be accepted from either party by Judge Mariana R Pfaelzer(lc, ) | | |
| 452 | *Filed:* | 07/17/2006 | Application for Leave to File |
| | *Entered:* | 07/19/2006 | |
| | *Terminated:* | 07/20/2006 | |
| | *Docket Text:* APPLICATION for Leave to File to seal ICU supplemental brief in support of motion to compel Jake St Philips deposition filed by plaintiff ICU. Application set for hearing on 7/31/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged order, supplemental brief. (lc, ) | | |
| 455 | *Filed:* | 07/17/2006 | Declaration (Motion related) |
| | *Entered:* | 07/27/2006 | |
| | *Docket Text:* DECLARATION of Diana Luo in support of ICU Medical Inc's Supplemental Memorandum in support of ICU's OTION to Compel the Withdrawal of Alaris instructions not to answer at the deposition of Jake St Philip and production of documents identified therein[439] filed by Plaintiff and Counter defendant ICU Medical Inc(a Delaware corporation), ICU Medical Inc, ICU Medical Inc(a Delaware corporation). (shb, ) | | |
| 456 | *Filed:* | 07/18/2006 | Motion Related Document |
| | *Entered:* | 07/27/2006 | |
| | *Docket Text:* ICU'S NOTICE OF LODGING OF ICU'S SUPPLEMENTAL BRIEF IN SUPPORT OF ICU'S MOTION to Compel re Jake St. Philips' Deposition under seal pursuant to L.R. 79-5.1[439] filed by Plaintiff and Counterdefendant ICU Medical Inc(a Delaware corporation), ICU Medical Inc. (shb, ) | | |

| | | | |
|---|---|---|---|
| | *Filed:* | 07/20/2006 | Order |
| | *Entered:* | 07/21/2006 | |
| 453 | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer : granting [452] APPLICATION for Leave to File to seal ICU supplemental brief in support of motion to compel Jake St Philips deposition (lc, ) | | |
| | *Filed:* | 07/20/2006 | Memorandum in Support of Motion |
| | *Entered:* | 08/02/2006 | |
| 457 | *Docket Text:* SEALED DOCUMENT-ICU Medical, Inc.'s supplemental memorandum in support of ICU's motion to compel the withdrawal of Alaris's instructions not to answer at the deposition of Jake St. Philip and production of documents identified therein [439] . (bp, ) | | |
| | *Filed:* | 07/21/2006 | Order |
| | *Entered:* | 07/24/2006 | |
| 454 | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer Denying Alaris Medical Systems Inc Motion to Compel production of documents and communications for which claims of privilege and immunity have been waived by ICU [404]. Parties are ordered to meet and confer in an attempt to resolve any remaining disputes as to these discovery requests. On or before 7/31/06 parties shall file a joint report setting forth with specificity any discovery items in the Motion still in dispute between them, together with a statement of the reasons for the necessity of those items in light of the Courts order. Court will accept no further briefing and no further oral argument related to the Motions. (ir, ) | | |
| | *Filed:* | 07/24/2006 | Receipt of Reporters Transcript (G-80) |
| | *Entered:* | 08/04/2006 | |
| 459 | *Docket Text:* RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 7/10/06. Court Reporter: Freda Mendelsohn (sm, ) | | |
| | *Filed:* | 07/24/2006 | Transcript (CV) |
| | *Entered:* | 08/04/2006 | |
| 460 | *Docket Text:* TRANSCRIPT filed for proceedings held on 7/10/06. Court Reporter: Freda Mendelsohn. (sm, ) | | |
| | *Filed:* | 07/28/2006 | Notice (Other) |
| | *Entered:* | 08/11/2006 | |
| 464 | *Docket Text:* NOTICE of Lodging of (1)Proposed Amended Findings of Uncontroverted Fact and Conclusions of law in support of Alaris Motion for Partial Summary Judgment of Noninfringement of Spike Claims, (2) (Proposed Amended) Judgment Granting Defendant Alaris Medical Systems Inc Motion for Partial Summary Judgment of Noninfringement of Spike Claims filed by Defendant Alaris Medical Systems Inc.; Lodged Proposed Amended documents (ir, ) | | |
| | *Filed:* | 07/31/2006 | Motion Hearing |
| | *Entered:* | 08/07/2006 | |
| 462 | *Docket Text:* MINUTES OF Motion Hearing held before Judge Mariana R. Pfaelzer: RE ICU Medical Incs MOTION to Compel the Withdrawal of Alaris instructions not to answer at the deposition of Jake St Philip and production of documents identified therein [439]; matter stands submitted; Court Reporter: Walter Ledge. (lc, ) | | |
| | *Filed:* | 07/31/2006 | Application to Seal |
| | *Entered:* | 08/11/2006 | |
| 465 | *Terminated:* | 02/21/2007 | |
| | *Docket Text:* JOINT APPLICATION to file Joint Report regarding Alaris Medical System Inc | | |

| | Motion to compel production of documents and Communications for which claims of Privilege and Immunity has been waived by ICU and Exhibitis A-C attached thereto under Seal pursuant to Local Rule 79-5.1 filed by Defendant Alaris Medical Systems Inc. Lodged Proposed Order and Proposed under seal documents. (ir, ) |
|---|---|
| 458 | *Filed & Entered:* 08/02/2006 Order |
| | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer regarding Plaintiff ICU Medical Inc Motion to compel the withdrawal of Alaris Instructions not to Answer at the Deposition of Jake St Phillip and Production of documents identified [439]. Alaris Medical Systems Inc, produce Mr St Phillip for additional deposition questions regarding the male luer license referred to by him in his testimony. Male luer license appears to be irrelevant, so counsels instruction not to answer on this ground was improper. Alaris shall pay for all costs associated with the continued deposition. ICU Motion is otherwise denied. (ir, ) |
| 466 | *Filed:* 08/02/2006 Order<br>*Entered:* 08/11/2006 |
| | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer on the Joint Application to file Under seal [465] is hereby GRANTED. Joint Report regarding Alaris Medical System Inc Motion t compel production of documents and Communications for which claims of Privilege and Immunity have been waived by ICU and Exhibits A-C attached thereto shall be filed under seal. (ir, ) |
| 467 | *Filed:* 08/02/2006 Report<br>*Entered:* 08/11/2006 |
| | *Docket Text:* SEALED DOCUMENT - Joint Report of Alaris Medical System Inc Motion to compel production of documents and Communications for which Claims of Privilege and Immunity have been waived by ICU(ir, ) |
| 463 | *Filed:* 08/03/2006 Telephone Conference<br>*Entered:* 08/09/2006 |
| | *Docket Text:* MINUTES OF Telephonic status Conference held before Judge Mariana R. Pfaelzer : Court confirmed al discovery realted to infringement claims based on "Spike" patents are rendered moot; Court denies defendants motion to compel production of documents and communications for which claims of privilege and immunity have been waived by ICU Medical Inc[404] because discovery has been rendered moot; however, to extent appropriate, court may revist issue of spike related discovery to any future motion for attorney fees; Court Reporter: Laura Elias. (lc, ) |
| 461 | *Filed:* 08/04/2006 In Chambers Order/Directive - no proceeding held<br>*Entered:* 08/07/2006 |
| | *Docket Text:* MINUTES OF IN CHAMBERS ORDER held before Judge Mariana R. Pfaelzer :defendants MOTION for Rule 11 Sanctions[133] set for hearing on 8/30/2006 at 11:00 AM before Judge Mariana R. Pfaelzer.Court Reporter: none. (lc, ) |
| 470 | *Filed:* 08/14/2006 Application for Leave to File<br>*Entered:* 08/25/2006<br>*Terminated:* 08/16/2006 |
| | *Docket Text:* APPLICATION for Leave to File to seal ICU objections to Alaris [proposed amended] findings of fact and conclusions of law filed by plaintiff ICU Medical Inc. (lc, ) |
| 471 | *Filed:* 08/14/2006 Motion Related Document<br>*Entered:* 08/25/2006 |
| | *Docket Text:* NOTICE of lodging ICU objections to Alaris [proposed amended] findings of fact and conclusions of law[470] filed by plaintiff ICU Medical Inc. (lc, ) |

| | | | |
|---|---|---|---|
| | *Filed:* | 08/14/2006 | Proof of Service (subsequent documents) |
| | *Entered:* | 08/25/2006 | |
| 472 | *Docket Text:* PROOF OF FAX AND FEDERAL EXPRESS SERVICE on 8/14/06 re APPLICATION for Leave to File to seal ICU objections to Alaris [proposed amended findings of fact and conclusions of law[470], notice of loding objections[471] and other supporting documents filed by plaintiff ICU Medical Inc, (lc, ) | | |
| | *Filed:* | 08/14/2006 | Response in Opposition to Motion |
| | *Entered:* | 08/25/2006 | |
| 473 | *Docket Text:* OBJECTIONS to alaris [proposed amended judgment granting] Alaris MOTION for Partial Summary Judgment of Noninfringement of "Spike" Claims [136] filed by plaintiffs ICU Medical Inc. (lc, ) | | |
| | *Filed:* | 08/14/2006 | Motion Related Document |
| | *Entered:* | 08/25/2006 | |
| 475 | *Docket Text:* OBJECTIONS to Alaris [proposed amended] findings of fact not genuinely contest and conclusion of law in support of July 17,20006 order granting Alaris's MOTION for Partial Summary Judgment of Noninfringement of "Spike" Claims [136] filed by plaintiff ICU Medical Inc. (redacted version) (lc, ) Modified on 8/25/2006 (lc, ). | | |
| | *Filed:* | 08/16/2006 | Order |
| | *Entered:* | 08/25/2006 | |
| 474 | *Docket Text:* ORDER granting [470] ICU Application to seal ICU objections to Alaris [proposed amended findings of fact and conclusions of law by Judge Mariana R. Pfaelzer (lc, ) | | |
| | *Filed:* | 08/16/2006 | Motion Related Document |
| | *Entered:* | 08/25/2006 | |
| 476 | *Docket Text:* SEALED DOCUMENT-ICU's OBJECTIONS to Alaris [proposed amended] findings of fact not genuinely contested and conclusion of law in support of July 17,20006 order granting Alaris's MOTION for Partial Summary Judgment of Noninfringement of "Spike" Claims (lc, ) | | |
| | *Filed:* | 08/20/2006 | Receipt of Reporters Transcript (G-80) |
| | *Entered:* | 08/23/2006 | |
| 468 | *Docket Text:* RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 4/10/06 Court Reporter: Margaret J Babykin (ir, ) | | |
| | *Filed:* | 08/20/2006 | Transcript (CV) |
| | *Entered:* | 08/23/2006 | |
| 469 | *Docket Text:* TRANSCRIPT filed for proceedings held on 4/10/06. Court Reporter: Margaret J Babykin. (ir, ) | | |
| | *Filed & Entered:* | 08/25/2006 | Findings of Fact & Conclusions of Law |
| 477 | *Docket Text:* FINDINGS OF FACT NOT GENUINELY CONTESTED AND CONCLUSIONS OF LAW in support of the courts 7/17/06 order granting Alaris motion for partial summary of noninfringement of "Spike" claims signed by Mariana R. Pfaelzer.(lc, ) | | |
| | *Filed & Entered:* | 08/25/2006 | Judgment |
| 478 | *Docket Text:* JUDGMENT granting defendant Alaris Medical Systems Inc motion for partial Summary judgment of noninfringement of "Spike" Claims;Related to: findings of fact and conclusions of law [451] by Judge Mariana R. Pfaelzer (lc, ) | | |
| | *Filed:* | 08/28/2006 | In Chambers Order/Directive - no proceeding held |

|  | | |
|---|---|---|
|  | *Entered:* | 08/29/2006 | |
| 479 | *Docket Text:* MINUTES OF IN CHAMBERS ORDER held before Judge Mariana R. Pfaelzer : RE: Alaris MOTION for Sanctions[133]; Court does not find that oral argument would be helpful; accordingly the 8/30/06 hearing is placed off calendar and the Motion is DENIED without prejudice to being renewed at the conclusion of trial of the remaining issues; Court Reporter: none. (lc, ) | | |
| 480 | *Filed:* | 09/01/2006 | Receipt of Reporters Transcript (G-80) |
|  | *Entered:* | 09/06/2006 | |
|  | *Docket Text:* RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following date: 7/31/2006 Court Reporter: Walter R Ledge. (kks ) | | |
| 481 | *Filed:* | 09/01/2006 | Transcript (CV) |
|  | *Entered:* | 09/06/2006 | |
|  | *Docket Text:* TRANSCRIPT filed for proceedings held on 7/31/2006. Court Reporter: Walter R Ledge. (kks ) | | |
| 482 | *Filed:* | 09/12/2006 | Application for Leave to File |
|  | *Entered:* | 09/15/2006 | |
|  | *Terminated:* | 09/13/2006 | |
|  | *Docket Text:* APPLICATION for Leave to File exhibits 12 and 23 to 9/11/06 Scott P McBride declaration in support of memorandum of points and authorities in support of alaris motion for summary judgment of invalidity of Spike-Less claims udner 35 USC 112 filed by defendant Alaris Medical Systems Inc Application set for hearing on 10/16/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged order. (lc, ) | | |
| 484 | *Filed:* | 09/12/2006 | Motion for Summary Judgment |
|  | *Entered:* | 09/18/2006 | |
|  | *Terminated:* | 01/22/2007 | |
|  | *Docket Text:* NOTICE OF MOTION AND MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 filed by defendant Alaris Medical Systems Inc. Motion set for hearing on 10/16/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged order, statement of uncontroverted facts. (lc, ) Modified on 9/18/2006 (lc, ). | | |
| 485 | *Filed:* | 09/12/2006 | Memorandum in Support of Motion |
|  | *Entered:* | 09/18/2006 | |
|  | *Docket Text:* MEMORANDUM in Support of MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by defendant Alaris Medical Systems Inc. (lc, ) | | |
| 486 | *Filed:* | 09/12/2006 | Declaration (Motion related) |
|  | *Entered:* | 09/18/2006 | |
|  | *Docket Text:* DECLARATION of Scott P McBride in support of memorandum in support re MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by declaration Alaris Medical Systems Inc. (lc, ) | | |
| 488 | *Filed:* | 09/12/2006 | Motion Related Document |
|  | *Entered:* | 09/18/2006 | |
|  | *Docket Text:* NOTICE OF LODGING of proposed judgment, proposed order, exhibits 12 and 23 in support of memorandum in support of MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by defendant Alaris Medical Systems Inc. (lc, ) | | |
|  | *Filed:* | 09/12/2006 | Proof of Service (subsequent documents) |
|  | *Entered:* | 09/18/2006 | |

| 489 | *Docket Text:* PROOF OFFEDERAL EXPRESS NEXT DAY AND FAX SERVICE re MOTION for Summary Judgment, memorandum, declaration and supporting documents [484],[485],[486], [487],[488], was served on 9/11/06. filed by defendant Alaris Medical Systems Inc, (lc, ) | | |
|---|---|---|---|
| | *Filed:* | 09/13/2006 | Order |
| | *Entered:* | 09/15/2006 | |
| 483 | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer granting Alaris APPLICATION for Leave to File File exhibits 12 and 23 to 9/11/06 Scott P McBride declaration in support of memorandum of points and authorities in support of Alaris motion for summary judgment of invalidity of Spike-Less claims udner 35 USC 112[482] (lc, ) | | |
| | *Filed:* | 09/13/2006 | Motion Related Document |
| | *Entered:* | 09/18/2006 | |
| 487 | *Docket Text:* SEALED DOCUMENT-EXHIBITS 12 AND 23 TO THE 9/11/06 Scott P McBride declaration in support of Alaris's MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 (lc, ) | | |
| | *Filed:* | 09/29/2006 | Motion for Summary Judgment |
| | *Entered:* | 10/03/2006 | |
| | *Terminated:* | 01/22/2007 | |
| 492 | *Docket Text:* NOTICE OF MOTION AND MOTION for Summary Judgment of noninfringement of all remaining claims filed by defendant Alaris Medical Systems Inc. Motion set for hearing on 10/23/2006 at 10:00 AM before Judge Mariana R. Pfaelzer. Lodged statement, judgment. (lc, ) | | |
| | *Filed:* | 09/29/2006 | Declaration (Motion related) |
| | *Entered:* | 10/03/2006 | |
| 493 | *Docket Text:* DECLARATION of David D Headrick in support of MOTION for Summary Judgment of noninfringement of all remaining claims [492] filed by defendant Alaris Medical Systems Inc. (lc, ) | | |
| | *Filed:* | 09/29/2006 | Declaration (Motion related) |
| | *Entered:* | 10/03/2006 | |
| 494 | *Docket Text:* DECLARATION of Janice F McCampbell in support of MOTION for Summary Judgment of noninfringement of all remaining claims [492] filed by defendant Alaris Medical Systems Inc. (lc, ) | | |
| | *Filed:* | 09/29/2006 | Motion Related Document |
| | *Entered:* | 10/03/2006 | |
| 495 | *Docket Text:* NOTICE OF LODGING proposed judgment granting Alaris motion for summary judgment, proposed order granting Alairs application to file under seal, exhibits 7-8, 11-12 and 14-16 to 9/28/06 declaration of David D Hedrick in suppor of Alaris memorantum in support MOTION for Summary Judgment of noninfringement of all remaining claims [492] filed by defendant Alaris Medical Systems Inc. (lc, ) | | |
| | *Filed:* | 09/29/2006 | Motion Related Document |
| | *Entered:* | 10/03/2006 | |
| 496 | *Docket Text:* NOTICE OF LODGING Alaris memorandum in support MOTION for Summary Judgment of noninfringement of all remaining claims under seal [492] filed by defendant Alaris Medical Systems Inc. (lc, ) | | |
| | *Filed:* | 09/29/2006 | Proof of Service (subsequent documents) |
| | *Entered:* | 10/03/2006 | |
| 497 | *Docket Text:* PROOF OFFEDERAL EXPRESS NEXT DAY AND FAX SERVICE on 9/28/06. | | |

| | | |
|---|---|---|
| | *Entered:* | 10/12/2006 | |
| 512 | *Docket Text:* SEAL DOCUMENT - EXHIBITS 7-8, 11-12 and 14-16 to the 09/28/06 Declaration of David D Headrick in support of MOTION for Summary Judgment of noninfringement of all remaining claims [493]. (jp) | | |
| | *Filed:* | 10/02/2006 | Order |
| | *Entered:* | 10/12/2006 | |
| 513 | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer, re APPLICATION to file under seal memorandum in support of motion for summary judgment on noninfringement of all remaining claims [499] is GRANTED. (jp) | | |
| | *Filed:* | 10/02/2006 | Memorandum in Support of Motion |
| 514 | *Entered:* | 10/12/2006 | |
| | *Docket Text:* SEALED DOCUMENT - MEMORANDUM in Support of Its MOTION for Summary Judgment of noninfringement of all remaining claims [492]. (jp) | | |
| | *Filed:* | 10/03/2006 | Ex Parte Application to Continue |
| | *Entered:* | 10/04/2006 | |
| 500 | *Terminated:* | 02/21/2007 | |
| | *Docket Text:* EX PARTE APPLICATION regarding hearing date and briefing schedule for Alaris motion for summary judgment of noninfringement; memorandum filed by plaintiff ICU Medical Inc. Lodged order. (lc, ) | | |
| | *Filed:* | 10/03/2006 | Declaration (Motion related) |
| | *Entered:* | 10/04/2006 | |
| 501 | *Docket Text:* DECLARATION of James Pooley in support of EX PARTE APPLICATION regarding hearing date and briefing schedule for Alaris motion for summary judgment of noninfringement [500] filed by plaintiff ICU Medical Inc. (lc, ) | | |
| | *Filed:* | 10/03/2006 | Declaration (Motion related) |
| | *Entered:* | 10/04/2006 | |
| 502 | *Docket Text:* DECLARATION of Kimberly N Van Voorhis in support of EX PARTE APPLICATION regarding hearing date and briefing schedule for Alaris motion for summary judgment of noninfringement [500] filed by plaintiff ICU Medical Inc. (lc, ) | | |
| | *Filed:* | 10/03/2006 | Proof of Service (subsequent documents) |
| | *Entered:* | 10/04/2006 | |
| 503 | *Docket Text:* PROOF OF FAX AND FEDERAL EXPRESS SERVICE on 10/3/06 of EX PARTE APPLICATION regarding hearing date and briefing schedule for Alaris motion for summary judgment of noninfringementto Continue[500], Declarations[502],[501] filed by plaintiff ICU Medical Inc (lc, ) | | |
| | *Filed:* | 10/03/2006 | Order |
| | *Entered:* | 10/12/2006 | |
| 508 | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer, re APPLICATION to seal ICU opposition to Alaris motion for summary judgment of invalidity for lack of written description and certain exhibits B, C, D, K, L, N, P, Q, R, T, and U to Van Voorhis declaration [504] is GRANTED. (jp) | | |
| | *Filed:* | 10/03/2006 | Response in Opposition to Motion |
| | *Entered:* | 10/12/2006 | |
| 509 | *Docket Text:* SEALED DOCUMENT - OPPOSITION to MOTION for Summary Judgment of invalidity for Lack of Written Description under 35 USC 112 [484]. (jp) Modified on 10/12/2006 (jp). | | |

| 531 | *Docket Text:* ORDER granting Alaris APPLICATION for Leave to File documents under seal: joint stipulation in support and in opposition to Alaris motion to compel inspection of One Step in ICU manufacturing process, declaration of Kevin Hanley, Exhibit G, H, I and L to Van Voorhis declaration[522] by Judge Mariana R. Pfaelzer (lc, ) | |
|---|---|---|
| 539 | *Filed:* 10/25/2006 <br> *Entered:* 10/30/2006 | Declaration (Motion related) |
| | *Docket Text:* SEALED DOCUMENT-DECLARATION of Kevin Hanly in support of ICU Medical Incs opposition to MOTION to compel Inspection of premises (lc, ) Modified on 10/30/2006 (lc, ). | |
| 540 | *Filed:* 10/25/2006 <br> *Entered:* 10/30/2006 | Stipulation for Discovery |
| | *Docket Text:* SEALED DOCUMENT-JOINT STIPULATION in support of and in opposition to Alaris's MOTION to compel Inspection of ICU's Manufacturing process (lc, ) | |
| 541 | *Filed:* 10/26/2006 <br> *Entered:* 10/30/2006 | Response in Opposition to Motion |
| | *Docket Text:* OPPOSITION to MOTION for Summary Judgment of noninfringement of all remaining claims [492] filed by plaintiff ICU Medical Inc. (public redacted version) (lc, ) | |
| 542 | *Filed:* 10/26/2006 <br> *Entered:* 10/30/2006 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of Dr Maureen Reitman in support of ICU opposition to MOTION for Summary Judgment of noninfringement of all remaining claims [492] filed by plaintiff ICU Medical Inc. (lc, ) | |
| 543 | *Filed:* 10/26/2006 <br> *Entered:* 10/30/2006 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of S Christian Platt in opposition to MOTION for Summary Judgment of noninfringement of all remaining claims [492] filed by plaintiff ICU Medical Inc. (lc, ) | |
| 545 | *Filed:* 10/26/2006 <br> *Entered:* 10/30/2006 <br> *Terminated:* 10/30/2006 | Application for Leave to File |
| | *Docket Text:* APPLICATION for Leave to File to seal ICU s opposition to Alaris motion for summary judgment of non-infringement and statement of genuine issues, certain exhibits to Reitman declaration filed by plaintiff ICU Medical Inc. Application set for hearing on 11/9/2006 at 11:00 AM before Judge Mariana R. Pfaelzer. Lodged order, under seal documents. (lc, ) | |
| 546 | *Filed:* 10/26/2006 <br> *Entered:* 10/30/2006 | Motion Related Document |
| | *Docket Text:* NOTICE OF LODGING ICU OPPOSITION to Alaris motion for summary judgment on noninfringement, statment of genuine issues and certain declaration exhibits under seal pursuant to LR 79-5.1 [545][492] filed by plaintiff ICU Medical Inc. (lc, ) | |
| 547 | *Filed:* 10/26/2006 <br> *Entered:* 10/30/2006 | Proof of Service (subsequent documents) |
| | *Docket Text:* PROOF OF FAX AND OVERNIGHT DELIVERY SERVICE APPLICATION for Leave to File to seal ICU s opposition and statement of genuine issues, certain exhibits to Reitman declaration[545],[546] proposed, orders, oppositions to Alaris motions for summary judgment, declaration of S Christian Platt, exhibits to Platt declaration, declaration of Maureen | |

| | | | |
|---|---|---|---|
| | *Filed:* | 11/01/2006 | Supplement(Motion related) |
| | *Entered:* | 11/14/2006 | |
| 578 | *Docket Text:* SEALED DOCUMENT - ICU MEDICAL INC SUPPLEMENTAL BRIEF in support of MOTION to Compel testimony and documents relating to Alaris Intentional Waiver of privilege on design of smartsite valve [551]. (jp) | | |
| | *Filed:* | 11/02/2006 | Application for Leave to File |
| | *Entered:* | 11/03/2006 | |
| | *Terminated:* | 11/07/2006 | |
| 552 | *Docket Text:* APPLICATION for Leave to File to file under seal: reply memorandum and exhibits 18 and 21 to 11/2/06 David D Headrick declarationin support of motion for summary judgment of noninfringement of all remaining claims filed by defendant Alaris Medical Systems Inc. Lodged order. (lc, ) Modified on 11/17/2006 (lc, ). Modified on 11/17/2006 (lc, ). | | |
| | *Filed:* | 11/02/2006 | Notice of Lodging |
| | *Entered:* | 11/14/2006 | |
| 580 | *Docket Text:* NOTICE OF LODGING of Documents relating to Alaris Reply Memorandum in support of its Motion for Summary Judgment of Noninfringement of all remaining counts filed by defendant Alaris Medical Systems Inc. (jp) | | |
| | *Filed:* | 11/02/2006 | Declaration (Motion related) |
| | *Entered:* | 11/14/2006 | |
| 581 | *Docket Text:* SUPPLEMENTAL DECLARATION of SCOTT P. McBRIDE in support of Reply regarding Alaris MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by defendant Alaris Medical Systems Inc. (jp) | | |
| | *Filed:* | 11/02/2006 | Declaration (Motion related) |
| | *Entered:* | 11/14/2006 | |
| 582 | *Docket Text:* DECLARATION of NEIL SHEEHAN in support of Alaris Reply regarding its Motion for summary judgment of invalidity for lack of written description and certain exhibirs to Van Voorhis declaration [504] filed by DEFENDANT Alaris Medical Systems Inc. (jp) | | |
| | *Filed:* | 11/02/2006 | Reply (Motion related) |
| 583 | *Entered:* | 11/14/2006 | |
| | *Docket Text:* REPLY in support of MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by defendant Alaris Medical Systems Inc. (jp) | | |
| | *Filed:* | 11/02/2006 | Declaration (Motion related) |
| | *Entered:* | 11/14/2006 | |
| 584 | *Docket Text:* DECLARATION of DAVID D. HEADRICK in support Alaris Reply Memorandum in support of its MOTION for Summary Judgment of noninfringement of all remaining claims [492] filed by defendant Alaris Medical Systems Inc. (jp) | | |
| | *Filed:* | 11/07/2006 | Order |
| | *Entered:* | 11/17/2006 | |
| 588 | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer granting APPLICATION for Leave to File to file under seal: reply memorandum in support of motion for summary jdugment of noninfringement of all remaining claims; exhibits 18 and 21 to 11/2/06 David D Headrick declaration[552] (lc, ) | | |
| | *Filed:* | 11/07/2006 | Motion Related Document |
| 589 | *Entered:* | 11/17/2006 | |
| | *Docket Text:* SEALED DOCUMENT-EXHIBITS 18 and 21 to 11/2/06 David D Headrick | | |

| | | | |
|---|---|---|---|
| | declaraio in support of Alaris reply memorandum in support of its motion for summary judgment of all remaining claims (lc, ) | | |
| 590 | *Filed:* | 11/07/2006 | Reply (Motion related) |
| | *Entered:* | 11/17/2006 | |
| | *Docket Text:* SEALED DOCUMENT-Alaris reply memorandum in support of its motion for summary judgment of all remaining claims (lc, ) | | |
| -- | *Filed:* | 11/08/2006 | Fax Number |
| | *Entered:* | 11/09/2006 | |
| | *Docket Text:* FAX number for Attorney Leonard D Conapinski is 312-775-8100. (lc, ) | | |
| 572 | *Filed:* | 11/08/2006 | Application to Appear Pro Hac Vice |
| | *Entered:* | 11/09/2006 | |
| | *Terminated:* | 11/13/2006 | |
| | *Docket Text:* APPLICATION for attorney Leonard d Conapinski to Appear Pro Hac Vice and designating Mark P Wine as local counsel. FEE paid. filed by defendant Alaris Medical Systems Inc Lodged order. (lc, ) | | |
| <u>579</u> | *Filed:* | 11/13/2006 | Order |
| | *Entered:* | 11/14/2006 | |
| | *Docket Text:* ORDER by Judge Mariana R. Pfaelzer : granting [572] Application to Appear Pro Hac Vice by Attorney Leonard D Conapinski on behalf of defendant, designating Alaris Medical Systems Inc as local counsel.(lc, ) | | |
| <u>585</u> | *Filed:* | 11/13/2006 | Motion Hearing |
| | *Entered:* | 11/14/2006 | |
| | *Docket Text:* MINUTES OF Motion Hearing held before Judge Mariana R. Pfaelzer: RE: plaintiffs MOTION to Compel testimony and documents relating to Alaris's International Waiver of Privilege on design of Smartsite Valve [517]; plaintiffsMOTION to Compel production of self-sealing male luer license and Sanctions relating to alaris failure to comply with 8/2/06 order [534] and defendant AlarisMOTION to Compel Inspection of One Step in ICU Manufacturing Process [525]; motions stand submitted; Court Reporter: Anne Kielwasser. (lc, ) | | |
| <u>587</u> | *Filed:* | 11/13/2006 | Motion Hearing |
| | *Entered:* | 11/17/2006 | |
| | *Docket Text:* MINUTES OF Motion Hearing held before Judge Mariana R. Pfaelzer: Defendant Alaris MOTION for Summary Judgment of noninfringement of all remaining claims filed by defendant Alaris Medical Systems Inc [492]AND MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 filed by defendant Alaris Medical Systems Inc[484]; motions stand submited;Court Reporter: Anne Kielwasser. (lc, ) | | |
| <u>586</u> | *Filed:* | 11/15/2006 | In Chambers Order/Directive - no proceeding held |
| | *Entered:* | 11/16/2006 | |
| | *Docket Text:* MINUTES OF IN CHAMBERS ORDER held before Judge Mariana R. Pfaelzer: Court Denies plaintiff ICU MOTION to Compel testimony and documents relating to Alaris's International Waiver of Privilege on design of Smartsite Valve [517] ;Denies plaintiff ICU MOTION to Compel production of self-sealing male luer license and Sanctions relating to Alaris failure to comply with 8/2/06 order [534]; Denies defendant Alaris Medical Systems Inc MOTION to Compel Inspection of One Step in ICU Manufacturing Process filed by [525]; Court directs ICU to cooperate with Alaris by agreeing to alternative steps to satisfy need for discovery specified in Alaris motion; if parties do not agree, court will enter further orders.Court Reporter: none. (lc, ) | | |

| 591 | *Filed:* | 11/21/2006 | Notice (Other) |
| | *Entered:* | 11/22/2006 | |
| | *Docket Text:* NOTICE of recent decision on Alaris pending motinfor summary judgment of noninfringement filed by plaintiff ICU Medical Inc. (lc, ) Modified on 11/22/2006 (lc, ). | | |
| 592 | *Filed:* | 11/21/2006 | Proof of Service (subsequent documents) |
| | *Entered:* | 11/22/2006 | |
| | *Docket Text:* PROOF OF FAX AND OVERNIGHT SERVICE on 11/21/06 of Notice of recent decision on Alaris pending motion for summary judgment of non-infringement[591] by plaintiffs ICU Medical Inc(lc, ) | | |
| 593 | *Filed:* | 11/28/2006 | Receipt of Reporters Transcript (G-80) |
| | *Entered:* | 12/05/2006 | |
| | *Docket Text:* RECEIPT OF REPORTERS TRANSCRIPT of proceedings for the following dates: 11/9/06 and 11/13/06 Court Reporter: Anne Kielwasser (et ) | | |
| 594 | *Filed:* | 11/28/2006 | Transcript (CV) |
| | *Entered:* | 12/05/2006 | |
| | *Docket Text:* TRANSCRIPT filed for proceedings held on 11/9/06. Court Reporter: Anne Kielwasser. (et ) | | |
| 595 | *Filed:* | 11/28/2006 | Transcript (CV) |
| | *Entered:* | 12/05/2006 | |
| | *Docket Text:* TRANSCRIPT filed for proceedings held on 11/13/06. Court Reporter: Anne Kielwasser. (et) | | |
| 596 | *Filed:* | 12/04/2006 | In Chambers Order/Directive - no proceeding held |
| | *Entered:* | 12/12/2006 | |
| | *Docket Text:* MINUTES OF IN CHAMBERS ORDER held before Judge Mariana R. Pfaelzer: Court has reviewed briefs and arguments submitted by plaintiff and defendant Alaris concerning Alaris motion for summary judgment of invalidity of Spike-less claims [484],[485]; before rendering a decision, the Court requires further argument on one of the issues ICU has raised in its opposition brief, ICU asserts that the law of combinations and subcombinations of Dr Lopez invention applies to this casel court cannot discern its relevance to the facts in this case or ICU asserted claims; the reference to another seal patent is incomprehensible; ICU must therefore provide Court with a supplemental opposition brief no more than 10 pages address this issue by 12/18/06; Alaris have until 12/27/06 to provide supplemental reply of no more than 10 pages addressing only this issue; alternatively, ICU may choose to abandon the combination and subcombination argument in its opposition brief since it does not appear to have been addressed in oral argument; no continuance of these dates wil be granted. Replies due by 12/27/2006.Court Reporter: none. (lc, ) | | |
| 598 | *Filed:* | 12/18/2006 | Response in Opposition to Motion |
| | *Entered:* | 01/13/2007 | |
| | *Docket Text:* SUPPLEMENTAL BRIEF IN OPPOSITION to NOTICE OF MOTION AND MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by plaintiff, counter defendant ICU Medical Inc. (jj, ) Modified on 1/13/2007 (jj, ). | | |
| 599 | *Filed:* | 12/18/2006 | Supplement(Motion related) |
| | *Entered:* | 01/13/2007 | |
| | *Docket Text:* SUPPLEMENTAL DECLARATION of S Christian Platt support of Supplemental Brief in opposition to NOTICE OF MOTION AND MOTION for Summary Judgment of | | |

invalidity of Spike-Less claims under 35 USC 112 [484] filed by plaintiff, counter defendant ICU Medical Inc. (jj, )

| | | |
|---|---|---|
| **600** | *Filed:* 12/18/2006<br>*Entered:* 01/13/2007 | Proof of Service (subsequent documents) |
| | *Docket Text:* CERTIFICATE OF SERVICE filed by plaintiff, counter defendant ICU Medical Inc re SUPPLEMENTAL BRIEF [598] AND SUPPLEMENTAL DECLARATION of S Christian Platt in support of Supplemental Brief in opposition to NOTICE OF MOTION AND MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [599] served via e-mail and overnight delivery on 12/18/06. (jj, ) | |
| **597** | *Filed:* 12/27/2006<br>*Entered:* 12/28/2006 | Stipulation and Order |
| | *Docket Text:* STIPULATION AND ORDER by Judge Mariana R. Pfaelzer : Revisng pretrial dates: Proposed Pretrial Order due by 1/22/2007; Witness List due by 1/24/2007; joint Exhibit List due by 1/24/2007; memorandum of fact and contentions of law due by 1/24/07; Motions in Limine opening brief due by 1/17/07; Motions in Limine opposition brief due by 1/24/07; Motions in Limine reply brief due by 1/31/07; Hearing on Motions in Limine 2/7/2007. (lc, ) Modified on 12/28/2006 (lc, ). | |
| **603** | *Filed:* 12/27/2006<br>*Entered:* 01/18/2007 | Supplement(Motion related) |
| | *Docket Text:* SUPPLEMENTAL BRIEF in support of NOTICE OF MOTION AND MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by defendant Alaris Medical Systems Inc. (jj, ) | |
| **604** | *Filed:* 12/27/2006<br>*Entered:* 01/18/2007 | Supplement(Motion related) |
| | *Docket Text:* SECOND SUPPLEMENTAL DECLARATION OF SCOTT P MCBRIDE in support of NOTICE OF MOTION AND MOTION for Summary Judgment of invalidity of Spike-Less claims under 35 USC 112 [484] filed by defendant Alaris Medical Systems Inc. (jj, ) | |
| **618** | *Filed:* 01/08/2007<br>*Entered:* 01/24/2007<br>*Terminated:* 01/19/2007 | Motion for Order |
| | *Docket Text:* NOTICE OF MOTION AND MOTION for Additional time for the Deposition of Neil Sheehan filed by Plaintiff ICU Medical Inc. Motion set for hearing on 1/29/2007 at 10:00 AM before Judge Mariana R. Pfaelzer. (yl, ) | |
| **619** | *Filed:* 01/08/2007<br>*Entered:* 01/24/2007 | Declaration (Motion related) |
| | *Docket Text:* DECLARATION of KIMBERLY N. VAN VOORHIS In Support of MOTION for Order for Additional time for the Deposition of Neil Sheehan[618] filed by Plaintiff ICU Medical Inc. (yl, ) | |
| **620** | *Filed:* 01/08/2007<br>*Entered:* 01/24/2007 | Motion Related Document |
| | *Docket Text:* JOINT STIPULATION IN SUPPORT of And in Oppositio to ICU Medical Inc's MOTION for Order for Additional time for the Deposition of Neil Sheehan[618] filed by Defendnat Alaris Medical Systems Inc. (yl, ) | |
| | *Filed:* 01/08/2007<br>*Entered:* 01/24/2007 | Declaration (Motion related) |

| | *Filed & Entered:* | 01/22/2007 | Order |
|---|---|---|---|
| 609 | *Docket Text:* ORDER granting [484] defendant Alaris Medical Systems Inc. MOTION for Summary Judgment of invalidity of Spike-Less claims and denying as moot [492]defendant Alaris Medical Systems Inc MOTION for Summary Judgment of noninfringement of all remaining claims by Judge Mariana R. Pfaelzer (lc, ) | | |
| | *Filed:* *Entered:* *Terminated:* | 01/22/2007 01/23/2007 02/21/2007 | Application for Leave to File |
| 614 | *Docket Text:* APPLICATION for Leave to File to seal reply brief in support of its motion to de-designate portions of expert reports of Cathie E Gosnell ad certain exhibits to the Van Voorhis declaration filed by plaintiff ICU Medical Inc. Lodged order, sealed documents. (lc, ) Modified on 1/23/2007 (lc, ). | | |
| | *Filed:* *Entered:* | 01/22/2007 01/23/2007 | Notice of Lodging |
| 615 | *Docket Text:* NOTICE OF LODGING sealed documents:reply brief in support of its motion to de-designate portions of expert reports of Cathie E Gosnell and certain exhibits to the Van Voorhis declaration filed by plaintiffs ICU Medical Inc. (lc, ) Modified on 1/23/2007 (lc, ). | | |
| | *Filed:* *Entered:* | 01/22/2007 01/23/2007 | Proof of Service (subsequent documents) |
| 616 | *Docket Text:* PROOF OF FAX AND OVERNIGHT DELIVERY SERVICE filed by plaintiffs ICU Medical Inc, re APPLICATION for Leave to File to seal reply brief in support of its motion to de-designate portions of expert reports of Cathie E Gosnell and certain exhibits to the Van Voorhis declaration[614], notice of lodging [615], was served on 1/22/07.(lc, ) | | |
| | *Filed:* *Entered:* | 01/23/2007 01/24/2007 | In Chambers Order/Directive - no proceeding held |
| 629 | *Docket Text:* MINUTES OF IN CHAMBERS ORDER held before Judge Mariana R. Pfaelzer : In light of courts recent order granting defendant Alaris motion for summary judgment of invalidity of ICU Spikeless claims, court request that defendant amend and resubmit by 2/2/07: a proposed statemet of findings, a proposed judgment; upon defendants submission, plaintiff shall have not later than 2/16/07 for any opposition to the findings of fact and conclusions of law, no further briefing or argument will be permitted; please ensure all courtesy copies are provided in both paper and electronic formats;Court Reporter: none. (lc, ) | | |
| | *Filed:* *Entered:* | 01/23/2007 01/29/2007 | Declaration (Motion related) |
| 661 | *Docket Text:* DECLARATION of Kimberly N Van Voorhis in support of ICU reply brief re MOTION for Order for Motion to De-Designate Portions of Expert Reports of Cathie E. Gosnell [622] filed by plaintiff ICU Medical Inc. (lc, ) | | |
| | *Filed:* *Entered:* | 01/23/2007 01/29/2007 | Order |
| 662 | *Docket Text:* ORDER granting [626] ICU APPLICATION to Seal (1) Memorandum of Points and Authorities in Support of Its Motion to De-Designate Portions of Expert Reports of Cathie E Gosnell and (2) Certain Exhibits to the Van Voorhis Declaration by Judge Mariana R. Pfaelzer (lc, ) | | |
| | *Filed:* *Entered:* | 01/23/2007 01/29/2007 | Reply (Motion related) |
| 663 | | | |

| | | |
|---|---|---|
| | *Docket Text:* SEALED DOCUMENT-ICU Medical IncS REPLY brief in support of its MOTION to De-Designate Portions of Expert Reports of Cathie E. Gosnell (lc, ) | |
| 664 | *Filed:*          01/23/2007<br>*Entered:*     01/29/2007 | Motion Related Document |
| | *Docket Text:* SEALED DOCUMENT-EXHIBITS A AND E to Kimberly Van Voorhis filed under seal pursuant to LR 79-5.1(lc, ) | |
| 665 | *Filed:*          02/02/2007<br>*Entered:*     02/09/2007 | Notice of Lodging |
| | *Docket Text:* NOTICE OF LODGING proposed findings of fact not genuinely contested in support of courts 1/22/07 order granting Alaris motion for summary judgment of invalidity of Spikeless Claims, proposed judgment of invalidity of plaintiffs Spike-less claims filed by defendant Alaris Medical Systems Inc. Lodged 2 documents(lc, ) | |
| 668 | *Filed:*          02/16/2007<br>*Entered:*     02/26/2007 | Notice of Lodging |
| | *Docket Text:* NOTICE OF LODGING objections to Alaris proposed findings of fact not genuinely contested and conclusion of law in support of 1/22/07 order under seal filed by plaintiff ICU Medical Inc. Lodged sealed document (lc, ) | |
| 669 | *Filed:*          02/16/2007<br>*Entered:*     02/26/2007<br>*Terminated:*   02/20/2007 | Application for Leave to File |
| | *Docket Text:* APPLICATION for Leave to File ICU objections to Alaris proposed findings of fact not genuinely contested and conclusion of law in support of 1/22/07 order under seal filed by plaintiff ICU Medical Inc. (lc, ) | |
| 670 | *Filed:*          02/16/2007<br>*Entered:*     02/26/2007 | Proof of Service (subsequent documents) |
| | *Docket Text:* PROOF OF FAX AND OVERNIGHT DELIVERY SERVICE filed by plaintiff ICU Medical Inc, re APPLICATION for Leave to File ICU objections to Alaris proposed findings of fact not genuinely contested and conclusion of law in support of 1/22/07 order under seal[669], Notice of Lodging[668], objections to proposed findings, objection to proposed judgment, proposed order to seal objections to findings were served on 2/16/07. (lc, ) | |
| 671 | *Filed:*          02/16/2007<br>*Entered:*     02/26/2007 | Order |
| | *Docket Text:* ORDER granting ICUs APPLICATION for Leave to File ICU objections to Alaris proposed findings of fact not genuinely contested and conclusion of law in support of 1/22/07 order under seal[669] by Judge Mariana R. Pfaelzer (lc, ) | |
| 672 | *Filed:*          02/20/2007<br>*Entered:*     02/26/2007 | Objections - non-motion |
| | *Docket Text:* SEALED DOCUMENT-ICUs OBJECTIONS to Alaris proposed findings of fact not genuinely contested and conclusion of law in support of 1/22/07 order re: invalidity (lc, ) | |
| 673 | *Filed:*          02/20/2007<br>*Entered:*     02/26/2007 | Errata |
| | *Docket Text:* NOTICE OF ERRATA regrding ICUs objections to alaris proposed judgment of invalidity filed by Plaintiff ICU Medical Inc. (lc, ) | |
| | *Filed:*          02/21/2007<br>*Entered:*     02/22/2007 | Findings of Fact & Conclusions of Law |

| 666 | *Docket Text:* FINDINGS OF FACT NOT GENUINELY CONTESTED AND CONCLUSIONS OF LAW IN SUPPORT OF THE COURTS 1/22/07 ORDER granting Alaris motion for summary judgment of invalidty of Spikeless claims under 35 USC 112, paragraphs 1 and 2 signed by Mariana R. Pfaelzer.(lc, ) |
|---|---|

| | *Filed:* | 02/21/2007 | Judgment |
|---|---|---|---|
| | *Entered:* | 02/22/2007 | |
| 667 | *Docket Text:* JUDGMENT OF INVALIDITY OF PLAINTIFF ICUs Spikeless claims under 35 USC 112 paragraphs 1 and 2, in favor of defendant Alaris Medical Systems Inc and against plaintiff ICU Medical Inc. Claims 11-16 of US Patent No 6682509 and clams 17-26, 31-42 and 46 of US Patent No 6572592 are INVALID for lack of sufficient written description as required by 35 USC 112 first paragraph and for fialing to claim the subject matter that their applicant Dr George A Lopez, regard as his invention in 1992, as is required by 35 USC 112, second paragraph; Plaintif ICUs amended complaint is hereby DISMISSED WITH PREJUDICE by Judge Mariana R. Pfaelzer; Related to: Alaris MOTION for Summary Judgment of invalidity of Spike-Less Claims[136] (MD JS-6, Case Terminated).(lc, ) | | | |

| | *Filed:* | 02/26/2007 | Stipulation and Order |
|---|---|---|---|
| | *Entered:* | 02/27/2007 | |
| 674 | *Docket Text:* STIPULATION AND ORDER regarding breifing and hearing schedule for Alaris motions for attorney fees and Rule 11 sanctions: Alaris opening breif: 3/1/07; ICU response brief as to Alaris motion for fees: 3/15/07; Alaris reply, if any on its motion for fees: 3/22/07; hearing on Alaris motion for fees: 3/29/07 11:00; hearing on Alaris Rule 11 motion: 3/29/07 11:00 AM by Judge Mariana R. Pfaelzer (lc, ) | | | |

| | *Filed:* | 03/01/2007 | Motion for Costs |
|---|---|---|---|
| | *Entered:* | 03/02/2007 | |
| | *Terminated:* | 04/16/2007 | |
| 675 | *Docket Text:* NOTICE OF MOTION AND MOTION for Fees, Costs and expenses under 35 U.S.C. 285, 28 U.S.C. 1927 and the court's inherent power filed by defendant Alaris Medical Systems Inc. Motion set for hearing on 3/29/2007 at 11:00 AM before Judge Mariana R. Pfaelzer. Lodged proposed order. (bp, ) | | | |

| | *Filed:* | 03/01/2007 | Declaration (Motion related) |
|---|---|---|---|
| | *Entered:* | 03/02/2007 | |
| 676 | *Docket Text:* DECLARATION of David D. Headrick in support of MOTION for Costs[675] filed by defendant Alaris Medical Systems Inc. (bp, ) | | | |

| | *Filed:* | 03/01/2007 | Motion Related Document |
|---|---|---|---|
| | *Entered:* | 03/02/2007 | |
| 677 | *Docket Text:* NOTICE OF LODGING MEMORANDUM IN SUPPORT OF MOTION for Costs [675] filed by defendant Alaris Medical Systems Inc. (bp, ) | | | |

| | *Filed:* | 03/01/2007 | Application to Seal |
|---|---|---|---|
| | *Entered:* | 03/02/2007 | |
| | *Terminated:* | 03/02/2007 | |
| 678 | *Docket Text:* APPLICATION to Seal documents filed by defendant Alaris Medical Systems Inc. Lodged proposed order. (bp, ) | | | |

| | *Filed:* | 03/01/2007 | Proof of Service (subsequent documents) |
|---|---|---|---|
| | *Entered:* | 03/02/2007 | |
| 679 | *Docket Text:* PROOF OF SERVICE filed by defendant Alaris Medical Systems Inc, re MOTION for Costs[675], Declaration (Motion related)[676], Motion Related Document[677], | | | |

| | | |
|---|---|---|
| | *Docket Text:* PROOF OF SERVICE filed by Plaintiff ICU Medical Inc, re Appeal to 9th Circuit Court of Appeals, [798] served on 10/24/07. (car) | |
| **796** | *Filed & Entered:*          10/25/2007 | Stipulation and Order |
| | *Docket Text:* STIPULATION AND ORDER by Judge Mariana R. Pfaelzer that costs are taxed under F.R.Civ.P. 54 in this case against ICU in the amount of $117,000.00, with post-judgment interest thereon to accrue in accordance with the Court's 6/28/2007 award; and the taxed costs are included in the 9/25/2007, Judgment [790].(gk) | |
| **--** | *Filed & Entered:*          10/26/2007 | Transmission of Notice of Appeal and Docket Sheet to USCA |
| | *Docket Text:* Transmission of Notice of Appeal and Docket Sheet to US Court of Appeals re: Appeal to Federal Circuit, [798] (car) Modified on 10/29/2007 (car, ). | |
| **800** | *Filed:*          10/29/2007<br>*Entered:*     10/30/2007 | Bill of Costs (CV-59) |
| | *Docket Text:* BILL OF COSTS. Costs Taxed in amount of $117,000.00 in favor of Alaris Medical Systems, Inc. and against ICU Medical, Inc. pursuant to Stipulation dated 10/25/2007. RE: Application to Clerk to Tax Costs [792]. (gk) | |
| **801** | *Filed:*          10/31/2007<br>*Entered:*     11/02/2007 | Proof of Service (subsequent documents) |
| | *Docket Text:* PROOF OF SERVICE filed by Plaintiff/Counterclaim Defendants, ICU Medical Inc, served on ICU'S Transcript Order and Statement of Issues. (cs) | |
| **802** | *Filed & Entered:*          11/16/2007 | Notice of Appearance |
| | *Docket Text:* NOTICE of Appearance filed by attorney Andre De La Cruz on behalf of Counter Defendant Alaris Medical Systems Inc, Counter Claimants Alaris Medical Systems Inc, Alaris Medical Systems Inc, Defendant Alaris Medical Systems Inc (De La Cruz, Andre) | |
| **803** | *Filed & Entered:*          11/16/2007 | Designation of Record on Appeal |
| | *Docket Text:* DESIGNATION of Record on Appeal by Defendant Alaris Medical Systems Inc re [798] (De La Cruz, Andre) | |
| **804** | *Filed & Entered:*          11/19/2007 | Designation of Record on Appeal |
| | *Docket Text:* CORRECTED AMENDED DESIGNATION of Record on Appeal by Defendant Alaris Medical Systems Inc re [798] (De La Cruz, Andre) | |
| **805** | *Filed:*          11/21/2007<br>*Entered:*     12/11/2007 | Notice of Change of Attorney Information (G-06) |
| | *Docket Text:* NOTICE of Change of Attorney Information: Karen I Boyd is no longer attorney of record in this case for the reason indicated in the G-06 Notice. Filed by plaintiff ICU Medical Inc (ak) | |
| **806** | *Filed & Entered:*          12/19/2007 | Transcript Designation and Order Form to the 9th CCA (A-9) |
| | *Docket Text:* TRANSCRIPT DESIGNATION AND ORDERING FORM For Dates: 3/29/06, 4/10/06, 6/12/06, 6/22/06, 8/3/06; Court Reporter: Sheri S. Kleeger, Margaret K. Babykin, Beth E. Zaccaro, Walter R. Ledge, Laura Miller Elias; Court of Appeals Case Number: 2008-1007; Re: [798] (De La Cruz, Andre) | |

---

| **PACER Service Center** |
|---|
| |

# EXHIBIT 2

FILED - WESTERN DIVISION
CLERK, U.S. DISTRICT COURT

APR 16 2007

CENTRAL DISTRICT OF CALIFORNIA
BY_____DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT

APR 17 2007

CENTRAL DISTRICT OF CALIFORNIA
B:_____DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP RULE 77(d)

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICU MEDICAL, INC., | CASE NO. SA CV 04-00689 MRP (VBKx) |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANT ALARIS' MOTION FOR FEES, COSTS AND EXPENSES UNDER 35 U.S.C. § 285 AND GRANTING DEFENDANT ALARIS' MOTION FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 11** |
| v. | |
| ALARIS MEDICAL SYSTEMS, INC., | |
| Defendant. | |
| | |
| **AND RELATED COUNTERCLAIMS** | |

## I.

## INTRODUCTION

On January 22, 2007, this Court granted defendant Alaris Medical Systems, Inc.'s ("Alaris") motion for summary judgment of invalidity of plaintiff ICU Medical, Inc.'s ("ICU") "spikeless" claims, thereby dismissing ICU's remaining claims in this case. As the prevailing party, Alaris now seeks to recover fees, costs and expenses under 35 U.S.C. § 285, 28 U.S.C. § 1927 and the Court's inherent power. (*See* Alaris' Mem. in Supp. of its Mot. for Fees, Costs and Expenses under 35 U.S.C. § 285, 28 U.S.C. § 1927 and the Court's Inherent Power, filed Mar. 1,

730

1  2007 (the "Fees Motion").) Alaris has also renewed a prior motion for sanctions against ICU

2  under Federal Rule of Civil Procedure 11. (*See* Alaris' Mem. of P. &. A. in Supp. of Alaris'

3  Mot. for Sanctions Pursuant to Fed. R. Civ. P. 11, filed Sep. 19, 2005 and renewed on Feb. 26,

4  2007 (the "Rule 11 Motion").) On March 29, 2007, the Court heard oral argument from the

5  parties with respect to these motions and took them under submission.

6       The Court finds that this case is exceptional within the meaning of Section 285 and

7  awards Alaris a portion of its requested attorney fees on that basis. The Court finds that

8  sanctions are also warranted under Rule 11 for ICU's assertion of the "spike" claims in its

9  amended complaint, but finds that such sanctions are subsumed by the Court's award of attorney

10  fees under Section 285. Further sanctions are otherwise inappropriate or unnecessary under

11  Section 1927 or the Court's inherent power.

12

13                        **II.**

14                **DISCUSSION**

15       The factual and procedural background of this case has been documented in the Court's

16  prior orders and need not be repeated here.[1] ICU's case has concluded by the Court's grant of

17  Alaris' request for summary judgment of noninfringement of ICU's "spike" claims in U.S.

18  Patent Nos. 5,685,866 ("the '866 Patent"), 5,873,862 ("the '862 Patent") and 6,572,592 ("the

19  '592 Patent"), as well as Alaris' request for summary judgment of invalidity of ICU's

20

21

22

---

[1] The factual and procedural background can be found in the following Court documents:

23     1)  July 30, 2004 Order Denying Plaintiff's Motion for a Preliminary Injunction and Findings of Fact and Conclusions of Law ("TRO/PI Denial Findings/Conclusions");

24     2)  July 17, 2006 Claim Construction Order (the "CC Order");

25     3)  July 17, 2006 Partial Summary Judgment Order for Noninfringement of "Spike" Claims and August 25, 2006 Findings of Fact Not Genuinely Contested and Conclusions of Law (collectively, "Spike PSJ Findings/Conclusions");

26     4)  Jan. 22, 2007 Order Granting Defendant Alaris' Motion for Summary Judgment of Invalidity of Plaintiff ICU's "Spikeless" Claims under 35 U.S.C. § 112 (the "Spikeless SJ Order"); and

27     5)  Feb. 21, 2007 Findings of Fact Not Genuinely Contested and Conclusions of Law in Support of the Court's 1/22/2007 Order Granting Alaris' Motion for Summary Judgment of Invalidity of "Spikeless" Claims under

28         35 U.S.C. § 112, ¶¶ 1 & 2 ("Spikeless SJ Findings/Conclusions").

1   "spikeless" claims in U.S. Patent No. 6,682,509 ("the '509 Patent") and the '592 Patent.[2]

2   Having prevailed in the case, Alaris now seeks its fees, costs and expenses under Section 285,

3   Section 1927 and the Court's inherent power for this nearly three-year long litigation. Alaris has

4   also renewed a prior motion for Rule 11 sanctions targeting ICU's assertion of the "spike" claims

5   in the '866, '862 and '592 Patents in ICU's amended complaint.

6

7   **A.     Legal Standards**

8       1.      Attorney Fees Under 35 U.S.C. § 285

9       Section 285 of the Patent Act authorizes the court to award "reasonable attorney fees to

10  the prevailing party" in "exceptional cases." 35 U.S.C. § 285. Such fees are awarded when: 1) a

11  court finds that there is clear and convincing evidence that the case is exceptional; and 2) the

12  court then exercises its discretion to award fees to the prevailing party. *Superior Fireplace Co.*

13  *v. Majestic Prods. Co.*, 270 F.3d 1358, 1376 (Fed. Cir. 2001); *Sensonics, Inc. v. Aerosonic Corp.*,

14  81 F.3d 1566, 1574 (Fed. Cir. 1996). The purpose of such an award is to rectify, at least in part,

15  the injustice done to the defendant caused by litigation brought in bad faith; this serves to defend

16  the court and the judicial system against abuse. *Mathis v. Spears*, 857 F.2d 749, 754 (Fed. Cir.

17  1988).

18      An exceptional case occurs "when there has been some material inappropriate conduct

19  related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in

20  procuring the patent, misconduct during litigation, vexatious or unjustified litigation, conduct

21  that violates Fed. R. Civ. P. 11, or like infractions." *Brooks Furniture Mfg., Inc. v. Dutailier*

22  *Int'l, Inc.*, 393 F.3d 1378, 1381 (Fed. Cir. 2005). However, "[a]bsent misconduct in conduct of

23  the litigation or in securing the patent, sanctions may be imposed against the patentee only if

24  both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively

25  baseless." *Id.* (citing *Prof'l Real Estate Investors v. Columbia Pictures Indus., Inc.*, 508 U.S. 49,

26

27  _____

28  [2] The Court uses the terms "spike" and "spikeless" here to describe and differentiate the needleless medical valve claims and embodiments in ICU's asserted patents that expressly recite a "spike" element from those that do not. The term "spikeless," in particular, is not a term of art and does not appear in the patents-in-suit.

1    60-61 (1993) (defining "sham" litigation under antitrust law)).  The Federal Circuit has

2    elaborated that when "the patentee is manifestly unreasonable in assessing infringement, while

3    continuing to assert infringement in court, an inference is proper of bad faith, whether grounded

4    in or denominated wrongful intent, recklessness, or gross negligence." *Eltech Sys. Corp. v. PPG*

5    *Indus., Inc.*, 903 F.2d 805, 811 (Fed. Cir. 1990).  Thus, the "filing and maintaining of an

6    infringement suit which the patentee knows, or on reasonable investigation should know, is

7    baseless constitutes grounds for declaring a case exceptional under 35 U.S.C. § 285." *Id.* at 810

8    (quotation omitted).[3]  Similarly, "[l]itigation misconduct and unprofessional behavior are

9    relevant to the award of attorney fees, and may suffice to make a case exceptional under § 285,"

10   as may the assertion of a frivolous claim interpretation or the vexatious raising, litigating and

11   later dropping of claims or defenses, even when an honest mistake is alleged.  *Sensonics*, 81 F.3d

12   at 1574; *Bayer Aktiengesellschaft v. Duphar Int'l Research B.V.*, 738 F.2d 1237, 1243 (Fed. Cir.

13   1984); *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1552 (Fed. Cir. 1989).

14   The Federal Circuit has also cautioned that "[a]lthough the trial judge may exercise his discretion

15   to award attorney fees and costs because of inequitable conduct during prosecution of the patent

16

17   _____

18   [3] ICU advocates that, under *Brooks*, a finding of exceptionality based on a party's bad faith engagement in
     objectively baseless litigation requires direct proof of that party's subjective intent to engage in that litigation.  ICU
19   is only partially correct, as such potent proof would be sufficient, but not necessary in showing bad faith.  Prior
     Federal Circuit authority, particularly under *Eltech*, stated that subjective bad faith could be: 1) "grounded in or
20   denominated wrongful intent, recklessness, or gross negligence;" or 2) derived from a party's decision to engage in a
     litigation tactic that "the patentee knows, or on reasonable investigation should know, is baseless."  903 F.2d at 810-
21   11.  While the *Eltech* court required more than mere negligence to show bad faith, it also held that a party's
     knowledge of its litigation tactics' baseless nature could be inferred objectively from the circumstances surrounding
22   those tactics.  *Id.* at 810.  This objective showing of a party's subjective knowledge, and thus its bad faith, alleviated
     the "difficulty of proving what is in an adversary's mind" by granting the aggrieved party "liberty to prove facts
23   establishing that that adversary should have known, i.e. to prove facts that render the 'I didn't know' excuse
     unacceptable." *Id.*
24        *Eltech's* objective articulation of what constitutes bad faith engagement in objectively baseless litigation,
     otherwise termed vexatious, frivolous or unjustified under the *Brooks* standard, is consistent with authority cited by
25   the *Brooks* case, which cited to, and relied on, the *Eltech* standard.  *See, e.g., Brooks*, 393 F.3d at 1381 (citing *Forest
     Labs., Inc. v. Abbott Labs.*, 339 F.3d 1324, 1329-31 (Fed. Cir. 2003) (holding that in evaluating bad faith vexatious,
26   unjustified or frivolous litigation under Section 285, "the pertinent inquiry is thus whether [one party] knew or
     should have known that it would be estopped from asserting [its] . . . patents against [the other party], but pursued
27   its infringement counterclaim anyway." (citing *Eltech*, 903 F.2d at 810-11))).  Thus, the *Brooks* panel did not
     overrule or substantively narrow the bad faith standard advanced by *Eltech*.  *See also Phonometrics, Inc. v. Westin
28   Hotel Co.*, 350 F.3d 1242, 1246 (Fed. Cir. 2003) (citing the *Eltech* standard); *Haynes Int'l Inc. v. Jessop Steel Co.*, 8
     F.3d 1573, 1579 (Fed. Cir. 1993) (same); *see also South Corp. v. United States*, 690 F.2d 1368, 1370 n.2 (Fed. Cir.
     1982) (*en banc*) (holding that only an *en banc* court can overrule earlier panel decisions).

                                                       -4-

1    or misconduct during litigation, attorney fees are not to be routinely assessed against a losing

2    party in litigation[,] in order to avoid penalizing a party for merely defending or prosecuting a

3    lawsuit." *McNeil-PPC, Inc. v. L. Perrigo Co.*, 337 F.3d 1362, 1372 (Fed. Cir. 2003) (citation

4    and quotation marks omitted).  Finally, in assessing whether a case qualifies as exceptional, "the

5    district court must look at the totality of the circumstances." *Yamanouchi Pharm. Co., Ltd. v.*

6    *Danbury Pharmacal, Inc.*, 231 F.3d 1339, 1346-47 (Fed. Cir. 2000).

7         Once the court finds a case exceptional, it may award fees based on "the relevant

8    considerations, such as the closeness of the case, the tactics of counsel, the flagrant or good faith

9    character of the parties' conduct, and any other factors contributing to imposition of punitive

10   sanctions or to fair allocation of the burdens of litigation." *Perricone v. Medicis Pharm. Corp.*,

11   432 F.3d 1368, 1380-81 (Fed. Cir. 2005).  "The court's choice of discretionary ruling should be

12   in furtherance of the policies of the laws that are being enforced, as informed by the court's

13   familiarity with the matter in litigation and the interest of justice." *S.C. Johnson & Son, Inc. v.*

14   *Carter-Wallace, Inc.*, 781 F.2d 198, 201 (Fed. Cir. 1986) (citation omitted).   In exceptional

15   cases, the aggrieved party is entitled to an award of "the portion of its attorney fees which related

16   to the vexatious litigation strategy and other misconduct." *Beckman*, 892 F.2d at 1553.  "The

17   determination of the amount of the award remains within the discretion of the trial court, since it

18   is the trial judge who is in the best position to know how severely [the offending party's]

19   misconduct has affected the litigation." *Id.*  Thus, where litigation misconduct forms the basis

20   for finding that the case is exceptional under Section 285, the record must establish a causal

21   nexus between the fees claimed and the misconduct. *Id.*

22

23        2.    Sanctions Under Federal Rule of Civil Procedure 11

24        Federal Rule of Civil Procedure 11 permits sanctions for filings, such as pleadings,

25   motions or other "paper[s]," where: 1) such papers are legally or factually baseless from an

26   objective perspective; and 2) the asserting party cannot show that it conducted a reasonable and

27   competent inquiry before signing and filing the document. Fed. R. Civ. P. 11; *Christian v.*

28   *Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002); *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208

1   F.3d 981, 985-96 (Fed. Cir. 2000). A claim is legally baseless if it is legally unreasonable, while

2   a claim is factually baseless if it lacks factual foundation. *Estate of Blue v. County of Los*

3   *Angeles*, 120 F.3d 982, 985 (9th Cir. 1997). The party asserting the claim bears the burden of

4   showing that its inquiry was reasonable and competent. *View Eng'g*, 208 F.3d at 986. Rule 11

5   sanctions are designed to "reduce frivolous claims, defenses or motions and to deter costly

6   meritless maneuvers, thereby avoiding delay and unnecessary expense in litigation." *Christian*,

7   286 F.3d at 1127 (citation and quotation marks omitted). Rule 11 sanctions are thus limited "to

8   what is sufficient to deter repetition of such conduct or comparable conduct by others similarly

9   situated." Fed. R. Civ. P. 11(c)(2).

10      Unlike sanctions under Section 285, Section 1927 or the Court's inherent power, which

11  may be based on attorney misconduct, Rule 11 sanctions are only available with regard to signed

12  papers filed with the court. *United Energy Owners Comm., Inc. v. U.S. Energy Mgmt. Sys., Inc.*,

13  837 F.2d 356, 364-65 (9th Cir. 1988). Rule 11 sanctions for a patent infringement claim would

14  be appropriate if it is legally unreasonable or without factual foundation such that an objectively

15  reasonable attorney would not believe that every claim limitation reads on the accused products

16  either literally or under the doctrine of equivalents. *View Eng'g*, 208 F.3d at 986.

17

18      3.      Sanctions Under 28 U.S.C. § 1927

19      Section 1927 under Title 28 of the United States Code, entitled "Counsel's liability for

20  excessive costs," provides: "Any attorney . . . who so multiplies the proceedings in any case

21  unreasonably and vexatiously may be required by the court to satisfy personally the excess costs,

22  expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

23  An award of sanctions under Section 1927 must be supported by a finding of subjective bad faith

24  for "unnecessary filings and tactics once a lawsuit has begun." *Trulis v. Barton*, 107 F.3d 685,

25  694 (9th Cir. 1995) (citation omitted); *In re Keegan Mgmt. Co. Secs. Litig.*, 78 F.3d 431, 435

26  (9th Cir. 1996). "Bad faith is present when an attorney knowingly or recklessly raises a frivolous

27  argument or argues a meritorious claim for the purpose of harassing an opponent." *Trulis*, 107

28  F.3d at 694 (citation and quotation marks omitted). Unlike sanctions under Rule 11, sanctions

1  under Section 1927 do not require that a filing be entirely frivolous, so long as a finding of bad

2  faith intention to harass or recklessness is made. *In re Keegan Mgmt. Co.*, 78 F.3d at 436.

3

4      4.    Sanctions Under the Court's Inherent Power

5      Alaris also seeks an award of fees and costs under the Court's inherent power to sanction

6  the prosecution of bad faith litigation and litigation misconduct. "The inherent power

7  encompasses the power to sanction attorney or party misconduct," and includes the power to

8  assess fees and costs "when a party has acted in bad faith, vexatiously, wantonly, or for

9  oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (citation omitted).

10  The Ninth Circuit specifically requires a finding of bad faith in order for a court to grant

11  sanctions under its inherent power. *In re Keegan Mgmt. Co.*, 78 F.3d at 436 (citations omitted).

12  While the Supreme Court has advised that the sanctioning scheme found in various statutes and

13  rules has not displaced the courts' inherent power, "when there is bad-faith conduct in the course

14  of litigation that could be adequately sanctioned under [a statute or] the Rules, the court

15  ordinarily should rely on the [statute or] Rules rather than the inherent power." *Chambers*, 501

16  U.S. at 46, 50.

17

18  **B.    Analysis Under 35 U.S.C. § 285**

19      1.    Alaris is the Prevailing Party

20      Determination of the prevailing party is based on the relation of the litigation result to the

21  overall objective of the litigation, and not on a count of the number of claims and defenses.

22  *Brooks*, 393 F.3d at 1381 (citing *Tex. State Teachers Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S.

23  782, 789 (1989) ("plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if

24  they succeed on any significant issue in litigation which achieves some of the benefit the parties

25  sought in bringing the suit") (citation and quotation marks omitted)).  ICU accused Alaris of

26  infringing four of its patents and demanded that Alaris cease producing the accused SmartSite

27  products.  When Alaris established its non-infringement of ICU's "spike" claims and the

28  invalidity of ICU's "spikeless" claims, it prevailed in the litigation.

1    2.    This Case is Exceptional

2    The Court finds that this case is exceptional by the clear and convincing evidence that

3    Alaris has provided. This evidence shows that ICU engaged in improper litigation when it

4    sought the temporary restraining order and preliminary injunction (the "TRO/PI") and when it

5    later asserted the "spike" claims in an amended complaint after the TRO/PI was denied. Both

6    the TRO/PI request and the amended complaint's assertion of the "spike" claims were

7    objectively baseless and brought in bad faith, making this case an exceptional one. The Court

8    addresses each in turn.

9

10        a)    ICU's Request for a Temporary Restraining Order and Preliminary

11                Injunction in June 2004

12    The facts surrounding ICU's request for the TRO/PI are sufficient by themselves to make

13    this case exceptional. ICU filed this lawsuit on June 16, 2004, asserting only the '509 Patent and

14    its "spikeless" claims, claims 17-23, which ICU states were drafted and prosecuted specifically

15    to combat Alaris' SmartSite Valve. Upon the filing of this lawsuit, ICU also filed an *ex parte*

16    application for a temporary restraining order and order to show cause why Alaris should not be

17    preliminarily enjoined from making, using and selling SmartSite Valves (the TRO/PI). The

18    Court denied ICU's request for the TRO/PI in July 2004, however, ICU engaged in several

19    improper litigation tactics at the beginning of the case.

20    First, ICU asserted only facially invalid claims in the '509 Patent in requesting the

21    TRO/PI, all the while maintaining that it was diligent and pursuing valid claims before the Court.

22    Approximately 22 of the '509 Patent's total 29 claims were identical to claims in the '592 Patent,

23    while six of the seven asserted '509 Patent claims (claims 17-22) were identical to '592 Patent

24    claims (claims 35-39 and 46), and the remaining claim, claim 23, suffered from an improper

25    claim of dependency on claim 22.

26    These were flaws that even a cursory review of the asserted patent's prosecution history

27    would have revealed. The prosecution histories of the '509 and '592 Patents are interrelated, as

28    ICU applied for the '509 Patent during the prosecution of the '592 Patent. ICU filed the

-8-

1    application for the '592 Patent on May 9, 2000. On November 19, 2001, ICU presented twenty-

2    nine more or less identical claims to the Patent and Trademark Office ("PTO") twice: 1) in an

3    amendment to ICU's then-pending application that ultimately became the '592 Patent; and 2) in

4    ICU's new continuation application for the '509 Patent. The '509 Patent was thus a "child" of

5    the '592 Patent; it derived from the '592 Patent application and included virtually the same

6    "spikeless" claims. The '592 Patent issued on June 3, 2003, while the '509 Patent issued on

7    January 27, 2004. One of the prosecuting attorneys for the '592 and '509 Patents stated that he

8    believed his firm filed the duplicate claims to "get the claims allowed more quickly," but this

9    race between the patents was not disclosed to the PTO. (*See* Alaris Fees Mot. Reply Br. at 5.)

10   After the '509 Patent issued, ICU requested that the PTO correct, among other things, two

11   articles in each of asserted claims 17 and 20 ("an" to "a" and "a" to "an"), and remove a "g"

12   from "snuggly," to read "snugly," in claims 20-22. The double-patenting, however, was not

13   discovered or noted by the PTO. The requested Certificate of Correction issued on June 15,

14   2004. ICU filed this suit the following day, asserting only the '509 Patent, and requested the

15   TRO/PI two days after that. At that time, the corresponding claims of the '592 Patent contained

16   five of the seven errors that were corrected in the asserted claims of the '509 Patent.

17         ICU was at best grossly negligent in failing to detect the presence of the double-patented

18   claims in the '509 Patent before asserting them in the complaint and before claiming diligence

19   before the Court in requesting the TRO/PI. This is especially true given that the '509 and '592

20   Patents are both ICU patents, derive from the same 1992 application, share a Common

21   Specification, have the same inventor and were prosecuted by the same patent lawyers for ICU

22   only three years before in the same November 2001 filing. Standing alone, these facts arguably

23   could be taken to indicate that ICU did not perform any reasonable investigation of the asserted

24   patents and their relatedness before initiating the litigation, despite having months, if not years to

25   do so. In this regard, ICU claims that it missed the double-patenting because it was focused

26   instead on the obviousness objections raised by the PTO Examiner, who also failed to note the

27   double-patented claims. But the facts show that ICU was decidedly aware of the '592 Patent's

28   existence, having attached the cover page from the '592 Patent, but not the claims, in their

-9-

1    TRO/PI material supporting the "indicia of validity" for the '509 Patent. Furthermore, ICU must

2    have been acutely aware of the interrelatedness of the two patents given the fact that ICU had

3    been working specifically on the '509 Patent in securing a Certification of Correction from the

4    PTO immediately prior to filing this suit, one of whose corrections tied the '509 Patent's

5    prosecution history to the '592 Patent and the November 2001 filing. Finally, ICU's litigation

6    counsel had, by that time, worked with other ICU patents that also included the '592 Patent in

7    their prosecution histories in earlier litigation. That ICU was unable to detect these obvious

8    flaws in its asserted patent for several months before and after the commencement of the

9    litigation shows not mere negligence, but gross negligence or studied ignorance, neither of which

10   justifies placing the burden on Alaris. ICU's self-serving protests that they "didn't know" of the

11   double-patenting and simply overlooked the "red flags" just discussed are wholly unconvincing.

12   Further, Alaris need not show what was in ICU's "mind" in overlooking these errors, and is at

13   "liberty to prove facts establishing that [ICU] should have known, i.e. to prove facts that render

14   the 'I didn't know' excuse unacceptable." *Eltech*, 903 F.2d at 810.

15         However, ICU compounded this egregious "oversight" by failing to acknowledge or

16   correct these claims' deficiencies or to withdraw them in an expeditious manner, despite being

17   told of the double-patenting by Alaris and the Court. For example, Alaris first pointed out the

18   double-patenting in the '509 claims to ICU before the hearing on the TRO/PI. As early as July

19   2004, Alaris outlined citations to the text of the duplicate claims, but ICU disregarded this

20   warning from its adversary and later erroneously asserted the validity of those claims in the

21   preliminary injunction hearing. Later, the Court cited the double-patented claims in the '509

22   Patent as one of the main reasons it denied the TRO/PI. Rather than correct the error after these

23   two warnings, ICU kept four of the claims from the TRO/PI hearing in the case and then added

24   more double-patented claims from '509 Patent (claims 1-10) that were also found in the '592

25   Patent (claims 17-26). ICU did not publicly acknowledge the double-patenting of those claims

26   until over a year later. ICU now tries to excuse this delay by terming the double-patenting

27   euphemistically as an "insurmountable problem" and stating that it took the best course of action

28   it could by ceasing to actively assert those claims in the case, despite failing to actually drop

-10-

1   them. This response, too, was vexatious, as Alaris still had to contend with the real possibility of

2   being forced to continue to litigate these invalid claims. Thus, ICU's added recalcitrance in the

3   face of having made an arguably inexcusable error portends bad faith.

4         Second, ICU misleadingly portrayed its diligence by selectively asserting the '509 Patent

5   instead of the '592 Patent, which had issued nearly a year before ICU requested the TRO/PI. It

6   is important to note that when ICU requested the TRO/PI, Alaris' SmartSite Valve had already

7   been on the market since 1996. However, because, in ICU's view, the '509 Patent represented

8   the best arrow in ICU's quiver to combat Alaris' SmartSite Valve, ICU represented to the Court

9   that Federal Circuit authority required that ICU wait until the Certificate of Correction issued on

10  the '509 Patent in June 2006 before it could file this suit. The fact that ICU prosecuted a patent

11  to combat a competitor's product and then sued on that patent is not noteworthy[4], but ICU was

12  disingenuous in claiming that it acted diligently in asserting the '509 Patent instead of the '592

13  Patent or that it was somehow precluded from asserting the earlier '592 Patent by Federal Circuit

14  authority. ICU's claim that the '509 Patent's Certificate of Correction had "very serious

15  corrections," including changing the history of the '509 Patent to be a continuation-in-part

16  application and providing a proper antecedent basis for claim 1, is doubtful, if not wholly

17  unavailing. Again, a review of the '592 Patent would have shown that it contained virtually

18  identical claims to the ones ICU was asserting in the '509 Patent, meaning ICU could have

19  asserted its rights with a different patent nearly a year earlier. This is precisely what ICU

20  ultimately did when it later amended its complaint to include the '592 Patent's nearly identical

21  "spikeless" claims – in their uncorrected form – after the Court denied ICU's request for the

22  TRO/PI. Under those facts, ICU's excuse that the Certificate of Correction was needed and that

23  Federal Circuit authority precluded its filing earlier was entirely invalid. ICU was not diligent in

24  asserting the '509 Patent and ICU's attempt to conceal its lack of diligence by asserting the '509

25

26  [4] See *Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988) ("[T]here is nothing
    improper, illegal or inequitable in filing a patent application for the purpose of obtaining a right to exclude a known
27  competitor's product from the market; nor is it in any manner improper to amend or insert claims intended to cover a
    competitor's product the applicant's attorney has learned about during the prosecution of a patent application. Any
28  such amendment or insertion must comply with all statutes and regulations, of course, but, if it does, its genesis in
    the marketplace is simply irrelevant and cannot of itself evidence deceitful intent.").

1    Patent instead of the '592 Patent demonstrated bad faith.

2         Third, when Alaris challenged the presumption of validity of ICU's asserted "spikeless"

3    claims at the TRO/PI hearing, ICU represented to the Court that there was "clearly" a "spikeless"

4    valve embodiment disclosed in Figures 13 and 20-22 of the Common Specification to the '509

5    Patent.  A superficial review of these Figures shows that they did not contain or demonstrate any

6    "spikeless" embodiment, something Judge Stotler later discerned.  Over two years later, ICU

7    eventually acknowledged that these figures do not, in fact, contain a "spikeless" embodiment,

8    and stated its original claim was an "honest mistake."  Again, gross negligence may have caused

9    ICU's initial error in arguing that theses figures illustrated a "spikeless" embodiment, but bad

10   faith drove ICU's insistence on this argument as well as its failure to timely correct or explain its

11   error.

12        In total, ICU's request for the TRO/PI was objectively baseless and brought in bad faith.

13   When faced with facts, errors and omissions that would have deterred a prudent and objectively

14   reasonable counsel from pursuing the TRO/PI, ICU stayed the course and forced Alaris to

15   litigate a meritless action.  ICU made multiple, repeated misrepresentations, whether knowingly

16   or recklessly, to the Court regarding its own patents in an effort to conceal what are now

17   characterized as errors in order to rescue the TRO/PI from denial.  Ultimately, one of the most

18   telling facts is that all of the claims that ICU asserted in the TRO/PI proceeding were ultimately

19   withdrawn.  These extraordinary tactics, standing alone, suffice to make this case exceptional.

20

21             *b)*    *ICU's Assertion of Its "Spike" Claims in the '866, '862 and '592 Patents*

22        ICU's next step in the litigation was also improper and served to exacerbate the case's

23   exceptional nature.  Having been denied a TRO/PI on the basis of the "spikeless" claims of the

24   '509 Patent, ICU moved to amend its complaint in October 2004 to include claims describing a

25   medical valve with a "spike" element, termed "spike" claims.  These "spike" claims were

26   contained in ICU's '862 and '866 "spike" Patents and in the '592 Patent, which contained both

27   "spike and spikeless" claims.  The Court granted ICU leave to amend the complaint in

28

-12-

1   December 2004.[5]

2       ICU had no objective basis for asserting these "spike" claims. This conclusion is

3   compelled by three facts: 1) Alaris' SmartSite Valves contained no "spike" element, as

4   reasonably defined by the "spike" claims in ICU's Patents; 2) ICU only sued on these "spike"

5   claims by asserting a frivolous construction of the term "spike" as an "upward projection" in an

6   improper attempt to cover Alaris' SmartSite products; and 3) ICU's failure to sue on these

7   "spike" claims prior to June 2004, as well as its failure to assert them at the beginning of this

8   case, indicates that ICU did not believe a suit against the SmartSite Valves would be reasonable

9   using these "spike" claims.  ICU was entitled to bring in patent reinforcements in amending its

10  complaint after the TRO/PI Denial questioned the validity of the '509 Patent's "spikeless"

11  claims, but no objectively reasonable attorney would have thought that the "spike" claims were

12  suitable reinforcements.  Specifically, a reasonable attorney would not have construed the

13  "spike" element in ICU's patents as it did, nor would he or she have believed that every claim

14  limitation of the "spike" claims read on the accused Alaris products either literally or under the

15  doctrine of equivalents.  The Court has discussed at length in the claim construction order and its

16  partial summary judgment order of noninfringement on the "spike" claims why ICU's assertion

17  and construction of the "spike" claims was not objectively reasonable, even to one skilled in the

18  art.  In short, ICU's claimed construction of a "spike" as an "upright projection" lacked

19  dictionary or treatise support and omitted the pointed structure or piercing function that were

20  clearly required by the asserted patents' claims, specification and drawings.  No reasonable

21  attorney would have thus found that the SmartSite Valve possessed a "spike" element, as defined

22  by ICU's "spike" claims, either literally or under the doctrine of equivalents.  The "spike" claims

23  should never have been asserted at all, from an objective standpoint.

24      The unreasonableness of ICU's asserting the "spike" claims against the SmartSite is

25

26  [5] ICU argues that because Judge Stotler granted ICU's request to amend the complaint to include the "spike" claims,
    despite Alaris' having made the same arguments it now makes – that asserting the "spike" claims was frivolous and
27  unjustified – ICU's litigation strategy was deemed legitimate.  This proves too much.  Judge Stotler was not
    positioned to properly or fully adjudicate the merits of ICU's amended complaint, and ICU specifically argued
28  against her doing so at that time.  Judge Stotler's decision to grant ICU leave to amend the complaint did not
    constitute a substantive endorsement of the merit of ICU's claims or a validation of its litigation strategy.

1    further borne out by the litigation history of this case.  ICU admits that it did not originally sue

2    on its '862 and '866 "spike" Patents, which issued several years earlier in 1997 and 1999,

3    because of the "substantial difficulty" it would face in asserting the "spike" claims against

4    Alaris' products, which were "spikeless."  Even though ICU stated that Alaris was a competitive

5    threat to its medical valve business as early as 2001, ICU clearly stated to the Court in the

6    TRO/PI proceedings that it needed to wait for the prosecution of the '509 Patent and its

7    "spikeless" claims to combat the SmartSite Valve.  All the while, ICU's "spike" claims in the

8    '866 and '862 Patents were not asserted.  In June 2003, ICU further expanded this untapped

9    reserve of "spike" claims with the issuance of '592 Patent and its mix of "spike" and "spikeless"

10   claims.  Still ICU did not sue on the "spike" claims, which by then were the subject of three

11   separate patents.  This is likely because ICU's ultimate addition of the "spike" claims in

12   December 2004 from these three earlier patents, including one that contained the very same

13   "spikeless" claims that were asserted in the '509 Patent, fundamentally undermined its

14   representation in the TRO/PI hearing that it could not have sued earlier than it did.  However,

15   once the TRO/PI Denial raised critical questions about the validity of the "spikeless" claims in

16   the '509 and '592 Patents, for both double-patenting and a probable lack of a sufficient written

17   description, ICU unreasonably turned to its "spike" claims to buttress, if not rescue, its case.

18          Furthermore, Alaris points to evidence showing that, prior to filing this case, ICU did not

19   believe that the SmartSite Valves infringed its "spike" claims.  This evidence includes statements

20   by ICU's inventor and internal personnel separately indicating their views that the Alaris

21   SmartSite Valve had no "spike" element and that the SmartSite Valve was an appreciably

22   different device from any of ICU's valves.  Alaris also cites a 1996 patent application for a

23   "spikeless" medical valve device that ICU filed after the SmartSite was commercially released;

24   Alaris argues the claimed device bore a striking resemblance to certain aspects of the SmartSite

25   Valve.  Notably, the claimed device omitted any "spike" element and ICU described its design

26   with an internal short, stubby tube as "spikeless."  This application did not claim priority to the

27   1991 and 1992 applications common to all of the patents asserted in this case, and it was later

28   abandoned.  Though not dispositive on the issue of ICU's bad faith, this evidence weighs against

-14-

1   ICU's current contention that its assertion of the "spike" claims in late 2004 was supported by a

2   long-standing, widely-held or genuine belief that Alaris' SmartSite Valves always infringed

3   those claims. However, when viewed together with ICU's objectively baseless construction of a

4   "spike," its unreasonable argument that the SmartSite Valves infringed the "spike" claims, and

5   its need to hedge against the questioned validity of the asserted "spikeless" claims in this case,

6   ICU's assertion of the "spike" claims served only to improperly expand and prolong the

7   litigation in bad faith.

8

9            c)      *Alaris' Request for Rule 11 Sanctions in Response to ICU's Assertion of*

10                   *the "Spike" Claims in the Amended Complaint*

11          This case is also exceptional because ICU's assertion of the "spike" claims in the

12   amended complaint was objectively baseless and could not have been the product of a reasonable

13   pre-litigation inquiry, and, thus, it warrants Rule 11 sanctions. The Court discusses the reasons

14   for this conclusion later in this order, but notes here that an award of sanctions under Rule 11

15   provides a separate basis for finding a case exceptional. *Brooks*, 393 F.3d at 1381.

16

17            d)      *Exceptional Case Conclusions*

18          Alaris has presented clear and convincing evidence that ICU's TRO/PI request and its

19   assertion of the "spike" claims in this case were objectively baseless and made in bad faith. In

20   response, ICU argues that these actions did not rise to the level of attorney misconduct, and the

21   Court, in general, agrees. But, in the absence of misconduct, a court can find a case exceptional

22   where objectively baseless litigation was brought in subjective bad faith. *Brooks*, 393 F.3d at

23   1381. And a party's subjectively bad faith may be shown by objective circumstances

24   demonstrating that a party "knew" or "should have known" that its litigation tactics were

25   objectively baseless, rendering the "I didn't know" excuse invalid. *Eltech*, 903 F.2d at 810-11.

26   Alaris has met its burden in showing that this case is exceptional, and ICU's excuses are both

27

28

-15-

1    unavailing and insufficient.[6]

2

3        3.    Alaris is Entitled to a Portion of its Requested Attorney Fees

4        Having found the case exceptional, the Court finds that a partial award of attorney fees is

5    proper.  For the reasons discussed above, the Court finds that Alaris is entitled to fees for the

6    same parts of this litigation that rendered it exceptional.  These comprise the fees and costs

7    relating to: 1) the TRO/PI; 2) ICU's assertion of the "spike" claims; and 3) ICU's construction of

8    the term "spike" at claim construction.  Alaris is not entitled to fees for ICU's later litigation of

9    the "spikeless" claims of the '509 and '592 Patents after the "spike" claims were dismissed from

10   the case, nor is it entitled to fees for any other part of claim construction.  In contrast to its

11   objectively baseless and bad faith litigation of the TRO/PI and "spike" claims, ICU's later

12   unsuccessful litigation of the "spikeless" claims involved tactics best characterized as

13   overzealous or overly creative, as opposed to vexatious and frivolous.  As Alaris describes them,

14   these tactics include: 1) asserting, in violation of written description law, that the Common

15   Specification supports a "spikeless" embodiment in contradiction of the abstract, summary of the

16   invention, drawings and description of the operation of the valves described in the '509 and '592

17   Patents; 2) improperly relying on enablement law to extrapolate, and supplement the written

18   description with, unsupported embodiments without telling the Court that it was specifically

19   doing so; 3) repeating the false assertion that Figures 13 and 20-22 show a "spikeless"

20   embodiment; 4) ignoring Judge Stotler's "warning" in the TRO/PI findings that there was a

21   substantial question of the "spikeless" claims' validity for lack of written description at the onset

22   of this case; 5) improperly citing to an undated product reference, the "Q-Syte," as evidence of

23   infringement when, in fact, the reference was produced in 2003, nearly 11 years after the

24

25   _____

26   [6] Alaris asserts several other grounds for declaring this case exceptional, which are not specifically addressed in this
     Order, but which may be encompassed in the improper TRO/PI and "spike" claims litigation.  Though not cited,
     these additional grounds or facts might well augment the Court's finding of an exceptional case, but the salient facts

27   discussed above are sufficient for that task.  *See Beckman*, 892 F.2d at 1551 ("While it is necessary for the district
     court to articulate the particular factual findings on which the ultimate finding of 'exceptional circumstances' is

28   based, when the court's finding[s] . . . [are] based on a 'strategy', we do not feel that it is necessary for the district
     court to set forth every underlying fact which contributed to its conclusion.").

                                                -16-

1    application for the '509 and '592 Patents was filed; and 6) repeatedly contradicting the Court's

2    prior claim constructions in its expert analysis and legal arguments opposing Alaris' motion for

3    summary judgment of invalidity of the "spikeless" claims.

4        In the Court's view, the first two tactics at worst constitute ICU's making weak

5    arguments or citing to related, but inapposite law, as opposed to making frivolous or reckless

6    arguments, and Alaris does not muster clear and convincing evidence that ICU engaged in these

7    tactics in bad faith or for vexatious purposes.  To the extent that ICU may have reiterated that

8    Figures 13 and 20-22 demonstrated a "spikeless" embodiment in the later stages of this case, the

9    Court believes the attorney fees granted elsewhere by this Order already cover this tactic.  ICU's

10   decision to continue to assert its non-double-patented "spikeless" claims, despite Judge Stotler's

11   preliminary indication that there was a question as to their validity for lack of a written

12   description, does not warrant a conclusion of bad faith and an award of fees.  Alaris

13   acknowledges that Judge Stotler's findings in the TRO/PI Denial did not constitute a "finding on

14   the merits" that should have completely stopped ICU from litigating the matter further, even if

15   this Court later conclusively found that ICU's "spikeless" claims lacked a sufficient written

16   description on summary judgment.  ICU's reference to the Q-Syte was inaccurate and in error,

17   but it did not meaningfully influence the litigation, especially with respect to the invalidity of the

18   "spikeless" claims.

19       ICU's last faulted tactic of repeatedly contradicting this Court's claim constructions,

20   particularly the terms "spike" and "decompressed/compressed," deserves further analysis, but

21   does not warrant awarding fees.  As a preliminary matter, a party's disagreeing with a court order

22   is not presumed to be vexatious conduct sufficient to warrant fees under Section 285.  *Frank's*

23   *Casing Crew & Rental Tools, Inc. v. Weatherford Int'l, Inc.*, 389 F.3d 1370, 1379 (Fed. Cir.

24   2004).  ICU's counsel maintained that they "did no violence" to the Court's claim constructions

25   and, in fact, "embraced" them in their analysis.  However heartfelt ICU's belief in that repeated

26   claim may be, it is objectively not true, as the Court discussed at length in its order granting

27   Alaris' summary judgment motion that invalidated the "spikeless" claims in the '509 and '592

28   Patents.  The record shows that ICU openly disagreed with the Court's claim constructions and

1   did, in fact, repeatedly assert arguments that contradicted them in litigating subsequent matters,

2   especially in opposing Alaris' motion for summary judgment of invalidity of the "spikeless"

3   claims. For example, ICU presented arguments and expert analysis that clearly contradicted the

4   Court's prior claim constructions, particularly those for "spike" and "decompressed," in a

5   manner that would have best been presented in a motion for reconsideration, which ICU never

6   brought. After the Court's adverse claim constructions, ICU was free to move for

7   reconsideration, but, under *Markman*, it was not free to present arguments, evidence or analysis

8   that contradicted those constructions or the reasoning that supported them.[7] However, when

9

---

10  [7] At the hearing on Alaris' Fees Motion, ICU presented a seminal argument for what it terms a "Constitutional tension" that justified its reiteration of claim constructions previously rejected by the Court. This "Constitutional

11  tension" arises when a party in a patent case receives an adverse claim construction and is them forced to either concede the case or continue to argue a previously rejected claim construction by stating factual issues related to that

12  construction still exist in adjudicating jury-determined issues like written description or infringement. ICU advocated that while the text of court's claim construction is legally binding on the parties, the legal or factual

13  reasoning supporting that claim construction is not, especially when litigating related and factually-intensive issues like invalidity or infringement. A party would thus be free to present evidence and expert analysis that cited the text

14  of the court's claim construction, claiming to "embrace" it, but that provided context or other analysis by skilled artisans that potentially undermines or conflicts with the reasoning supporting the constructions. ICU admits it has

15  never briefed this issue or cited to any cases that note this "Constitutional tension" or support this novel theory.

       This Court rejected this theory in the Spikeless SJ Order as being in direct conflict with the Supreme Court

16  and Federal Circuit's mandate in *Markman*. *See Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996) ("[T]he construction of a patent, including terms of art within its claim, is exclusively within the province of the

17  court."). The Court recognizes the difficult situation ICU faced in light of the Court's unfavorable claim construction, but reiterates its conclusion that ICU's proposed process would render a *Markman* hearing, like the

18  one that occurred in this case, meaningless.

       First, this is because claim construction involves a mixed question of law and fact, and ICU's theory

19  requires an unnatural, if not impossible parsing of the wording of a court's claim construction from the reasoning and facts that generated it. In construing a claim, the three – text, reasoning and facts – are inextricably linked, as a

20  court's claim constructions are fundamentally based on a close analysis of the specification and claims. The only reason for a party to present evidence that conflicted with one would be to confuse, undermine or obfuscate the

21  others. Such evidence would disrupt the patent's "internal coherence," which the Supreme Court stated was best ascertained by the "decisionmaker vested with the task of construing the patent," or, the court. *Id.* at 389.

22       Second, ICU's proposed process would reintroduce the very uncertainty and inconsistency in jury-based interpretations of patent claims that *Markman* strived to eliminate. *See Markman*, 517 U.S. at 388-91 (holding

23  judges have greater skill than juries in correctly and uniformly interpreting patent claims). For example, ICU sought to characterize renewed expert analysis that equated a "spike" with a "tube" and maintained that "decompressed"

24  includes some compression or "preload," notwithstanding the Court's prior claim constructions to the contrary, as issues fact in order to rescue its infringement claims under the doctrine of equivalents from the Court's narrow

25  constructions. If the Court were to allow ICU to present this expert evidence, a jury would likely reach an interpretation of the claims' meaning or scope that differed from the Court's claim constructions in evaluating a

26  larger factual issue, such as infringement or invalidity. This, in effect, gives ICU two bites (or more) at the claim construction apple and severely weakens the effect of the Court's claim constructions in the case, neither of which is

27  permitted under *Markman*.

       Finally, to the extent any "Constitutional tension" exists by virtue of a court's adjudication of a traditionally

28  jury-determined factual issue, the Supreme Court has already addressed and resolved it in favor of a court-based claim construction in law that, logically, must be binding in both its wording and reasoning. *See Markman*, 517 U.S.

1    considered more broadly, this aspect of ICU's litigation of the "spikeless" claims, though,

2    aggressive and unsuccessful, still does not warrant an award of fees.

3         Thus, the "fair allocation of the burdens of litigation" in this case requires that Alaris be

4    awarded fees under Section 285 relating to its defense against ICU's TRO/PI request and ICU's

5    assertion of the "spike" claims. *Periccone*, 432 F.3d at 1380-81. While the Court is reluctant to

6    penalize a party for vigorously litigating its claim constructions, ICU's specific construction of

7    the term "spike" was frivolous, entitling Alaris to fees for having to litigate that term at claim

8    construction as well. Otherwise, Alaris is not entitled to any other fees or costs relating to claim

9    construction or ICU's litigation of the "spikeless" claims later in the case.

10

11   **C.    Analysis Under Rule 11**

12        The Court believes that Rule 11 sanctions are warranted for ICU's filing of the amended

13   complaint, as its assertion of the "spike" claims was objectively baseless and could not have been

14   the product of a competent and reasonable inquiry. For many of the reasons discussed above and

15   in the Court's CC Order and Spikeless SJ Order, the assertion of the "spike" claims lacked legal

16   and factual support such that no objectively reasonable attorney would believe that every ICU

17   claim limitation read on the Alaris products either literally or under the doctrine of equivalents.

18   *View Eng'g*, 208 F.3d at 986; *Antonious v. Spalding & Evenflo Companies, Inc.*, 275 F.3d 1066,

19

20   ─────────────────────────────────────────────

21   at 376-91 (finding: 1) no evidence of common-law practice at the time of the framing that entailed application of the
     Seventh Amendment's jury guarantee to the construction of the claim document; 2) existing precedent was unclear
     on whether juries needed to decide claim constructions; and 3) the relative interpretive skills of judges and juries and

22   statutory policies dictated that judges, and not juries, should construe claims as a matter of law). Interestingly, the
     Supreme Court rejected an argument similar to the one ICU advances, when one of the parties in *Markman* argued

23   that a "jury should decide a question of meaning peculiar to a trade or profession simply because the question is a
     subject of testimony requiring credibility determinations, which are the jury's forte." *Markman*, 517 U.S. at 389.

24   To the extent a court was now tasked with resolving factual issues traditionally reserved for a jury, including
     credibility, the Supreme Court's response was that "there is sufficient reason to treat construction of terms of art like

25   many other responsibilities that we cede to a judge in the normal course of trial, notwithstanding its evidentiary
     underpinnings." *Id.* at 390. Otherwise, ICU's theory generally challenges this Court's adjudication of factual issues

26   like invalidity or infringement on summary judgment. But courts are directed to do so under the law when no
     genuine issues of fact remain, even in patent cases where claim construction has precluded further adjudication of

27   certain factual issues, especially the meaning of the asserted claims. (*See, e.g.*, Spikeless SJ Order at 16 (citing cases
     granting summary judgment on the factual issue of invalidity for lack of written description).) Thus, in light of

28   *Markman* and numerous cases granting summary judgment on factual issues after an adverse claim construction,
     ICU's "Constitutional tension" argument appears without merit.

1    1072 (Fed. Cir. 2002).

2

3        1.    Background of Alaris' Rule 11 Motion and ICU's Pre-Litigation Investigation

4        Alaris filed its motion for sanctions under Rule 11 in September 2005 in response to

5    ICU's assertion of the "spike" claims in its amended complaint.  Alaris had sought ICU's Rule

6    11 basis for asserting the "spike" claims as early as September 2004, but ICU did not

7    satisfactorily reply and cited the attorney-client privilege.  During the meet-and-confer that

8    preceded Alaris' filing of the Rule 11 Motion, ICU presented its "dimensional analysis" and

9    construction of a "spike" that sought to justify the assertion of the "spike" claims.  This Court

10   ultimately rejected this same flawed "dimensional analysis" and improper construction of

11   "spike" in the CC Order that issued ten months later.  Therefore, it is unsurprising that Alaris

12   was unconvinced of the merit of ICU's early infringement analysis using the "spike" claims and

13   that Alaris later decided to pursue sanctions in earnest in September 2005.

14       The case did not see an early resolution of Alaris' Rule 11 Motion for several reasons.

15   Alaris argues that ICU initially avoided filing an opposition to the Rule 11 Motion because ICU

16   claimed it needed to investigate a "discovered conflict" between Alaris' counsel and ICU's prior

17   counsel at the Fulwider firm.  Despite several months of delay during this investigation, and

18   Alaris' having to file a motion to compel ICU to participate in discovery, which was granted,

19   ICU never moved to disqualify Alaris' counsel, prompting Alaris' current claims that this was

20   merely a dilatory tactic.  Given the complexity of the facts surrounding this alleged conflict, the

21   Court is not convinced of ICU's improper or purely dilatory motive in desiring to investigate it.

22   ICU did eventually file its opposition to Alaris' Rule 11 Motion in January 2006, but then the

23   case was transferred to this Court in February 2006.  This Court stayed Alaris' Rule 11 Motion

24   pending the outcome of *Markman* and summary judgment hearings.

25       In opposing Alaris' Rule 11 Motion in January 2006, ICU provided a declaration by its

26   litigation attorney, S. Christian Platt ("Platt"), which furnished some information regarding

27   ICU's investigation prior to asserting the "spike" claims.  (*See* Jan. 23, 2006 Decl. of S. Christian

28   Platt in Opposition to Alaris' Motion for Rule 11 Sanctions ("First Platt Decl.").)  ICU later

1   augmented the first declaration with a second one by Platt that was filed in opposition to Alaris'

2   Fees Motion, substantial parts of which were filed *in camera*. (*See* Mar. 19, 2007 Decl. of S.

3   Christian Platt in Support of ICU's Opposition to Alaris' Motion for Attorney Fees, *and* Mar. 19,

4   2007 Decl. of S. Christian Platt Authenticating and Attaching Certain Attorney-Client Privileged

5   And Attorney Work Product Protected Materials For In Camera Inspection Only in Opposition to

6   Alaris' Motion for Attorneys' Fees (collectively, the "Second Platt Decl.").) There were

7   numerous problems associated with ICU's submission of these two declarations, among others

8   recently submitted, in opposition to Alaris' Fees Motion.

9        First, the purpose for ICU's submission of the Second Platt Declaration is indecipherable.

10   ICU vacillates between three different purposes for this declaration and its contents. The cover

11   sheet of the Second Platt Declaration states it is in support of only ICU's Opposition to Alaris'

12   Fees Motion. However, in its Opposition brief to the Fees Motion, ICU states that the

13   declaration should be used to oppose both Alaris' Fees Motion and Alaris' Rule 11 Motion. (*See*

14   ICU Opp'n to Alaris' Fees Mot. at 5 n.6.) ICU then adds yet a third purpose in its brief, which is

15   to oppose Alaris' "challenging the Rule 11 basis of ICU's original filing and its preliminary

16   injunction application." (*Id.*)

17        To the extent that the Second Platt Declaration is meant to supplement the record for

18   Alaris' Rule 11 Motion, it is untimely, as the record for that motion closed in February 2006.

19   The Court indicated as much in March 2006 when it denied ICU's request for supplemental

20   briefing on the Rule 11 Motion and rejected a "sur-reply" brief and associated materials that ICU

21   filed to augment the Rule 11 record. Notwithstanding the Court's prior ruling, ICU now

22   resubmits, for the second time, the very same materials and "sur-reply" in the Second Platt

23   Declaration in a renewed attempt to expand the Rule 11 record while ostensibly claiming it was

24   for the purpose of opposing the Fees Motion. The Court, again, rejects ICU's untimely attempt

25   to supplement the Rule 11 record. The Second Platt Declaration and associated declarations that

26   ICU recently submitted to the Court in opposing Alaris' Fees Motion may not be used to oppose

27   Alaris' Rule 11 Motion.

28        Second, these declarations engage in a "selective" waiver of ICU's attorney-client

1   privilege, whether in opposing Alaris' Fees Motion or its Rule 11 Motion.  It is axiomatic that a

2   party cannot use the attorney-client privilege as a sword and a shield.  *Fort James Corp. v. Solo*

3   *Cup Co.*, 412 F.3d 1340, 1349 (Fed. Cir. 2005) ("The waiver extends beyond the document

4   initially produced out of concern for fairness, so that a party is prevented from disclosing

5   communications that support its position while simultaneously concealing communications that

6   do not." (citing *Weil v. Inv./ Indicators, Research & Mgmt., Inc.*, 647 F.2d 18, 24 (9th Cir.

7   1981)).  Alaris asks the Court to disregard the materials in the First Platt Declaration because

8   ICU asserted the privilege and refused to allow Alaris discovery of ICU's pre-filing investigation

9   materials relating to its assertion of the "spike" claims, but then later submitted these materials,

10  thought not *in camera*, in opposing Alaris' Rule 11 Motion.  This precluded Alaris' meaningful

11  review and discovery of those and related materials.  The Court agrees that this was unfair, but

12  notes that ICU was not required to reveal privileged material to Alaris in opposing the Rule 11

13  Motion, and Alaris was able to engage in limited later discovery of some of the materials.

14       The Second Platt Declaration, however, is more problematic, particularly to the extent it

15  is intended to oppose Alaris' Fees Motion.  ICU submitted substantial parts of it for *in camera*

16  review at the conclusion of the case, thereby completely precluding Alaris' ability to review

17  those portions.  Other related declarations and depositions submitted by ICU in opposition to

18  Alaris' Fees Motion have sufficient redactions or objections, backed by ICU's assertion of

19  attorney-client privilege, such that Alaris could not reply by engaging in meaningful review or

20  discovery of the asserted, or related, materials.  For example, ICU has withheld the time sheets of

21  certain litigation and patent counsel as well as portions or versions of the written description

22  analysis supporting the asserted patents, despite alluding to their existence.  Elsewhere ICU cites

23  to documents that "memorialized" its pre-suit investigation, but these documents are dated after

24  the litigation began and ICU has refused to allow Alaris to discover the supporting materials for

25  those documents, including their actual creation dates.

26       The Court previously visited this issue in August 2006 and instructed ICU that it could

27  not assert the attorney-client privilege during fact discovery and then selectively waive the

28  privilege at the conclusion of the case in opposing a motion for attorney fees.  ICU's current

-22-

1    selective waiver of the privilege, made sufficiently late in the case to preclude any meaningful

2    review or discovery in response, ignores the Court's prior instructions and is plainly unfair to

3    Alaris. Even ICU admits the unfairness to Alaris posed by these delayed waivers, saying

4    "there's not much they can do." (*See* Mar. 27, 2007 Fees Mot. Hr'g Tr. 105:9.) Further, these

5    late waivers are unjustified. For reasons still unknown to the Court, ICU believed it could wait

6    until the end of the case to file attorney-client privileged materials, *in camera*, in opposing

7    Alaris' Rule 11 Motion. ICU had clear notice that Alaris would be challenging ICU's pre-

8    litigation diligence in a Rule 11 Motion at least as early as September 2005, when the Rule 11

9    Motion was filed. At that time, Alaris made no secret that it would likely seek fees under

10   Section 285 for some of the same conduct challenged under its Rule 11 Motion. At minimum,

11   ICU had sufficient opportunity to assert or waive the attorney-client privilege any time prior to

12   February 2006, when the Rule 11 Motion's record closed, or prior to February 2007, when the

13   case ended with the Court's grant of Alaris' second request for summary judgment.[8] ICU's

14   assertion of the privilege now, at the end of the case, is both unfair and untimely.

15           Third, the First and Second Platt Declarations, even when considered in whole and when

16   combined with the other declarations ICU submitted in opposition to the Rule 11 and Fees

17   Motions, do not substantively justify or excuse ICU's litigation tactics or show its good faith.

18   These declarations were prepared by ICU's litigation counsel for the purpose of opposing the

19   Rule 11 and Fees Motions, and comprise mostly self-serving assertions of good faith by

20

21   _____

[8] ICU cites to an unpublished district court case from the Southern District of New York, which, in turn, relied on
22   the Advisory Committee Notes to Rule 11 to grant a party's request to submit attorney-client privileged documents
     to the court for an *in camera* inspection without revealing them to the other side. *See Int'l Bus. Counselors, Inc. v.*
23   *Bank of Ikeda, Ltd.*, No. 89 Civ. 8373 (CSH), 1991 WL 51173, at *1-*2 (S.D.N.Y. Apr. 3, 1991) ("The notes of the
     Advisory Committee specifically recognize that Rule 11 'does not require a party or an attorney to disclose
24   privileged communications or work product in order to show that the signing of the pleading, motion or other paper
     is substantially justified.' The Committee identifies *in camera* inspection by the Court as an appropriate manner of
25   dealing with the issue."). Here, ICU asserts privilege for documents used to oppose an attorney fees motion made
     under Section 285, thereby precluding Alaris' meaningful review and discovery of, and response to, those
26   documents. Even if some of those privileged documents encompass evidence or communications also addressed by
     Alaris' Rule 11 Motion, the Rule 11 record closed in February 2006. Otherwise, the Court warned ICU that it could
27   not assert privilege during the discovery phase of the case and then selectively waive it at the conclusion of the case
     in an attempt to oppose Alaris' impending motion for attorney fees under Section 285. Thus, were ICU's timely
28   assertion of privilege for a Rule 11 motion the real issue, the Advisory Committee Notes would be of more
     assistance to the Court.

1    interested witnesses, such as ICU's CEO (Dr. George Lopez), trial counsel (Fulwider, Patton,

2    Lee & Utecht; Paul Hastings; or Pooley & Oliver), patent counsel (Knobbe Martens) and its paid

3    experts (Dr. Maureen Reitman and Bob Rogers). These materials lack the indicia of credibility

4    provided by declarations or opinions from outside, independent counsel or experts, particularly

5    outside patent, as opposed to litigation, counsel. Most of the materials appear to have been

6    "memorialized" in retrospect, providing marginal support compared to, for example, an *ex ante*

7    documented and vetted analysis that preceded the litigation or that, at minimum, preceded the

8    TRO/PI request and the inclusion of the "spike" claims in the amended complaint.

9        The most helpful evidence cited by these materials suffers from reliability problems. For

10   example, ICU cites to a December 1997 meeting, attended by both a Fulwider and Knobbe

11   attorney, where ICU's CEO claims its counsel from Fulwider opined that the Alaris SmartSite

12   Valve infringed the '866 Patent and that ICU should assert its patents against smaller companies

13   first. The veracity of this evidence is complicated by the fact that ICU terminated its relationship

14   with the Fulwider firm in 1999 and later sued the firm in 2004 for alleged conflicts in improperly

15   advising Alaris' predecessor and in working with Alaris' counsel in this case, from the firm of

16   McAndrews, Held & Malloy, on arguably related matters. However, in the subsequent

17   malpractice case between ICU and the Fulwider firm, the Fulwider attorney cited for giving the

18   informal 1997 infringement opinion later stated it came from the Knobbe attorney instead, as the

19   Fulwider attorney claimed he was unfamiliar with the particular technology area of the '866

20   Patent. Concurrently, Alaris points to separate statements by ICU's CEO that indicate that he

21   did not rely on the Knobbe firm's infringement opinions concerning the '866 Patent. The import

22   of this alleged infringement opinion is further lessened by the fact that ICU omitted the '866

23   Patent from the original complaint and only sued on the '866 Patent in 2004 after the validity of

24   the '509 Patent was critically questioned. ICU also appears to have disregarded the advice to sue

25   smaller companies first, as it sued Alaris in 2004 only after it announced that it was being

26   acquired by the much larger company, Cardinal Health. In total, the Fulwider firm's advice

27   remains unclear and appears to have had little bearing on ICU's actions after 1999, or on its

28   specific litigation strategy to pursue the TRO/PI or to assert the "spike" claims in an actual suit

1    prior to 2004.  Therefore, ICU's citation to the documents and analysis in the Platt declarations is

2    largely unavailing in opposing both Alaris' Rule 11 and Fees Motions.

3

4         2.    Rule 11 Sanctions are Warranted for ICU's Assertion of the "Spike" Claims in the

5              Amended Complaint

6         Alaris bases its Rule 11 sanctions request on a combination of ICU's assertion of a

7    frivolous legal position (i.e., ICU's proposed construction of a "spike" as an "upward projection"

8    is frivolous), in violation of Rule 11(b)(2), and ICU's failure to make an adequate factual

9    investigation before filing the amended complaint, in violation of Rule 11(b)(3).  The Federal

10   Circuit has construed Rule 11, in the context of patent infringement actions, "to require that an

11   attorney interpret the pertinent claims of the patent in issue before filing a complaint alleging

12   patent infringement." *Antonius*, 275 F.3d at 1072 (citing *View Eng'g*, 208 F.3d at 986).  An

13   attorney must not rely solely on the client's claim interpretation and must perform an

14   independent analysis to assert a nonfrivolous claim construction.  *Id.*

15        Looking at the materials referenced in the First Platt Declaration, submitted in opposition

16   to the Rule 11 Motion in January 2006, it appears that ICU's counsel did analyze and construe

17   the "spike" claims prior to asserting them in this case.  There is nothing in these materials that

18   suggests ICU's counsel improperly relied on the inventor for its claim analysis.  Thus, ICU may

19   be sanctioned for violating Rule 11(b)(2) only if a reasonable attorney would have concluded

20   that the claim construction proposed by the ICU attorneys was frivolous.  As the Court stated in

21   its claim construction order and its summary judgments orders for both the "spike" and

22   "spikeless" claims, ICU's construction of a "spike" as being merely an "upward projection" with

23   no pointed tip or piercing function was frivolous.  ICU's construction plainly defied the asserted

24   patents' claims, specification and drawings and found no extrinsic support in applicable

25   dictionaries or treatises.  The materials in the Platt Declarations, including its references to ICU's

26   expert's morphed device drawings and flawed "dimensional analysis," do not rescue this claim

27   construction from being factually unsupportable or legally unreasonable, but simply memorialize

28   what was always a wholly unreasonable construction of the term "spike."

-25-

1    Second, under a proper construction of the claims, an objectively reasonable attorney

2    could not conclude that the SmartSite Valves infringed the asserted "spike" claims, or that every

3    "spike" claim limitation read on the SmartSite Valve, either literally or under the doctrine of

4    equivalents. *View Eng'g*, 208 F.3d at 986. In evaluating the question of infringement, ICU's

5    counsel did disassemble the SmartSite Valve, analyze and evaluate its structure with expert

6    analysis and document its findings. Perhaps this denotes a zealous pre-filing investigation, but

7    not a reasonable one. At its most basic level, ICU's counsel did not reasonably construe the

8    meaning of the "spike" element and did not reasonably compare SmartSite Valve, which

9    possesses no "spike" element, with the patented ICU devices that do, thus making infringement

10   impossible. ICU points to no pre-litigation evidence supporting its allegations of infringement

11   that are not somehow based on an unreasonable construction of the "spike" element and a

12   defective comparison of the "spike" claims to the SmartSite Valves.

13   Even if some aspects of the ICU "spike" claims did read on the SmartSite Valves,

14   rendering valid certain parts of the amended complaint, the key allegation that the SmartSite

15   Valves possessed a "spike" element was objectively unreasonable. A reasonable review of the

16   "spike" claims would have dissuaded ICU from asserting them in the amended complaint. This

17   critical fault in one aspect of the amended complaint tainted it in its entirety for the purpose of

18   awarding sanctions. The current version of Rule 11 makes clear that sanctions may be based on

19   a single invalid legal or factual theory, even if other asserted theories are valid. *See* Fed. R. Civ.

20   P. 11(c)(1)(A) (noting that a party may be sanctioned if any "challenged paper, claim, defense,

21   contention, allegation, or denial is not withdrawn or appropriately corrected"). This is because

22   "[a]dvancing even a single invalid theory forces the defendant to respond and to do work it

23   should not have been required to do." *Antonius*, 275 F.3d at 1075.

24   Thus, Alaris is entitled to sanctions under Rule 11 for ICU's assertion of the "spike"

25   claims in the amended complaint. However, the monetary value of these sanctions is subsumed

26   by the attorney fees the Court has awarded under Section 285 elsewhere in this Order for Alaris'

27   having to litigate the same "spike" claims.

28

1    **D.    Analysis Under Other Statutes or Doctrines**

2         The Court believes sanctions under other statutes or doctrines, though possible, are

3    unnecessary or duplicative.  Specifically, sanctions would be duplicative under Section 1927,

4    which merely targets specific attorneys for the same reckless or bad faith conduct that justifies

5    sanctions under Section 285 and Rule 11 elsewhere in this order.  Sanctions are not necessary

6    under the Court's inherent power, because all of ICU's inappropriate conduct can be addressed

7    by sanctions under Section 285 and Rule 11.  *See Chambers*, 501 U.S. at 50 ("[W]hen there is

8    bad-faith conduct in the course of litigation that could be adequately sanctioned under [a statute

9    or] the Rules, the court ordinarily should rely on the [statute or] Rules rather than the inherent

10   power.").

11

12                                        **III.**

13                                    **CONCLUSION**

14        For the foregoing reasons, the Court finds that this case is exceptional and that Alaris is

15   entitled to a portion of its requested attorney fees under 35 U.S.C. § 285.  Alaris' Motion for

16   Fees, Costs and Expenses under 35 U.S.C. § 285 is thus GRANTED IN PART.  Alaris' Motion

17   for Sanctions under Fed. R. Civ. P. 11 is GRANTED, but these sanctions are subsumed by the

18   attorney fees awarded by this Order under Section 285.  Alaris is directed to recalculate and

19   resubmit its claim for the portion of its fees and costs, as provided and allocated by this Order,

20   within seven (7) days from the date of this Order.   ICU will then have ten (10) days to file any

21   opposition, and Alaris will be then be granted an additional five (5) days for a reply.  The Court

22   will contact the parties to schedule a hearing regarding the attorney fee amounts.

23

24        IT IS SO ORDERED.

25

26   DATED: *April 16, 2007*         *Mariana R. Pfaelzer*

27                                    Hon. Mariana R. Pfaelzer
                                      United States District Judge

28

-27-

## <u>CERTIFICATE OF SERVICE</u>

The undersigned counsel certifies that, on February 6, 2008, he electronically

filed the foregoing document with the Clerk of the Court using CM/ECF, which will send

automatic notification of the filing to the following:

Richard L. Horwitz, Esquire
Kenneth L. Dorsney, Esquire
Potter, Anderson & Corroon, LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899


The undersigned counsel further certifies that, on February 6, 2008, copies of the

foregoing document were sent by email and hand to the above local counsel and by email

and first class mail to the following non-registered participant:

James Pooley, Esquire
Marc Peters, Esquire
Kimberly Van Voorhis, Esquire
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA  94304


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{00666484;v1}