IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ICU MEDICAL, INC., :
:
    Plaintiff, :
:
v. : Civil Action No. 07-468-JJF
:
:
RYMED TECHNOLOGIES, INC., :
:
    Defendant. :

### MEMORANDUM ORDER

Pending before the Court is Defendant's Motion For Reargument of Memorandum Order Denying Motion to Transfer Venue (D.I. 25). For the reasons discussed, the Motion will be denied.

### BACKGROUND

On July 27, 2007, Plaintiff, ICU Medical, Inc. ("ICU"), filed this patent infringement action alleging Defendant, RyMed Technologies, Inc. ("RyMed"), had infringed four U.S. patents held by ICU: U.S. patents 5,685,866 ("the '866 patent"), 5,873,862 ("the '862 patent"), 5,928,204 ("the '204 patent"), and 6,572,592 ("the '592 patent"). ICU is incorporated in Delaware, and its principal place of business is in San Clemente, California. Defendant, RyMed Technologies, Inc. ("RyMed"), is incorporated in Delaware with its principal place of business in Franklin, Tennessee.

On October 28, 2007, RyMed filed an action in the Central District of California seeking a declaratory judgment that the four patents asserted by ICU in this litigation are not infringed

by RyMed's current product, or its new modified boot valve product, and that the four patents asserted by ICU in this litigation are invalid; and damages for federal and state trademark infringement, Lanham Act violations, federal and state unfair competition, tortious interference with contract, and tortious interference with prospective economic advantage (the "declaratory judgment action").  On October 29, 2007, RyMed filed a Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Central District of California.  (D.I. 10).  The Court issued a Memorandum Order denying RyMed's Motion on January 23, 2008.  (D.I. 24.)  RyMed subsequently filed the pending motion for reargument. (D.I. 25.)

## LEGAL STANDARD

Although not explicitly provided for in the Federal Rules of Civil Procedure, Local Rule 7.1.5 provides for the filing of reargument motions.  See D. Del. L.R. 7.1.5. The decision to grant a motion for reargument lies within the discretion of the district court; however, such motions should only be granted sparingly.

## DISCUSSION

By its Motion, RyMed contends that it is entitled to reargument because the Court "misapprehended or overlooked certain key factors," including the complexity of prior litigation in the Central District of California regarding three

of the four patents at issue here, as well as RyMed's non-infringement claim for its new modified boot valve product and other causes of action found only in the California action. (D.I. 26 at 1.) RyMed further contends that a "recently discovered" "key third party witness" is "unwilling to travel to Delaware for trial, but is within the subpoena power of the Central District of California." (Id. at 3.) RyMed contends that this "new information... significantly shifts the balance of private and public interest factors in favor of RyMed." (Id. at 1.)

Section 1404(a) vests district courts with broad discretion to determine whether convenience and fairness considerations weigh in favor of a transfer. Stewart Organization Inc. v. Ricoh Corp., 487 U.S. 22 (1988). In its determination that a transfer was not appropriate, the Court considered the six private interests and six public interests identified in Jumara v. State Farm Insurance Co., 55, F.3d 873, 879-80 (3d Cir. 1995), and concluded that RyMed did not meet its burden of demonstrating that these factors strongly favored transfer so as to overturn ICU's choice of forum. By its motion, RyMed largely reiterates its earlier contentions that the Court did not find persuasive.

Rymed suggests that ICU's decision to file this action in Delaware was motivated by nefarious intentions. On the other hand, ICU challenges the veracity of the "new evidence" set forth by RyMed. Veracity aside, the Court finds the reluctance of one

third-party witness to travel to Delaware is not substantial enough to change the Court's decision. Accordingly, the Court will deny RyMed's Motion for Reargument.

NOW THEREFORE, IT IS HEREBY ORDERED that Defendant's Motion For Reargument of Memorandum Order Denying Motion to Transfer Venue (D.I. 25) is **DENIED**.

April 18, 2008

_____
UNITED STATES DISTRICT JUDGE

4