

Potter
Anderson
& Corroon LLP

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984 6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027  Direct Phone
302 658-1192  Fax

May 23, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    **ICU Medical, Inc. v. Rymed Technologies, Inc.**
             **C.A. No. 07-468-JJF**

Dear Judge Farnan:

      As a follow up to the letter we submitted yesterday, ICU submits a copy of the Order Granting in Part ICU's Motion to Dismiss and Denying ICU's Application to Transfer, which issued yesterday from the Central District of California. Under this Order, RyMed's declaratory patent claims are dismissed from the California action and will proceed in this Delaware action. RyMed's non-patent claims will proceed separately in the Central District of California.

      As a result of the California Order, even under RyMed's position, there is now no reason why the parties cannot move forward with a scheduling conference at the Court's earliest convenience.

                                          Respectfully,

                                          /s/ *Richard L. Horwitz*

                                          Richard L. Horwitz

RLH/nmt
866043 / 32116
Enclosure
cc:    Clerk of the Court (via hand delivery)
        Counsel of Record (via electronic mail)

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RYMED TECHNOLOGIES, INC.,** <br><br> Plaintiff, <br><br> v. <br><br> ICU MEDICAL, INC., <br><br> Defendant. | Case No. SA CV 07-1199 MRP (VBKx) <br><br> ORDER (1) GRANTING IN PART ICU MEDICAL, INC.'S MOTION TO DISMISS; AND (2) DENYING ICU MEDICAL, INC.'S APPLICATION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a). |

In a May 8, 2008 telephone conference, the Court and counsel discussed the possibility of transferring this case, in whole or in part, to the District of Delaware, where a "first-filed" action involving related patent claims is proceeding. At the time, the Court indicated that it was inclined to transfer the whole case to the District of Delaware.

After carefully reviewing all papers submitted by the parties again, however, the Court deems it appropriate to retain the unfair competition claims in Rymed's Complaint (Counts 13-21) for adjudication here. Thus, the Court, in its discretion, denies ICU Medical, Inc.'s Application to Transfer Venue Pursuant to 28 U.S.C. § 1404(a). *See* 28 U.S.C. § 1404(a); *Commodity Futures Trading Com. V. Savage*, 611 F.2d 270, 279 (9th Cir. 1979).

Because Counts 1-12 of Rymed's Complaint assert patent claims substantially related to those proceeding in the District of Delaware, the Court grants ICU's Motion to Dismiss with respect to those counts in favor of the first-filed case in Delaware. *See Elecs. For Imaging, Inc. v. Coyle*, 394 F.3d 1341, 1347 (Fed. Cir. 2005).

IT IS SO ORDERED.

DATED: May 21, 2008

Hon. Mariana R. Pfaelzer
United States District Judge

-1-