

222 Delaware Avenue • Suite 900
P.O. Box 25130 • Wilmington, DE • 19899
Zip Code For Deliveries 19801

(302) 429-4208
rkirk@bayardfirm.com

ELECTRONICALLY FILED
ORIGINAL BY HAND

June 3, 2008

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
844 King Street
Wilmington, DE 19801

Re: **ICU Medical, Inc. v. RyMed Technologies, Inc.**
Case No. 07-468 (JJF)

Dear Judge Farnan:

    I represent defendant RyMed Technologies, Inc. ("RyMed") Mr. Horwitz represents plaintiff ICU Medical, Inc. ("ICU"). I write to explain RyMed's separate position on two key issues in the proposed scheduling order that the parties submitted on Friday (D.I. 44).

    The first issue is the proposed claim construction proceedings (paragraph 4). ICU's proposal does not allow enough time for claim construction discovery. As the Court knows from prior proceedings, the patents at issue in this action have been litigated and construed by two separate courts in two prior actions: (1) *ICU Medical, Inc. v. B. Braun Medical*, Case No. C01-03202 (NDCA) and (2) *ICU Medical, Inc. v. Alaris Medical Systems, Inc.*, Case No. CV04-689 (CDCA).

    ICU's proposed schedule prevents adequate time for defendant RyMed to conduct claim construction discovery. In particular, under ICU's proposal, initial claim construction procedures (identifying proposed terms and constructions) would begin in August, 2008 (90 days prior to ICU's proposed hearing in November, 2008). RyMed, however, will require discovery of documents and evidence relating to the two previous claim construction hearings as well as depositions of inventors, patent attorneys and previous experts prior to preparing its proposed constructions. Two months is simply not enough time to ensure that such claim construction discovery can be completed. RyMed's proposed hearing in February 2009 allows for the necessary time to conduct claim construction discovery prior to identification of constructions and briefing (which would start in November, 2008).



Case 1:07-cv-00468-JJF    Document 45    Filed 06/03/2008    Page 2 of 3



The Honorable Joseph J. Farnan, Jr.
June 3, 2008
Page Two

The second issue is the phasing of discovery and the discovery cutoff. RyMed contends that discovery should be completed by May 22, 2009 without phased discovery. ICU's proposal does not provide adequate time for discovery, in particular for depositions (allowing only for 2½ months of depositions, and over the Thanksgiving and Christmas holidays no less). RyMed anticipates significant third party depositions will be required regarding RyMed's invalidity and inventorship defenses (including individuals located in California who are not likely going to travel to Delaware for trial). ICU's proposal allowing for only 2½ months of depositions, and only after claim construction is completed, prejudices Rymed's ability to prepare its case adequately for trial.

ICU's proposal for phased discovery (only written discovery pre-Markman and only deposition discovery after Markman) should also be rejected. Phased discovery will unfairly favor ICU because a significant portion of RyMed's discovery will consist of third party depositions. Thus, one of RyMed's primary discovery tools (third party depositions) would be effectively delayed and foreshortened, all the while ICU obtains documents and written discovery responses from the RyMed.

Most importantly, ICU's phased discovery does not allow for any depositions prior to the Markman hearing, which unfairly favors ICU because the relevant depositions for the Markman proceedings (inventors, patent prosecutors) would be of interest primarily to RyMed. Moreover, phased discovery prevents written discovery later in the discovery period based upon information learned in depositions. ICU, of course, may choose to conduct its own discovery in a phased manner if it wishes to do so, but RyMed should not be precluded from developing a discovery plan that best makes sense for developing its own case.

If the Court has any questions, we would be pleased to respond.

Respectfully submitted,

Richard D. Kirk (rk0922)

RDK/tn
cc: Counsel as shown on the attached certificate

{01017290;v1}

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that, on June 3, 2008, he electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which will send automatic notification of the filing to the following:

Richard L. Horwitz, Esquire
Potter, Anderson & Corroon, LLP
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19899


The undersigned counsel further certifies that, on June 3, 2008, copies of the foregoing document were sent by email and hand to the above local counsel and by email and first class mail to the following non-registered participant:

James Pooley, Esquire
Marc Peters, Esquire
Kimberly Van Voorhis, Esquire
Morrison & Foerster, LLP
755 Page Mill Road
Palo Alto, CA 94304


/s/ Richard D. Kirk (rk0922)
Richard D. Kirk

{00666484;v1}