

**Potter Anderson & Corroon LLP**

1313 North Market Street
P.O. Box 951
Wilmington, DE 19899-0951
302 984-6000

www.potteranderson.com

Richard L. Horwitz
Partner
Attorney at Law
rhorwitz@potteranderson.com
302 984-6027 Direct Phone
302 658-1192 Fax

June 3, 2008

**VIA ELECTRONIC FILING**

The Honorable Joseph J. Farnan, Jr.
United States District Court
844 North King Street
Wilmington, DE 19801

    Re:    **ICU Medical, Inc. v. Rymed Technologies, Inc.**
            **C.A. No. 07-468-JJF**

Dear Judge Farnan:

    We submit the following response to RyMed's letter to the Court, which was filed earlier today. RyMed's letter raises two general scheduling issues, which we address, below.

*Claim Construction Schedule*

    ICU's proposed schedule provides ample time for claim construction discovery. As an initial matter, claim construction should not require significant discovery. Selecting terms, which under the Joint Schedule takes place 90 days before the *Markman* hearing, should not require any discovery at all. Construing terms, which under the Joint Schedule begins 15 days after terms are selected, generally requires just the intrinsic patent record, all of which is available to RyMed now and has been for many months. Any prior claim construction orders are also easily obtained, and, in fact, RyMed already appears to have these orders based on arguments made in the numerous briefs filed to date. To the extent RyMed feels it needs extrinsic evidence to support its *Markman* position, ICU's proposed schedule allows for it. RyMed can serve its requests for production now; documents will be produced in July and, as ICU explains in the paragraphs below regarding "phased" discovery, depositions can be taken before the *Markman* hearing should the Court deem that appropriate.

    More significant is the impact of the lengthy claim construction discovery RyMed seeks on the case schedule as a whole. Under RyMed's schedule, with a claim construction hearing delayed until late February 2009, fact discovery would not close until the end of May 2009, and RyMed would not even contemplate resolving the case on summary judgment until August 2009. While this might seem typical for a case that was just filed, it should not be the schedule

The Honorable Joseph J. Farnan
June 3, 2008
Page 2

for a case that was filed *ten months* ago. This is especially true given that the ten-month delay was entirely RyMed's doing. RyMed first filed a motion to transfer to the Central District of California (after seeking two extensions of time to answer) and when that motion was denied, it moved for reconsideration. During this time, despite ICU's repeated efforts, RyMed refused to submit a schedule to the Court, which prevented discovery from moving forward. RyMed's complaint that it could not contemplate discovery because it did not know the scope of the case in Delaware is misleading. ICU sued RyMed for infringement in July 2007. Whether the case proceeded in California or Delaware (both Courts ultimately decided that Delaware was the proper forum) and whether additional non-patent claims would be litigated alongside the patent claims is inapposite. RyMed knew that ICU's infringement claims would proceed somewhere; it could have and should have been considering its defense, including its claim construction position, all along. There is no need to reward RyMed's stalling with further delay.

ICU's proposed schedule sensibly accounts for the slow start to this case, allowing the parties to focus on discovery that is reasonable and useful for the claim construction process, while at the same time providing for fact discovery, expert reports and summary judgment deadlines that allow both parties to address ICU's infringement claims (and RyMed's invalidity counterclaims) without further delay.

***"Phased" Discovery***

ICU's proposed schedule included "phased" discovery as that is the Court's preferred "form" schedule. Nevertheless, ICU does not oppose RyMed's position that depositions can take place before written discovery is complete, should the Court find that approach more appropriate under the circumstances. ICU's primary concern is to resolve its infringement claims as promptly as possible given the significant delay in getting started. If allowing for early depositions helps that process along, ICU is amenable to it.

ICU remains available for a brief conference by telephone or in person to discuss any remaining questions the Court may have.

Respectfully,

/s/ *Richard L. Horwitz*

Richard L. Horwitz

RLH:nmt
867660 / 32116
Enclosure
cc:   Clerk of the Court (via hand delivery)
      Counsel of Record (via electronic mail)