IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICU MEDICAL, INC., : | |
| Plaintiff, : | |
| v. : | Civ. No. 07-468-JJF-LPS |
| RYMED TECHNOLOGIES, INC., : | |
| Defendant. : | |

### ORDER

At Wilmington this **7th** day of **July 2010**:

Having considered the parties' respective letters (D.I. 432; D.I. 433) submitted in response to the Court's June 17, 2010 Order requesting proposed schedules for the remaining portions of this litigation (D.I. 431), **IT IS HEREBY ORDERED THAT**:

1. The parties shall appear for oral argument on the sixteen motions pending before the Court (D.I. 267; D.I. 269; D.I. 270; D.I. 271; D.I. 272; D.I. 274; D.I. 275; D.I. 277; D.I. 278; D.I. 279; D.I. 280; D.I. 281; D.I. 286; D.I. 292; D.I. 406; D.I. 417) **on September 2, 2010, at 3:00 p.m.** in Courtroom 2A on the 2nd Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware. No further briefing (including ICU's request to file two reply briefs) on these motions is permitted.

2. The Court is aware that on December 16, 2009, Judge Joseph J. Farnan, Jr. entered an order permitting Defendant to add a Tenth Affirmative Defense alleging unenforceability due to inequitable conduct (D.I. 357), and that on December 23, 2009, Judge Farnan entered an Order permitting Plaintiff to take certain limited discovery in connection with

the Tenth Affirmative Defense (D.I. 374). Plaintiff notes that "the Court allowed ICU to take limited discovery regarding some electronic documents that were recently produced by third party, Dennis Bui. ICU took the deposition of the RyMed representative who allegedly retrieved and stored these documents, in January 2010. ICU also retained a forensics expert to analyze the electronic documents and storage media." (D.I. 433 at 2) Based upon the discovery taken, Plaintiff represents that it has noted several evidentiary problems with these materials, and, therefore, proposed a pretrial schedule which would allow time for submitting its expert report, for Defendant to file a rebuttal thereto, and for depositions of experts on this limited issue. (*Id.*) Given Judge Farnan's allowance of this defense and subsequent discovery regarding same, the Court agrees with Plaintiff that the pretrial schedule shall allow for a reasonable time for Plaintiff's submission of its expert report, for Defendant to file a rebuttal thereto, and for depositions of experts on this limited issue. Except as stated herein, no further expert discovery (including Rymed's request to file a new report on forensic issues relating to ICU's documents, which under the circumstances is untimely) will be permitted.

3. The Court is aware that the parties previously filed a joint proposed final pretrial order on December 9, 2009 (D.I. 323). The parties shall file with the Court an updated joint proposed final pretrial order **on or before November 17, 2010**. Attached to this Order is a draft copy of the Magistrate Judge's Final Pretrial and Trial Management Order. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

4. The parties shall appear for a Final Pretrial Conference **on December 1, 2010, at 1:00 p.m.** in Courtroom 2A on the 2nd Floor, United States Courthouse, Boggs Federal

the Tenth Affirmative Defense (D.I. 374). Plaintiff notes that "the Court allowed ICU to take limited discovery regarding some electronic documents that were recently produced by third party, Dennis Bui. ICU took the deposition of the RyMed representative who allegedly retrieved and stored these documents, in January 2010. ICU also retained a forensics expert to analyze the electronic documents and storage media." (D.I. 433 at 2) Based upon the discovery taken, Plaintiff represents that it has noted several evidentiary problems with these materials, and, therefore, proposed a pretrial schedule which would allow time for submitting its expert report, for Defendant to file a rebuttal thereto, and for depositions of experts on this limited issue. (*Id.*) Given Judge Farnan's allowance of this defense and subsequent discovery regarding same, the Court agrees with Plaintiff that the pretrial schedule shall allow for a reasonable time for Plaintiff's submission of its expert report, for Defendant to file a rebuttal thereto, and for depositions of experts on this limited issue. Except as stated herein, no further expert discovery (including Rymed's request to file a new report on forensic issues relating to ICU's documents, which under the circumstances is untimely) will be permitted.

3. The Court is aware that the parties previously filed a joint proposed final pretrial order on December 9, 2009 (D.I. 323). The parties shall file with the Court an updated joint proposed final pretrial order **on or before November 17, 2010**. Attached to this Order is a draft copy of the Magistrate Judge's Final Pretrial and Trial Management Order. Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).

4. The parties shall appear for a Final Pretrial Conference **on December 1, 2010, at 1:00 p.m.** in Courtroom 2A on the 2nd Floor, United States Courthouse, Boggs Federal

Building, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. Local Rule 16.3 shall govern the conference.

     5.     Trial in this matter shall be conducted as follows:

     a.     A five (5) day jury trial on infringement, invalidity, and willfulness will **commence on December 13, 2010, at 9:30 a.m.** in Courtroom 2A on the 2nd Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware, with subsequent trial days beginning at 9:00 a.m. If liability is found, a schedule for briefing and hearing on an injunction will be determined pursuant to D. Del. LR 7.1.2 after entry of a jury verdict.

     b.     A two (2) day bench trial on all issues to be tried to the Court, including inequitable conduct, prosecution history estoppel, ensnarement, vitiation, obviousness-type double patenting, indefiniteness, and standing, will **commence on January 6, 2011, at 9:30 a.m.** in Courtroom 2A on the 2nd Floor, United States Courthouse, Boggs Federal Building, Wilmington, Delaware, with the subsequent trial day beginning at 9:00 a.m.

     c.     On November 4, 2009, Judge Farnan approved the parties' stipulation (D.I. 258) with respect to bifurcation of damages. The Court will hold a damages trial, if necessary, after issuing its rulings on the issues that will be tried in the bench trial. The parties shall confer to determine what, if any, proceedings relating to damages are appropriate and shall report on those discussions within 20 days following the Court's ruling on the issues tried in the bench trial.

     6.     In light of the dates set forth above and consistent with this Order, the parties shall, **no later than July 14, 2010**, provide the Court with a jointly proposed order outlining the remainder of the pretrial schedule. To assist the parties and for ease of reference,

3

attached to this Order is a draft copy of the Magistrate Judge's Rule 16 Scheduling Order.

Delaware counsel are reminded of their obligations to inform out-of-state counsel of this Order. To avoid the imposition of sanctions, counsel shall advise the Court immediately of any problems regarding compliance with this Order.

_____
UNITED STATES MAGISTRATE JUDGE