IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ICU MEDICAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> RYMED TECHNOLOGIES, INC., <br><br> Defendant. | C.A. No. 07-468-LPS |

## VERDICT FORM

I. **INFRINGEMENT**

  A. **INFRINGEMENT OF U.S. PATENT NO. 5,685,866 (THE '866 PATENT)**

  1. Has ICU proven by a preponderance of the evidence that RyMed's original InVision-Plus product literally infringes any of the following claims of the '866 patent?

     Claim 1    Yes  X       No _____

     Claim 3    Yes  X       No _____

     Claim 6    Yes  X       No _____

  2. Has ICU proven by a preponderance of the evidence that RyMed's modified InVision-Plus product (with a helical boot) literally infringes any of the following claims of the '866 patent?

     Claim 1    Yes _____   No  X

     Claim 3    Yes  X       No _____

     Claim 6    Yes  X       No _____

3. Has ICU proven by a preponderance of the evidence that RyMed's modified InVision-Plus product (with a helical boot) infringes any of the following claims of the '866 patent under the doctrine of equivalents?

   Claim 1    Yes __X__    No _____

   Claim 3    Yes __X__    No _____

   Claim 6    Yes __X__    No _____

**B. WILLFUL INFRINGEMENT OF THE '866 PATENT**

4. If you found infringement by RyMed in response to question 1 above, has ICU proven by clear and convincing evidence that RyMed's infringement was willful?

   Claim 1    Yes _____    No __X__

   Claim 3    Yes _____    No __X__

   Claim 6    Yes _____    No __X__

**C. INFRINGEMENT OF U.S. PATENT NO. 5,873,862 (THE '862 PATENT)**

5. Has ICU proven by a preponderance of the evidence that RyMed's original InVision-Plus product is used in a way that literally infringes claim 2 of the '862 patent?

   Yes __X__    No _____

6. Has ICU proven by a preponderance of the evidence that RyMed's modified InVision-Plus product (with a helical boot) is used in a way that literally infringes claim 2 of the '862 patent?

   Yes __X__    No _____

7. Has ICU proven by a preponderance of the evidence that RyMed's modified InVision-Plus product (with a helical boot) is used in a way that infringes claim 2 of the '862 patent under the doctrine of equivalents?

   Yes __X__    No _____

*If you have checked "Yes" in response to one or more of questions 5 - 7 above, continue by responding to questions 8 - 10. If you did not check "Yes" in response to any of questions 5, 6, or 7, skip questions 8 - 10 and go on to question 11.*

8. Has ICU proven by a preponderance of the evidence that RyMed has engaged in contributory infringement of claim 2 of the '862 patent?

    Yes __X__    No _____

9. Has ICU proven by a preponderance of the evidence that RyMed has induced infringement of claim 2 of the '862 patent?

    Yes __X__    No _____

**D. WILLFUL INFRINGEMENT OF THE '862 PATENT**

10. If you found infringement by RyMed in response to question (i) 5 and (ii) either 8 or 9 above, has ICU proven by clear and convincing evidence that RyMed's infringement was willful?

    Yes _____    No __X__

**E. INFRINGEMENT OF U.S. PATENT NO. 6,572,592 (THE '592 PATENT)**

11. Has ICU proven by a preponderance of the evidence that RyMed's original InVision-Plus product is used in a way that literally infringes claim 45 of the '592 patent?

    Yes _____    No __X__

12. Has ICU proven by a preponderance of the evidence that RyMed's modified InVision-Plus product (with a helical boot) is used in a way that literally infringes claim 45 of the '592 patent?

    Yes _____    No __X__

*If you have checked "Yes" in response to one or both of questions 11 and 12 above, continue by responding to questions 13 - 15. If you did not check "Yes" in response to question 11 or 12, skip questions 13 - 15 and continue with question 16.*

13. Has ICU proven by a preponderance of the evidence that RyMed has engaged in contributory infringement of claim 45 of the '592 patent?

   Yes_____    No_____

14. Has ICU proven by a preponderance of the evidence that RyMed has induced infringement of claim 45 of the '592 patent?

   Yes_____    No_____

### F. WILLFUL INFRINGEMENT OF THE '592 PATENT

15. If you found infringement by RyMed in response to question (i) 11 and (ii) either 13 or 14 above, has ICU proven by clear and convincing evidence that RyMed's infringement was willful?

   Yes_____    No_____

## II. INVALIDITY

### A. INVALIDITY BECAUSE OF OBVIOUSNESS

16. Do you find that RyMed has proven by clear and convincing evidence that any of the claims of the asserted patents are invalid on the ground of obviousness?

   Yes_____    No __X__

   If you answered "Yes," please mark the claims you found to be obvious:

   '866 patent claim 1: _____

   '866 patent claim 3: _____

   '866 patent claim 6: _____

   '862 patent claim 2: _____

   '592 patent claim 45: _____

**B.    INVALIDITY BECAUSE OF ANTICIPATION BY PRIOR ART**

17.   Do you find that RyMed has proven by clear and convincing evidence that claim 45 of the '592 patent is invalid because it was anticipated by the prior art?

Yes_____   No _X_

**C.    INVALIDITY BECAUSE OF EARLIER INVENTION**

18.   Do you find that RyMed has proven by clear and convincing evidence that claim 45 of the '592 patent is invalid due to prior invention by another?

Yes_____   No _X_

**D.    INVALIDITY BECAUSE OF IMPROPER DERIVATION**

19.   Do you find that RyMed has proven by clear and convincing evidence that the '592 patent is invalid because the named inventor of the '592 patent derived the invention of that patent from someone else?

Yes_____   No _X_

**E.    INVALIDITY BECAUSE OF IMPROPER INVENTORSHIP**

20.   Do you find that RyMed has proven by clear and convincing evidence that Dennis Bui was an inventor, or a joint inventor, of any claim, or any significant part of any claim, of the '592 patent?

Yes_____   No _X_

UNANIMOUS VERDICT

UPON REACHING A UNANIMOUS VERDICT ON EACH VERDICT FORM QUESTION, EACH JUROR MUST SIGN BELOW

December 17, 2010