IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ICU MEDICAL, INC.,          :
                            :
         Plaintiff,         :
                            :
    v.                      :   Civ. No. 07-468-LPS
                            :
RYMED TECHNOLOGIES, INC.,   :
                            :
         Defendant.         :
_____:

**MEMORANDUM ORDER**

Pending before the Court is Plaintiff ICU Medical, Inc.'s ("ICU") motion requesting reargument (the "Reargument Motion") of Motion in Limine No. 1 to Preclude Non-Infringement Arguments and Evidence on Elements Already Deemed Literally Present in the Modified Invision-Plus Product ("Motion in Limine No. 1"). (D.I. 546) By its Reargument Motion, ICU asks the Court to reconsider its April 10, 2012 oral bench ruling denying Motion in Limine No. 1. (*See* D.I. 545 at 44-45) ICU's Reargument Motion is DENIED.

**I.   LEGAL STANDARDS**

Pursuant to Local Rule 7.1.5, a motion for reconsideration should be granted only "sparingly." The decision to grant such a motion lies squarely within the discretion of the district court. *See Dentsply Int'l, Inc. v. Kerr Mfg. Co.*, 42 F. Supp. 2d 385, 419 (D. Del. 1999); *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1241 (D. Del. 1990). These types of motions are granted only if the court has patently misunderstood a party, made a decision outside the adversarial issues presented by the parties, or made an error not of reasoning but of apprehension. *See Shering Corp. v. Amgen, Inc.*, 25 F. Supp. 2d 293, 295 (D. Del. 1998); *Brambles*, 735 F. Supp. at 1241. "A motion for reconsideration is not properly grounded on a request that a court

rethink a decision already made." *Smith v. Meyers*, 2009 WL 51195928, at *1 (D. Del. Dec. 30, 2009); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). It is not an opportunity to "accomplish repetition of arguments that were or should have been presented to the court previously." *Karr v. Castle*, 768 F. Supp. 1087, 1093 (D. Del. 1991).

A motion for reconsideration may be granted only if the movant can show at least one of the following: (i) there has been an intervening change in controlling law; (ii) the availability of new evidence not available when the court made its decision; or (iii) there is a need to correct a clear error of law or fact to prevent manifest injustice. *See Max's Seafood Café by LouAnn, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). However, in no instance should reconsideration be granted if it would not result in amendment of an order. *See Schering Corp.*, 25 F. Supp. 2d at 295.

## II. DISCUSSION

In its Reargument Motion, ICU contends the Court erred in its ruling and exercise of discretion with respect to issue preclusion. (*See generally* D.I. 546) Having considered ICU's Reargument Motion, and Defendant's response thereto, the Court finds nothing in the motion compelling revisit of the matter. The Court agrees with Defendant that ICU's Reargument Motion "largely just repeats argument that it made in the prior briefing of its Motion in Limine and at the pretrial conference." (D.I. 551 at 2) Accordingly, ICU's Motion is DENIED.

May 4, 2012

_____
UNITED STATES DISTRICT JUDGE