**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ICU MEDICAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 07-468-LPS |
| | ) | |
| v. | ) | |
| | ) | |
| RYMED TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF ICU MEDICAL, INC.'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW OR, IN THE ALTERNATIVE, MOTION FOR NEW TRIAL**

Pursuant to Rules 50 and 59(a) of the Federal Rules of Civil Procedure, Plaintiff ICU Medical, Inc. hereby renews the motion for judgment as a matter of law it made at the close of evidence on May 8, 2012 or, in the alternative, moves for a new trial. The grounds for this motion are set forth in the following points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

On September 30, 2013, this Court issued an order stating "judgment of infringement of claims 1, 3, and 6 of the '866 patent pursuant to the doctrine of equivalents by Defendant RyMed Technologies, Inc.'s ("RyMed") modified InVision-Plus product will be entered against ICU and for RyMed and judgment of infringement of claim 2 of the '862 patent pursuant to the doctrine of equivalents by RyMed's modified InVision-Plus be entered AGAINST ICU and FOR RyMed." (D.I. 571.) Because it is unclear whether this order is a judgment, plaintiff ICU is, out of an abundance of caution, treating it as such. ICU therefore submits this motion renewing its motion for judgment as a matter of law pursuant to Rule 50(b) of the Federal Rules of Civil Procedure or, in the alternative, motion for a new trial pursuant to Rule 59 of the Federal Rules of Civil Procedure at this time to satisfy the timing requirements of Rule 50.

While filing this motion, ICU wants to bring the following facts to the Court's attention. RyMed has assigned its assets to a third party. Its lead counsel has withdrawn from the case. (D.I. 572.) In light of these developments, the parties are discussing what further proceedings may be required before this Court and a schedule for those proceedings. The parties are planning to file a stipulation requesting a stay of this action for 60 days. ICU may seek leave to supplement this filing as part of any proposed scheduling order the parties submit at the conclusion of the stay.

## II. ARGUMENT

### A. Judgment as a Matter of Law Should Be Granted

ICU hereby renews the motion it made at the end of the evidence. (May 8, 2012 Trial Tr. at 396:9-24.) Judgment as a matter of law should be granted because no reasonable jury could conclude that the modified RyMed InVision-Plus product did not literally infringe claims 1, 3, and 6 of the '866 patent in that it was undisputed that the modified product included each of the elements of those claims save a "series of O-ring elements stacked together and connected to form a unitary structure" and that as to this disputed language, in light of the undisputed physical characteristics of the modified product, no reasonable juror could find these elements, as construed by the Court, absent.

### B. A New Trial Should Be Granted

Should the Court decide not to grant judgment as a matter of law, ICU should be granted a new trial. Under Rule 59(d), a court may order a new trial for any reason that would justify granting one on a party's motion. Here, there are two reasons for a new trial.

First, for the reasons set forth in ICU's motion in limine number 1 to preclude non-infringement arguments and evidence on elements already deemed literally present in the modified InVision-Plus product, it was error not to find that O-ring elements are literally present

in the modified inVision-Plus product based on the first jury's verdict of literal infringement of claim 2 of the '862 patent. (D.I. 535-1, Sch. G1; *see also* D.I. 546.) That verdict necessarily required finding the same O-ring elements were present in the accused product. It, therefore, was erroneous not to instruct the jury that O-ring elements are present in the modified InVision-Plus product.

Second, at trial, ICU was precluded from presenting Exhibit PX4, a RyMed drawing for a product that preceded the InVision-Plus, to the jury. (May 8, 2012 Trial Tr. at 338:13-341:12). In that exhibit, RyMed refers to the helix as "spiral disks." This document is inconsistent with the arguments RyMed made at trial about the inability of a helix to be stacked and connected because it is a single spiral. The preclusion of this relevant evidence was unfair to ICU and thus warrants a new trial.

## III. CONCLUSION

As noted above, ICU requests that the Court permit further briefing on these motions, to the extent necessary, after the conclusion of the stay.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

By: */s/ David E. Moore*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19899
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

*Attorneys for Plaintiff ICU Medical, Inc.*

OF COUNSEL:

Karen L. Hagberg
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, NY 10104
Tel: (212) 468-8000

Kimberly N. Van Voorhis
MORRISON & FOERSTER, LLP
755 Page Mill Rd.
Palo Alto, CA 94304
Tel: (650) 813-5600

James P. Bennett
Daniel Zlatnik
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, CA 94105
Tel: (415) 268-7169

Laura L. Kohut
Ronald J. Kohut
KOHUT & KOHUT LLP
600 Anton Blvd., Suite 1075
Costa Mesa, CA 92626
Tel: (714) 384-4130

Dated: October 28, 2013
1128003 / 32116

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I, David E. Moore, hereby certify that on October 28, 2013, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading.

I hereby certify that on October 28, 2013, the attached document was Electronically Mailed to the following person(s):

Richard D. Kirk
Stephen B. Brauerman
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19899
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

*/s/ David E. Moore*
Richard L. Horwitz
David E. Moore
POTTER ANDERSON & CORROON LLP
(302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com

811768 / 32116